# EXHIBIT 1

1   DESMARAIS LLP
    Peter C. Magic (Bar No. 278917)
2   101 California Street, Suite 3070
    San Francisco, CA 94111
3   Telephone: (415) 573-1900
    jdesmarais@desmaraisllp.com
4   pmagic@desmaraisllp.com

5   DESMARAIS LLP
    John M. Desmarais (admitted *pro hac vice*)
6   Ameet A. Modi (admitted *pro hac vice* pending)
    230 Park Avenue
7   New York, NY 10169
    Telephone: (212) 351-3400
8   jdesmarais@desmaraisllp.com
    amodi@desmaraisllp.com
9
    *Attorneys for Defendant Apple Inc.*
10

11

12

13              UNITED STATES DISTRICT COURT

14        FOR THE NORTHERN DISTRICT OF CALIFORNIA

15                    SAN JOSE DIVISION

16

17   VOIP-PAL.COM, INC.,                    Case No. 5:18-cv-06217-LHK

18              Plaintiff,                   **ADMINISTRATIVE MOTION TO**
                                             **CONSIDER WHETHER CASES**
19        v.                                 **SHOULD BE RELATED**

20
     APPLE INC.,
21
                Defendant.
22

23

24

25

26

27

28

# I. **INTRODUCTION**

Pursuant to the Northern District of California's Civil Local Rules 3-12(b) and 7-11, Defendant Apple Inc. ("Apple") files this motion to request that the above-captioned case be related to a recently-filed action that is captioned *Apple Inc. v. VoIP-Pal.com, Inc.*, Case No. 3:20-cv-02460-JSC ("Apple declaratory judgment action"), which has been assigned to Magistrate Judge Corley.  This Court has already granted a similar motion filed by Twitter.  (*See* Doc. 92 in *VoIP-Pal.com, Inc. v. Twitter Inc.*, Case No. 5:18-cv-04523-LHK, deeming that case related to *Twitter Inc. v. VoIP-Pal.com, Inc.*, now captioned as Case No. 5:20-cv-02397-LHK.)

This Court is already familiar with VoIP-Pal.com, Inc. ("VoIP-Pal") and its patents.  In 2018 and 2019, this Court presided over six lawsuits filed by VoIP-Pal that were consolidated into two sets for pretrial purposes:

The "first wave" cases, which the Court deemed related to each other, were filed against the following defendants and involved the assertion of two patents:

- Apple (Case No. 5:18-cv-06217-LHK) (this case);
- Twitter (Case No. 5:18-cv-04523-LHK);
- Verizon Wireless (Case No. 5:18-cv-06054-LHK); and
- AT&T (Case No. 5:18-cv-06177-LHK).

The "second wave cases," which the Court deemed related to each other, were filed against the following defendants and involved the assertion of four additional patents from the same family:

- Apple (Case No. 5:18-cv-06216-LHK); and
- Amazon (Case No. 5:18-cv-07020-LHK).

In a clear effort to avoid this District's prior judgments—to a venue (the Western District of Texas) with which VoIP-Pal has no connection, but that it apparently views as more friendly— VoIP-Pal has recently filed a slew of new lawsuits concerning yet another patent from the same family.  As described herein, both Apple and Twitter have filed declaratory judgment actions against VoIP-Pal in this District.  By this motion, Apple seeks to have its declaratory judgment

1  action deemed related to the earlier actions involving Apple and VoIP-Pal—*i.e.*, the same finding

2  that the Court has already entered in the *Twitter* cases.

## II.  <u>APPLICABLE LEGAL STANDARD</u>

4  "Whenever a party knows or learns that an action, filed in or removed to this district is (or

5  the party believes that the action may be) related to an action which is or was pending in this

6  District as defined in Civil L.R. 3-12(a), the party much promptly file in the lowest-numbered case

7  an Administrative Motion to Consider Whether Cases Should be Related, pursuant to Civil L.R.

8  7-11." Civil L.R. 3-12(b). Under Civil Local Rule 3-12(a), "[a]n action is related to another when:

9  (1) The actions concern substantially the same parties, property, transaction or event; and (2) [i]t

10  appears likely that there will be an unduly burdensome duplication of labor and expense or

11  conflicting results if the cases are conducted before different Judges."  Civil L.R. 3-12(a).

## III.  <u>DISCUSSION</u>

### A.    Factual Background

14  In 2018 and 2019, this Court presided over six lawsuits filed by VoIP-Pal—two against

15  Apple.  In the "first wave" actions filed against Apple, Twitter, AT&T, and Verizon Wireless,

16  VoIP-Pal asserted U.S. Patent Nos. 8,542,815 and 9,179,005 (the "'815 and '005 patents,"

17  respectively), both entitled "Producing Routing Messages For Voice Over IP Communications."

18  The two patents share a common specification.  Defendants filed a Consolidated Motion To

19  Dismiss that the asserted patents are invalid under 35 U.S.C. § 101 for claiming patent ineligible

20  subject matter.  On March 25, 2019, this Court granted Defendants' Motion, found all asserted

21  claims of the '815 and '005 patents invalid, and issued rendered judgment in favor of defendants.

22  (*E.g.*, Case No. 5:18-cv-04523-LHK, Docs. 82 and 84.)  On March 16, 2020, the Court of Appeals

23  for the Federal Circuit affirmed this Court's judgment.  (*Id.*, Doc. 89.)

24  In the "second wave" actions filed against Apple and Amazon, VoIP-Pal asserted U.S.

25  Patents 9,537,762; 9,813,330; 9,826,002; and 9,948,549.  These four asserted patents are related

26  to and share a common specification with the '815 and '005 patents.  Apple and Amazon filed a

27  Consolidated Motion To Dismiss that the four asserted patents in the second wave cases are invalid

28  under 35 U.S.C. § 101.  On November 1, 2019, this Court granted Defendants' Motion, found all

asserted claims of the four asserted patents invalid, and issued rendered judgment in favor of defendants Apple and Amazon. (*E.g.*, Case No. 5:18-cv-06216-LHK, Docs. 114 and 115.) VoIP-Pal has appealed the judgment of invalidity under Section 101, and the appeal is pending.

VoIP-Pal recently began another patent litigation campaign. Between April 2-7, 2020, VoIP-Pal filed four new lawsuits against defendants Facebook, WhatsApp, Google, Amazon, and Apple in the Western District of Texas (the "Texas lawsuits"). In the Texas lawsuits, VoIP-Pal asserts U.S. Patent 10,218,606 ("the '606 patent"), which is also entitled "Producing Routing Messages For Voice Over IP Communications." The '606 patent is in the same family as the six patents asserted in the first and second wave cases.

Apple believes that VoIP-Pal's Texas lawsuits amount to improper forum shopping—a clear attempt to have another Federal Court duplicate, or potentially contradict, this Court's prior decisions. On April 10, 2020, Apple filed a complaint for declaratory judgment of non-infringement and invalidity of the '606 patent. On April 13, 2020, Apple amended its complaint to add counts of declaratory judgment of non-infringement and invalidity of U.S. Patent No. 9,935,872 ("the '872 patent"). The claims of the '606 and '872 patents that are the subject of the new Apple declaratory judgment action are very similar to the claims of the six patents that VoIP-Pal previously asserted against Apple and other defendants in the first and second wave cases. (Apple declaratory judgment action, Doc. 10.) For example, claim 1 of the '606 patent and claim 30 of the '872 patent are very similar to claim 74 of the '005 patent, which was asserted against Apple in the above-captioned action (one of the first wave cases). All three claims set forth methods of routing communications between two participants based on "attributes" or "identifiers" of the participants, matching or comparing the identifiers, and producing a "routing message" that identifies an address associated with first or second network element or a first or second portion of the network. Furthermore, the Apple products or services for which Apple has sought a declaratory judgment of non-infringement and invalidity in the Apple declaratory judgment action are the same as the Apple products and services that Apple accused of infringement in the original "first wave" and "second wave" actions.

1    Apple filed its new declaratory judgment action in this District (Case No. 3:20-cv-02460-

2    JSC) against VoIP-Pal because of the foregoing similarities, VoIP-Pal's recent filing of the Texas

3    lawsuits, and recent public statements by VoIP-Pal that threatened further legal action in the wake

4    of the Federal Circuit's affirmance of this Court's judgment of invalidity of the '815 and '005

5    patents. (Apple declaratory judgment action, Doc. 10.)

6    **B.    Analysis**

7    The Apple declaratory judgment action and the above-captioned action are related cases

8    under Civil L.R. 3-12(a) for at least the same reasons that the Court has deemed related the actions

9    involving Twitter and VoIP-Pal.  (*See* Doc. 92 in *VoIP-Pal.com, Inc. v. Twitter Inc.*, Case No.

10   5:18-cv-04523-LHK, deeming that case related to *Twitter Inc. v. VoIP-Pal.com, Inc.*, now

11   captioned as Case No. 5:20-cv-02397-LHK.)

12   First, the two actions concern the same parties (VoIP-Pal and Apple), substantially the

13   same property (the '606 and '872 patents, which share an overlapping specification with and recite

14   claims very similar to the '815 and '005 patents at issue in the above-captioned case), and

15   substantially the same transaction or event (the question of whether the patents-in-suit, which are

16   in the same family as the patents at issue in the above-captioned case and recite very similar claims,

17   are invalid and/or infringed).

18   Second, given the facts set forth above, it would be an unduly burdensome duplication of

19   labor and expense or conflicting results if the Apple declaratory judgment action were conducted

20   before Magistrate Judge Corley instead of in this Court.  This Court has invested substantial time

21   in analyzing and issuing substantive, dispositive rulings on the six patents that VoIP-Pal asserted

22   in the first and second wave cases, including the '815 and '005 patents involved in the above-

23   captioned action against Apple.  The '606 and '872 patents are in the same family as, and have

24   overlapping specifications as, the '815 and '005 patents asserted in the above-captioned action

25   (and the four other VoIP-Pal patents involved in the first and second wave cases); the claims of

26   the patents are similar as well. There would be substantial duplication of effort and expense and

27   risk of conflicting results of the Apple declaratory judgment action were to proceed before

28   Magistrate Judge Corley, who has no prior familiarity with VoIP-Pal and VoIP-Pal's patents.

| ADMINISTRATIVE MOTION TO CONSIDER | -5- | CASE NO. 5:18-cv-06217-LHK |
| WHETHER CASES SHOULD BE RELATED | | |

For the foregoing reasons, having this Court preside over the Apple declaratory judgment action would conserve judicial resources and promote the efficient resolution of the action.

## IV.  <u>CONCLUSION</u>

Apple respectfully requests a determination that the Apple declaratory judgment action (Case No. 20-cv-02460-JSC) is related to the above-captioned action, and an assignment of the Apple declaratory judgment action to the judge in the above-captioned action.


DATED: April 24, 2020

By: _/s/ Ameet A. Modi_
DESMARAIS LLP
Peter C. Magic (Bar No. 278917)
101 California Street, Suite 3070
San Francisco, CA 94111
Telephone: (415) 573-1900
pmagic@desmaraisllp.com

DESMARAIS LLP
John M. Desmarais (admitted _pro hac vice_)
Ameet A. Modi (admitted _pro hac vice_)
230 Park Avenue
New York, NY 10169
Telephone: (212) 351-3400
jdesmarais@desmaraisllp.com
amodi@desmaraisllp.com

_Attorneys for Defendant Apple Inc._

DESMARAIS LLP
Peter C. Magic (Bar No. 278917)
101 California Street, Suite 3070
San Francisco, CA 94111
Telephone: (415) 573-1900
pmagic@desmaraisllp.com

DESMARAIS LLP
John M. Desmarais (admitted *pro hac vice*)
Ameet A. Modi (admitted *pro hac vice*)
230 Park Avenue
New York, NY 10169
Telephone: (212) 351-3400
jdesmarais@desmaraisllp.com
amodi@desmaraisllp.com

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| VOIP-PAL.COM, INC., | Case No. 5:18-cv-06217-LHK |
| Plaintiff, | **DECLARATION OF AMEET A. MODI IN SUPPORT OF ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |
| v. | |
| APPLE INC., | |
| Defendant. | |

I, Ameet A. Modi, declare as follows:

1. I am an attorney with the law firm of Desmarais LLP, counsel of record in this action for Defendant Apple Inc. ("Apple"). I am a member in good standing of the Bar of the State of New York and am admitted to this Court *pro hac vice*.

2. I submit this declaration in support of Apple's administrative motion under Civil Local Rules 3-12 and 7-11 to consider whether this action should be related to *Apple Inc. v. VoIP-Pal.com, Inc.*, Case No. 3:20-cv-02460-JSC, which is pending before Magistrate Judge Jacqueline Scott Corley of this Court. I have personal knowledge of the matters stated in this declaration and would testify truthfully to them if called upon to do so.

3. On April 22, 2020, I contacted Lewis E. Hudnell III, counsel of record for VoIP-Pal. I asked if VoIP-Pal would stipulate to the motion seeking to have this case related to *Apple Inc. v. VoIP-Pal.com, Inc.*, Case No. 3:-20-cv-02460-JSC. Mr. Hudnell responded that VoIP-Pal would oppose such a motion.

4. Accordingly, Apple was unable to obtain a stipulation.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed at Irvine, California this 24th day of April, 2020.

By: */s/ Ameet A. Modi*
Ameet A. Modi

DESMARAIS LLP
Peter C. Magic (Bar No. 278917)
101 California Street, Suite 3070
San Francisco, CA 94111
Telephone: (415) 573-1900
pmagic@desmaraisllp.com

DESMARAIS LLP
John M. Desmarais (admitted *pro hac vice*)
Ameet A. Modi (admitted *pro hac vice*)
230 Park Avenue
New York, NY 10169
Telephone: (212) 351-3400
jdesmarais@desmaraisllp.com
amodi@desmaraisllp.com

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| VOIP-PAL.COM, INC., | Case No. 5:18-cv-06217-LHK |
| Plaintiff, | **[PROPOSED] ORDER GRANTING APPLE INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |
| v. | |
| APPLE INC., | |
| Defendant. | |

Having considered the Defendant Apple Inc.'s Administrative Motion to consider whether the present action should be related to the action captioned *Apple Inc. v. VoIP-Pal.com, Inc.*, Case No. 3:20-cv-02460-JSC ("Apple Declaratory Judgment action"), under Civil Rules 3-12 and 7-11, and good cause appearing, the Court GRANTS Apple's Administrative Motion.

The Court finds that the present action is related to the Apple Declaratory Judgment action under Civil Local Rule 3-12(a). The Court further finds that the Apple Declaratory Judgment action should be reassigned to the Honorable Lucy Koh pursuant to Civil Local Rule 3-12(f).

IT IS SO ORDERED.


_____, 2020

_____
The Honorable Lucy Koh
UNITED STATES DISTRICT JUDGE

Samir A. Bhavsar (*Pro hac vice*)
Morgan Grissum Mayne (*Pro hac vice*)
**BAKER BOTTS L.L.P**
2001 Ross Avenue, Suite 900
Dallas, Texas 75201
Telephone: (214) 953-6500
Email: samir.bhavsar@bakerbotts.com
Email: morgan.grissum@bakerbotts.com

Wayne O. Stacy
**BAKER BOTTS L.L.P**
101 California Street, Suite 3600
San Francisco, CA 94111
Telephone: (415) 291-6200
Email: wayne.stacy@bakerbotts.com

Lauren J. Dreyer (*Pro hac vice*)
**BAKER BOTTS L.L.P**
700 K Street, N.W.
Washington, DC 20001
Telephone: (202) 639-7700
Email: lauren.dreyer@bakerbotts.com

*Attorneys for Defendant AT&T Corp.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| VOIP-PAL.COM, INC., | Case No. 5:18-cv-06177-LHK |
| Plaintiff, | |
| v. | **ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |
| AT&T CORP., | |
| Defendant. | |

## I.    INTRODUCTION

Pursuant to the Northern District of California's Civil Local Rules 3-12(b) and 7-11, Defendant AT&T Corp. ("AT&T") files this motion to request that the above-captioned case be related to a recently-filed action that is captioned *AT&T Corp. v. VoIP-Pal.com, Inc.*, Case No. 5:20-cv-02995 ("AT&T declaratory judgment action"), which has been assigned to the Honorable Nathanael M. Cousins. This Court has already granted similar motions filed by each of Twitter and Apple. (*See* Dkt. No. 92 in *VoIP-Pal.com, Inc. v. Twitter Inc.*, Case No. 5:18-cv-04523-LHK, deeming that case related to *Twitter Inc. v. VoIP-Pal.com, Inc.*, now captioned as Case No. 5:20-cv-02397-LHK; Dkt. No. 104 in *VoIP-Pal.com, Inc. v. Apple Inc.*, Case No. 5:18-cv-06217-LHK, deeming that case related to *Apple Inc. v. VoIP-Pal.com, Inc.*, now captioned as Case No. 5:20-cv-02460-LHK.)

This Court is already familiar with VoIP-Pal.com, Inc. ("VoIP-Pal"), its patents, and VoIP-Pal's allegations against AT&T. In 2018 and 2019, this Court presided over six lawsuits filed by VoIP-Pal that were consolidated into two waves for pretrial purposes:

The "first wave" cases, which the Court deemed related to each other, were filed against the following defendants and involved the assertion of two patents:

- AT&T (Case No. 5:18-cv-06177-LHK) (this case);
- Apple (Case No. 5:18-cv-06217-LHK);
- Twitter (Case No. 5:18-cv-04523-LHK); and
- Verizon Wireless (Case No. 5:18-cv-06054-LHK).

The "second wave cases," which the Court deemed related to each other, were filed against the following defendants and involved the assertion of four additional patents from the same family:

- Apple (Case No. 5:18-cv-06216-LHK); and
- Amazon (Case No. 5:18-cv-07020-LHK).

VoIP-Pal recently filed a batch of new lawsuits concerning yet another patent from the same family in a different district — the Western District of Texas. VoIP-Pal — a Nevada corporation with a principal place of business in Bellevue, Washington — has no connection to that district. VoIP-Pal's new choice in forum is thus a clear attempt to avoid this District's prior analysis and

judgments on closely related patents.  As described herein, AT&T, Apple, and Twitter have each filed declaratory judgment actions against VoIP-Pal in this District, all of which involve the same patent—US Patent No. 10,218,606.  By this motion, AT&T seeks to have its declaratory judgment action deemed related to the earlier action involving AT&T and VoIP-Pal — i.e., the same finding that the Court has already entered in the Twitter and Apple cases.

## II.    APPLICABLE LEGAL STANDARD

"Whenever a party knows or learns that an action, filed in or removed to this district is (or the party believes that the action may be) related to an action which is or was pending in this District as defined in Civil L.R. 3-12(a), the party must promptly file in the lowest-numbered case an Administrative Motion to Consider Whether Cases Should be Related, pursuant to Civil L.R. 7-11." Civil L.R. 3-12(b).  Under Civil Local Rule 3-12(a), "[a]n action is related to another when: (1) [t]he actions concern substantially the same parties, property, transaction or event; and (2) [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."  Civil L.R. 3-12(a).

## III.   DISCUSSION

### A.    Factual Background

In 2018 and 2019, this Court presided over six lawsuits filed by VoIP-Pal—one against AT&T.  In the "first wave" actions filed against Apple, Twitter, AT&T, and Verizon Wireless, VoIP-Pal asserted U.S. Patent Nos. 8,542,815 and 9,179,005 (the "'815 and '005 patents," respectively), both entitled "Producing Routing Messages For Voice Over IP Communications." The two patents share a common specification.  Defendants filed a Consolidated Motion To Dismiss on the ground that the asserted patents are invalid under 35 U.S.C. § 101 for claiming patent ineligible subject matter.  On March 25, 2019, this Court granted defendants' Motion, found all asserted claims of the '815 and '005 patents invalid, and issued judgment in favor of defendants. (E.g., Case No. 5:18-cv-04523-LHK, Dkt. Nos. 82 and 84.)  On March 16, 2020, the Federal Circuit affirmed this Court's judgment.  (*Id.*, Dkt. No. 89.)

In the "second wave" actions filed against Apple and Amazon, VoIP-Pal asserted U.S. Patent Nos. 9,537,762; 9,813,330; 9,826,002; and 9,948,549.  These four asserted patents are related to and

share a common specification with the '815 and '005 patents. Apple and Amazon filed a Consolidated Motion To Dismiss on the ground that the four asserted patents in the second wave cases are invalid under 35 U.S.C. § 101. On November 1, 2019, this Court granted that Motion, found all asserted claims of the four asserted patents invalid, and issued judgment in favor of defendants Apple and Amazon. (E.g., Case No. 5:18-cv-06216-LHK, Dkt. Nos. 114 and 115.) VoIP-Pal has appealed the judgment of invalidity under Section 101, and the appeal is pending.

VoIP-Pal recently began another patent litigation campaign. Between April 2-24, 2020, VoIP-Pal filed six new lawsuits against defendants Facebook, WhatsApp, Google, Amazon, Apple, AT&T, and Verizon in the Western District of Texas (the "Texas lawsuits"). In the Texas lawsuits, VoIP-Pal asserts U.S. Patent No. 10,218,606 ("the '606 patent"), which is also entitled "Producing Routing Messages For Voice Over IP Communications." The '606 patent is in the same family as, and shares the same specification with, the six patents asserted in the first and second wave cases.

AT&T believes that VoIP-Pal's Texas lawsuits amount to improper forum shopping — a clear attempt to have another federal court duplicate, or potentially contradict, this Court's prior decisions. On April 30, 2020, AT&T filed a complaint for declaratory judgment of noninfringement and invalidity of the '606 patent. The claims of the '606 patent that are the subject of the new AT&T declaratory judgment action are very similar to the claims of the six patents that VoIP-Pal previously asserted against AT&T and other defendants in the first and second wave cases. (AT&T declaratory judgment action, Case No. 5:20-cv-02995, Dkt. No. 1.) For example, claim 1 of the '606 patent is very similar to claim 74 of the '005 patent, which was asserted against AT&T in the above-captioned action (one of the first wave cases). Both claims set forth methods of routing communications between two participants based on "attributes" or "identifiers" of the participants, matching or comparing the identifiers, and producing a "routing message" that identifies an address associated with a first or second network element or a first or second portion of the network. Furthermore, the AT&T products or services for which AT&T has sought a declaratory judgment of noninfringement and invalidity in the AT&T declaratory judgment action are the same as or similar to the AT&T products and services that VoIP-Pal accused AT&T of infringement in the original "first wave" actions.

1    AT&T filed its new declaratory judgment action in this District (Case No. 5:20-cv-02995)

2  against VoIP-Pal because of the foregoing similarities, VoIP-Pal's recent filing of the Texas

3  lawsuits, and recent public statements by VoIP-Pal that threatened further legal action in the wake

4  of the Federal Circuit's affirmance of this Court's judgment of invalidity of the '815 and '005

5  patents.  (AT&T declaratory judgment action, Case No. 5:20-cv-02995, Dkt. No. 1., Ex. 7)

6    **B.    Analysis**

7    The AT&T declaratory judgment action and the above-captioned action are related cases

8  under Civil L.R. 3-12(a) for at least the same reasons that the Court has deemed related the actions

9  involving Twitter, Apple, and VoIP-Pal.  (*See* Dkt. No. 92 in *VoIP-Pal.com, Inc. v. Twitter Inc.*,

10  Case No. 5:18-cv-04523-LHK, deeming that case related to *Twitter Inc. v. VoIP-Pal.com, Inc.*, now

11  captioned as Case No. 5:20-cv-02397-LHK and involving the '606 patent; Dkt. No. 104 in *VoIP-*

12  *Pal.com, Inc. v. Apple Inc.*, Case No. 5:18-cv-06217-LHK, deeming that case related to *Apple Inc.*

13  *v. VoIP-Pal.com, Inc.*, now captioned as Case No. 5:20-cv-02460-LHK and also involving the '606

14  patent.)  First, the two actions concern overlapping parties (VoIP-Pal and AT&T),[1] substantially the

15  same property (the '606 patent, which shares an overlapping specification with and recites claims

16  very similar to the '815 and '005 patents at issue in the above-captioned case), and substantially the

17  same transaction or event (the question of whether the patent-in-suit, which is in the same family as

18  the patents-at-issue in the above-captioned case and recites very similar claims, is invalid and/or

19  infringed).

20    Second, given the facts set forth above, it would be an unduly burdensome duplication of

21  labor and expense if the AT&T declaratory judgment action were conducted before the Honorable

22  Nathanael M. Cousins instead of before the Honorable Lucy J. Koh in this Court.  It also would risk

23  conflicting results.  Judge Koh has invested substantial time in analyzing and issuing substantive,

24  dispositive rulings on the six patents that VoIP-Pal asserted in the first and second wave cases,

25  including the '815 and '005 patents involved in the above-captioned action against AT&T.  The

26  '606 patent is in the same family as, and has an overlapping specification with, the '815 and '005

27

28  [1] The AT&T declaratory judgment action includes two additional AT&T entities—AT&T Services, Inc. and AT&T Mobility LLC.

1   patents asserted in the above-captioned action (and the four other VoIP-Pal patents involved in the

2   first and second wave cases); the claims of the patents are similar as well.  There would be

3   substantial duplication of effort and expense and risk of conflicting decisions (e.g., regarding patent

4   eligibility) if the AT&T declaratory judgment action were to proceed before Judge Cousins, who

5   has no prior familiarity with VoIP-Pal and VoIP-Pal's patents.

6       For the foregoing reasons, having Judge Koh preside over the AT&T declaratory judgment

7   action would conserve judicial resources and promote the efficient resolution of the action.

8   **IV.    CONCLUSION**

9       AT&T respectfully requests a determination that the AT&T declaratory judgment action

10  (Case No. 5:20-cv-02995) is related to the above-captioned action, and an assignment of the AT&T

11  declaratory judgment action to the judge in the above-captioned action.

12

13  Dated: May 5, 2020                                  **BAKER BOTTS L.L.P.**

14                                                      */s/ Samir A. Bhavsar*
                                                        Samir A. Bhavsar (*Pro hac vice*)
15                                                      samir.bhavsar@bakerbotts.com
                                                        Morgan Grissum Mayne (*Pro hac vice*)
16                                                      morgan.grissum@bakerbotts.com
                                                        2001 Ross Avenue, Suite 900
17                                                      Dallas, Texas 75201
                                                        (214) 953-6500
18
                                                        Wayne O. Stacy
19                                                      wayne.stacy@bakerbotts.com
                                                        101 California Street, Suite 3600
20                                                      San Francisco, CA 94111
                                                        (415) 291-6200
21
                                                        Lauren J. Dreyer (*Pro hac vice*)
22                                                      lauren.dreyer@bakerbotts.com
                                                        700 K Street, N.W.
23                                                      Washington, DC 20001
                                                         (202) 639-7700
24
                                                        *Attorneys for Defendant AT&T Corp.*
25

26

27

28

1

<u>**CERTIFICATE OF SERVICE**</u>

2    I hereby certify that on May 5, 2020, I served the forgoing **ADMINISTRATIVE MOTION**

3 **TO CONSIDER WHETHER CASES SHOULD BE RELATED** via U.S. Mail and electronic

4 mail pursuant to Civil Local Rule 5-1(h)(2) on:

5

6    Lewis E. Hudnell, III
     Hudnell Law Group
     800 W. El Camino Real, Suite 180

7    Mountain View, CA 94040
     Email: Lewis@hudnelllaw.com

8

9

10                                    */s/ Samir A. Bhavsar*
                                      Samir A. Bhavsar

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED | 7 | CASE NO. 5:18-cv-06177-LHK |

Samir A. Bhavsar (*Pro hac vice*)
Morgan Grissum Mayne (*Pro hac vice*)
**BAKER BOTTS L.L.P**
2001 Ross Avenue, Suite 900
Dallas, Texas 75201
Telephone: (214) 953-6500
Email: samir.bhavsar@bakerbotts.com
Email: morgan.mayne@bakerbotts.com

Wayne O. Stacy
**BAKER BOTTS L.L.P**
101 California Street, Suite 3600
San Francisco, CA 94111
Telephone: (415) 291-6200
Email: wayne.stacy@bakerbotts.com

Lauren J. Dreyer (*Pro hac vice*)
**BAKER BOTTS L.L.P.**
700 K Street, N.W.
Washington, DC 20001
Telephone: (202) 639-7700
Email: lauren.dreyer@bakerbotts.com

*Attorneys for Defendant AT&T Corp.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| VOIP-PAL.COM, INC., | Case No. 5:18-cv-06177-LHK |
| Plaintiff, | |
| v. | **DECLARATION OF MORGAN G. MAYNE IN SUPPORT OF ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |
| AT&T CORP., | |
| Defendant. | |

1

2     I, Morgan Grissum Mayne, declare as follows:

3     1.     I am an attorney with the law firm of Baker Botts LLP, counsel of record in this

4 action for Defendant AT&T Corp. ("AT&T").  I am a member in good standing of the Bar of the

5 State of Texas and am admitted to this Court *pro hac vice.*

6     2.     I submit this declaration in support of AT&T's administrative motion under Civil

7 Local Rules 3-12 and 7-11 to consider whether this action should be related to *AT&T Corp., et al.*

8 *v. VoIP-Pal.com, Inc*., Case No. 5:20-cv-02995-NC, which is pending before Magistrate Judge

9 Nathaniel M. Cousins of this Court.  I have personal knowledge of the matters stated in this

10 declaration and would testify truthfully to them if called upon to do so.

11    3.     On May 4, 2020, I contacted Lewis E. Hudnell III, counsel of record for VoIP-Pal.

12 I asked if VoIP-Pal would stipulate to the motion seeking to have this case related to *AT&T Corp.,*

13 *et al. v. VoIP-Pal.com, Inc*., Case No. 5:20-cv-02995-NC.  Mr. Hudnell responded that VoIP-Pal

14 would oppose such a motion.

15    4.     Accordingly, AT&T was unable to obtain a stipulation.

16    I declare under penalty of perjury under the laws of the United States that the foregoing is

17 true and correct to the best of my knowledge.

18    Executed at Dallas, Texas this 5th day of May, 2020.

19

20                          By: */s/ Morgan Grissum Mayne*
                                 Morgan Grissum Mayne

21

22

23

24

25

26

27

28

Samir A. Bhavsar (*Pro hac vice*)
Morgan Grissum Mayne (*Pro hac vice*)
**BAKER BOTTS L.L.P**
2001 Ross Avenue, Suite 900
Dallas, Texas 75201
Telephone: (214) 953-6500
Email: samir.bhavsar@bakerbotts.com
Email: morgan.grissum@bakerbotts.com

Wayne O. Stacy
**BAKER BOTTS L.L.P**
101 California Street, Suite 3600
San Francisco, CA 94111
Telephone: (415) 291-6200
Email: wayne.stacy@bakerbotts.com

Lauren J. Dreyer (*Pro hac vice*)
**BAKER BOTTS L.L.P**
700 K Street, N.W.
Washington, DC 20001
Telephone: (202) 639-7700
Email: lauren.dreyer@bakerbotts.com

***Attorneys for Defendant AT&T Corp.***

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| VOIP-PAL.COM, INC., | Case No. 5:18-cv-06177-LHK |
| Plaintiff, | |
| v. | **[PROPOSED] ORDER GRANTING AT&T CORP.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |
| AT&T CORP., | |
| Defendant. | |

1      Having heard the Defendant AT&T Corp.'s ("AT&T") Administrative Motion to consider

2  whether the present action should be related to the action captioned *AT&T Corp., AT&T Services,*

3  *Inc., and AT&T Mobility LLC v. VoIP-Pal.com, Inc.*, Case No. 5:20-cv-02995 ("AT&T Declaratory

4  Judgment Action"), under Civil Local Rules 3-12 and 7-11, and good cause appearing, the Court

5  **GRANTS** AT&T's Administrative Motion.

6      The Court finds that the present action is related to the AT&T Declaratory Judgment Action

7  under Civil Local Rule 3-12(a).  The Court further finds that the AT&T Declaratory Judgment

8  Action should be reassigned to the Honorable Lucy Koh pursuant to Civil Local Rule 3-12(f).

9      **IT IS SO ORDERED**.

10

11  _____, 2020           _____

12                        The Honorable Lucy Koh
                              UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   VENABLE LLP
    Frank C. Cimino, Jr. (*pro hac vice*)
2   fccimino@venable.com
    Megan S. Woodworth (*pro hac vice*)
3   mswoodworth@venable.com
    600 Massachusetts Ave., NW
4   Washington, D.C. 20001
    Telephone: (202) 344-4000
5   Facsimile: (202) 344-8300

6   William A. Hector (SBN 298490)
    wahector@venable.com
7   101 California Street, Suite 3800
    San Francisco, CA 94111
8   Telephone:    (415) 653-3750
    Facsimile:    (415) 653-3755

9
    *Attorneys for Defendant*
10  CELLCO PARTNERSHIP d/b/a Verizon Wireless

11

12              **UNITED STATES DISTRICT COURT**
              **NORTHERN DISTRICT OF CALIFORNIA**
13                    **SAN JOSE DIVISION**

14

15  VOIP-PAL.COM, INC.,                         CASE NO. 5:18-cv-06054-LHK

16                        Plaintiff,

17              v.                              **ADMINISTRATIVE MOTION TO**
                                               **CONSIDER WHETHER CASES**
18  CELLCO PARTNERSHIP d/b/a Verizon            **SHOULD BE RELATED**
    Wireless,
19
                        Defendant.
20

21

22

23

24

25

26

27

28

---

ADMINISTRATIVE MOTION TO CONSIDER            CASE NO. 5:18-cv-06054-LHK
WHETHER CASES SHOULD BE RELATED

VENABLE LLP
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415-653-3750

## I.    **INTRODUCTION**

Pursuant to the Northern District of California's Civil Local Rules 3-12(b) and 7-11, Defendant Cellco Partnership d/b/a Verizon Wireless ("Verizon") requests that the above-captioned case be related to a recently-filed action captioned *Cellco Partnership d/b/a Verizon Wireless v. VoIP-Pal.com, Inc.,* Case No. 3:20-cv-03092-JCS (the "Verizon declaratory judgment action"), which is assigned to Magistrate Judge Joseph C. Spero. This Court has granted similar motions filed by Twitter and Apple. *See* Dkt. No. 92 in *VoIP-Pal.com, Inc. v. Twitter Inc.,* Case No. 5:18-cv-04523-LHK, deeming that case related to *Twitter Inc. v. VoIP-Pal.com, Inc.,* now captioned Case No. 5:20-cv-02397-LHK; Dkt. No. 104 in *VoIP-Pal.com, Inc. v Apple Inc.*, Case No. 5:18-cv-06217-LHK deeming that case related to *Apple Inc. v. VoIP-Pal.com, Inc.* now captioned Case No. 5:20-cv-02460-LHK. AT&T also filed a similar motion on May 5, 2020. Dkt. No. 83 in *VoIP-Pal.com, Inc. v. AT&T Corp.*, Case No. 5:18-cv-06177-LHK, to consider whether that case should be related to *AT&T Corp. et al v. Voip-Pal.com, Inc.*, Case No. 5:20-cv-02995-NC.

This Court is already familiar with VoIP-Pal.com, Inc. ("VoIP-Pal") and its patents. In 2018 and 2019, this Court presided over six lawsuits filed by VoIP-Pal that were consolidated into two sets for pretrial purposes:

A "first wave" of cases, which the Court deemed related to each other, were filed by VoIP-Pal against the following defendants and involved the assertion of two patents:

- Verizon (Case No. 5:18-cv-06054-LHK) (this case);

- Twitter (Case No. 5:18-cv-04523-LHK);

- AT&T (Case No. 5:18-cv-06177-LHK); and

- Apple (Case No. 5:18-cv-06217-LHK).

A "second wave" of cases, which the Court deemed related to each other, were filed against the following defendants and involved the assertion of four additional patents from the same family:

- Apple (Case No. 5:18-cv-06216-LHK); and

- Amazon (Case No. 5:18-cv-07020-LHK).

1

VoIP-Pal recently filed new lawsuits in the United States District Court for the Western District of Texas concerning a seventh patent from the same family—U.S. Patent No. 10,218,606 (the "'606 patent"). VoIP-Pal is a Nevada corporation with a principal place of business in Bellevue, Washington and has no connection to that district. VoIP-Pal filed the Western District of Texas cases in an effort to avoid this District's prior judgments. Verizon, AT&T, Apple, and Twitter have now filed declaratory judgment actions against VoIP-Pal in this District, all of which involve the '606 patent. Verizon seeks to have its declaratory judgment action deemed related to the earlier action involving Verizon and VoIP-Pal and assigned to Judge Koh—the same order the Court entered in the *Twitter* and *Apple* cases.

## II. <u>APPLICABLE LEGAL STANDARD</u>

"Whenever a party knows or learns that an action, filed in or removed to this district is (or the party believes that the action may be) related to an action which is or was pending in this District as defined in Civil L.R. 3-12(a), the party much promptly file in the lowest-numbered case an Administrative Motion to Consider Whether Cases Should be Related, pursuant to Civil L.R. 7-11." Civil L.R. 3-12(b). Under Civil Local Rule 3-12(a), "[a]n action is related to another when: (1) The actions concern substantially the same parties, property, transaction or event; and (2) [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."

## III. <u>DISCUSSION</u>

### A.     Factual Background

In 2018 and 2019, this Court presided over six lawsuits filed by VoIP-Pal—one against Verizon. In the "first wave" actions filed against Verizon, Twitter, AT&T, and Apple, VoIP-Pal asserted U.S. Patent Nos. 8,542,815 and 9,179,005 (the "'815 and '005 patents," respectively), both entitled "Producing Routing Messages For Voice Over IP Communications." The two patents share a common specification. Defendants filed a Consolidated Motion To Dismiss that the asserted patents as invalid under 35 U.S.C. § 101. Case No. 5:18-cv-06054-LHK, Dkt. No. 123. On March 25, 2019, this Court granted the defendants' Motion, found all asserted claims of the '815 and '005 patents invalid, and rendered judgment in favor of the defendants. Case No. 5:18-

2

VENABLE LLP
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415-653-3750

cv-06054-LHK, Dkt. Nos. 134, 135. On March 16, 2020, the Court of Appeals for the Federal Circuit affirmed this Court's judgment. Case No. 5:18-cv-04523-LHK, Dkt. No. 89.

In the "second wave" actions filed against Apple and Amazon, VoIP-Pal asserted U.S. Patents 9,537,762; 9,813,330; 9,826,002; and 9,948,549. These four asserted patents are related to and share a common specification with the '815 and '005 patents. Apple and Amazon filed a Consolidated Motion To Dismiss the four asserted patents in the second wave cases as invalid under 35 U.S.C. § 101. On November 1, 2019, this Court granted Defendants' Motion, found all asserted claims of the four asserted patents invalid, and rendered judgment in favor of defendants Apple and Amazon. *E.g.*, Case No. 5:18-cv-06216-LHK, Dkt. Nos. 114 and 115. VoIP-Pal appealed the judgment of invalidity under Section 101, and the appeal is pending.

VoIP-Pal recently began another patent litigation campaign. Between April 2-24, 2020, VoIP-Pal filed six new lawsuits against defendants Facebook, WhatsApp, Google, Amazon, Apple, AT&T, and Verizon in the Western District of Texas (the "Texas lawsuits"). In the Texas lawsuits, VoIP-Pal asserts the '606 patent, which is also entitled "Producing Routing Messages For Voice Over IP Communications." The '606 patent is in the same family as the six patents asserted in the first and second wave cases.

Verizon believes that VoIP-Pal's Texas lawsuits amount to improper forum shopping— a clear attempt to have another Federal Court contradict this Court's prior decisions. On May 5, 2020, Verizon filed a complaint for declaratory judgment of non-infringement and invalidity of the '606 patent. The claims of the '606 patent that are the subject of the Verizon declaratory judgment action are very similar to the claims of the six patents that VoIP-Pal previously asserted against Verizon and other defendants in the first and second wave cases. Verizon declaratory judgment action, Dkt. No. 1. For example, claim 1 of the '606 patent is very similar to claim 74 of the '005 patent, which was asserted against Verizon in the above-captioned action. Both claims recite methods of routing communications between two participants based on "attributes" or "identifiers" of the participants, matching or comparing the identifiers, and producing a "routing message" that identifies an address associated with first or second network element or a first or second portion of the network. Furthermore, the Verizon products or services for which

VENABLE LLP
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415-653-3750

3

1    Verizon seeks a declaratory judgment of non-infringement and invalidity in the Verizon

2    declaratory judgment action are the same as or similar to the Verizon products and services that

3    VoIP-Pal accused this action.  Verizon declaratory judgment action, Dkt. No. 1 at ¶ 33.

4           Verizon filed the declaratory judgment action against VoIP-Pal in this District because of

5    the foregoing similarities, VoIP-Pal's filing of the Texas lawsuits, and recent public statements

6    by VoIP-Pal that threaten further legal action in the wake of the Federal Circuit's affirmance of

7    this Court's judgment of invalidity of the '815 and '005 patents. Verizon Wireless declaratory

8    judgment action, Dkt. No. 1-8.

9           **B.    Analysis**

10          The Verizon declaratory judgment action and the above-captioned action are related cases

11   under Civil L.R. 3-12(a) for at least the same reasons that the Court has deemed related the actions

12   involving Twitter, Apple, and VoIP-Pal.  *See VoIP-Pal.com, Inc. v. Twitter Inc.*, Case No. 5:18-

13   cv-04523-LHK, Dkt. No. 92 (deeming that case related to *Twitter Inc. v. VoIP-Pal.com, Inc.*,

14   now captioned as Case No. 5:20-cv-02397-LHK); *VoIP-Pal.com, Inc. v. Apple Inc.*, Case No.

15   5:18-cv-06217-LHK, Dkt. No. 104 (deeming that case related to *Apple Inc. v. VoIP-Pal.com,

16   Inc.*, now captioned as Case No. 5:20-cv-02460-LHK).

17          First, the two actions concern the same parties (VoIP-Pal and Verizon), substantially the

18   same property (the '606 patent which shares an overlapping specification with and recites claims

19   very similar to the '815 and '005 patents at issue in the above-captioned case), and substantially

20   the same transaction or event (the question of whether the patents-in-suit, which are in the same

21   family as the patents at issue in the above-captioned case and recite very similar claims, are

22   invalid and/or infringed).

23          Second, Judge Koh has invested substantial time in analyzing and issuing detailed,

24   dispositive rulings on the six patents that VoIP-Pal asserted in the first and second wave cases,

25   including the '815 and '005 patents involved in the above-captioned action against Verizon.

26   There would be substantial duplication of effort and expense and risk of conflicting results if the

27   Verizon declaratory judgment action were to proceed before Magistrate Judge Spero, who has

28   no prior familiarity with VoIP-Pal and VoIP-Pal's patents.  For the foregoing reasons, having

V E N A B L E   L L P
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA  94111
415-653-3750

4

this Court preside over the Verizon declaratory judgment action would conserve judicial resources and promote the efficient resolution of the action.

## IV.   <u>CONCLUSION</u>

Verizon respectfully requests a determination that the Verizon declaratory judgment action (Case No. 3:20-cv-03092-JCS) is related to the above-captioned action, and an assignment of the Verizon declaratory judgment action to Judge Koh in the above-captioned action.

Dated: May 8, 2020                                    VENABLE LLP


By:   */s/ William A. Hector*
Frank C. Cimino, Jr. (*pro hac vice*)
fccimino@venable.com
Megan S. Woodworth (*pro hac vice*)
mswoodworth@venable.com
600 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone:  (202) 344-4000
Facsimile:  (202) 344-8300

William A. Hector (SBN 298490)
wahector@venable.com
101 California Street, Suite 3800
San Francisco, CA  94111
Telephone:     (415) 653-3750
Facsimile:      (415) 653-3755

*Attorneys for Defendant*
CELLCO PARTNERSHIP d/b/a Verizon Wireless

ADMINISTRATIVE MOTION TO CONSIDER
WHETHER CASES SHOULD BE RELATED

CASE NO. 5:18-cv-06054-LHK

VENABLE LLP
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA  94111
415-653-3750

VENABLE LLP
Frank C. Cimino, Jr. (*pro hac vice*)
fccimino@venable.com
Megan S. Woodworth (*pro hac vice*)
mswoodworth@venable.com
600 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 344-4000
Facsimile: (202) 344-8300

William A. Hector (SBN 298490)
wahector@venable.com
101 California Street, Suite 3800
San Francisco, CA 94111
Telephone: (415) 653-3750
Facsimile: (415) 653-3755

*Attorneys for Defendant*
CELLCO PARTNERSHIP d/b/a Verizon Wireless

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| VOIP-PAL.COM, INC., | CASE NO. 5:18-cv-06054-LHK |
| Plaintiff, | |
| v. | **W. HECTOR DECLARATION ISO ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |
| CELLCO PARTNERSHIP d/b/a Verizon Wireless, | |
| Defendant. | |

**V E N A B L E L L P**
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415-653-3750

I, William Hector, declare as follows:

1.      I am an attorney at the law firm of Venable LLP, counsel of record in this action for Defendant Cellco Partnership d/b/a Verizon Wireless ("Verizon").  I am a member in good standing of the Bar of the State of California.

2.      I submit this declaration in support of Verizon's administrative motion under Civil Local Rules 3-12(b) and 7-11 to consider whether this action should be related to *Cellco Partnership d/b/a Verizon Wireless v. VoIP-Pal.com, Inc.,* Case No. 3:20-cv-03092-JCS, which is pending before Magistrate Judge Joseph C. Spero ("Administrative Motion").  I have personal knowledge of the matters stated in this declaration and would testify truthfully to them if called upon to do so.

3.      On May 8, 2020, I contacted Lewis E. Hudnell III, counsel of record for VoIP-Pal.com, Inc.  I asked if VoIP-Pal would stipulate to the motion seeking to have this case related to *Cellco Partnership d/b/a Verizon Wireless v. VoIP-Pal.com, Inc.,* Case No. 3:20-cv-03092-JCS. Mr. Hudnell responded that VoIP-Pal would oppose such a motion.

4.      Accordingly, Verizon was unable to obtain a stipulation.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed at San Francisco, California, this 8th day of May 2020.


By: */s/ William A. Hector*
William A. Hector

VENABLE LLP
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA  94111
415-653-3750

1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| VOIP-PAL.COM, INC., | CASE NO. 5:18-cv-06054-LHK |
| Plaintiff, | |
| v. | **[PROPOSED] ORDER GRANTING VERIZON'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |
| CELLCO PARTNERSHIP d/b/a Verizon Wireless, | |
| Defendant. | |

1       Having considered the Defendant Cellco Partnership d/b/a Verizon Wireless ("Verizon")'s

2 Administrative Motion to consider whether the present action should be related to the action

3 captioned, *Cellco Partnership d/b/a Verizon Wireless v. VoIP-Pal.com, Inc.,* Case No. 3:20-cv-

4 03092-JCS ("Verizon Declaratory Judgment action"), under Civil Local Rules 3- 12 and 7-11, and

5 good cause appearing, the Court GRANTS Verizon's Administrative Motion.

6       The Court finds that the present action is related to the Verizon Declaratory Judgment

7 action under Civil Local Rule 3-12(a). The Court further finds that the Verizon Declaratory

8 Judgment action should be reassigned to the Honorable Lucy Koh pursuant to Civil Local Rule 3-

9 12(f).

10       IT IS SO ORDERED.

11

12  May __, 2020

13                             The Honorable Lucy H. Koh

                                 UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER GRANTING VERIZON'S
ADMINISTRATIVE MOTION                             CASE NO. 5:18-cv-06054-LHK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VOIP-PAL.COM, INC., | Case No. 18-CV-04523-LHK |
| Plaintiff, | **JUDGMENT** |
| v. | |
| TWITTER INC., | |
| Defendant. | |

On March 25, 2019, the Court granted Defendant's omnibus motion to dismiss. ECF No. 82. The Court ruled that the asserted claims of U.S. Patent Nos. 8,542,815 and 9,179,005 are invalid under 35 U.S.C. § 101. Accordingly, the Clerk shall enter judgment in favor of Defendant. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: March 25, 2019

_Lucy H. Koh_

LUCY H. KOH
United States District Judge

1