# EXHIBIT 2

Nos. 18-1456, -1457

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FEDERAL CIRCUIT

APPLE INC.,

*Appellant,*

v.

VOIP-PAL.COM, INC.,

*Appellee,*

ANDREI IANCU, Director, U.S. Patent and Trademark Office,

*Intervenor.*

On Appeal from the United States Patent and Trademark Office,
Patent Trial and Appeal Board, in Case Nos. IPR2016-01198, IPR2016-01201

## SUGGESTION OF MOOTNESS

Adam P. Seitz
Eric A. Buresh
ERISE IP, P.A.
7015 College Blvd., Suite 700
Overland Park, KS  66211
Phone: 913.777.5600

Paul R. Hart
ERISE IP, P.A.
5600 Greenwood Plaza Blvd., Suite 200
Greenwood Village, CO  80111
Phone: 913.777.5600

Mark A. Perry
   *Principal Attorney*
Brian M. Buroker
Andrew J. Wilhelm
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036-5306
Phone: 202.887.3667

Ryan Iwahashi
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA  94304-1211
Phone: 650.849.5300

*Counsel for Apple Inc.*

## CERTIFICATE OF INTEREST

Counsel for appellee Apple Inc. certifies the following:

1.      Full Name of Party Represented by me:

Apple Inc.

2.      Name of Real Party in interest (Please only include any real party in interest NOT identified in Question 3) represented by me is:

N/A

3.      Parent corporations and publicly held companies that own 10% or more of stock in the party:

N/A

4.      The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court (and who have not or will not enter an appearance in this case) are:

Erise IP, P.A.: Adam P. Seitz, Eric A. Buresh, Paul R. Hart

5.      The title and number of any case known to counsel to be pending in this or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal are:

*Voip-Pal.com, Inc. v. Twitter, Inc.*, No. 19-1808 (Fed. Cir.);

*Voip-Pal.com, Inc. v. Cellco Partnership*, No. 19-1812 (Fed. Cir.);

*Voip-Pal.com, Inc. v. AT&T Corp.*, No. 19-1813 (Fed. Cir.);

*Voip-Pal.com, Inc. v. Apple Inc.*, No. 19-1814 (Fed. Cir.);

*Apple Inc. v. Voip-Pal.com, Inc.*, No. 18-1456 (Fed. Cir.);

*Apple Inc. v. Voip-Pal.com, Inc.*, No. 18-1457 (Fed. Cir.);

*Voip-Pal.com, Inc. v. Amazon.com, Inc.*, No. 5:18-cv-7020 (N.D. Cal.);

*Voip-Pal.com, Inc. v. Apple Inc.*, No. 5:18-cv-6216 (N.D. Cal.);

*Apple Inc. v. Voip-Pal.com, Inc.*, No. IPR2016-00198 (P.T.A.B.);

*Apple Inc. v. Voip-Pal.com, Inc.*, No. IPR2016-01201 (P.T.A.B.).


Dated:  June 4, 2020                               */s/ Mark A. Perry*
                                                            Mark A. Perry

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................1

BACKGROUND .........................................................................................2

ARGUMENT ...............................................................................................6

    I.    The Court Lacks Article III Jurisdiction To Decide
Obviousness.......................................................................................7

        A.    As To The Overlapping Claims, The Question Of
Obviousness Is Clearly Moot.....................................................9

        B.    The Question Of Obviousness As To The Non-
Overlapping Claims Also Appears To Be Moot.......................11

    II.    Lack Of Jurisdiction To Decide Obviousness Requires
Vacatur Of The FWDs And Related Sanctions Orders.......................14

CONCLUSION ..........................................................................................16

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*A.L. Mechling Barge Lines, Inc. v. United States*,
368 U.S. 324 (1961)................................................................................14

*Bd. of License Comm'rs of Town of Tiverton v. Pastore*,
469 U.S. 238 (1985).................................................................................1

*Berkheimer v. HP Inc.*,
890 F.3d 1369 (Fed. Cir. 2018) ...............................................................9

*Bilski v. Kappos*,
561 U.S. 593 (2010).................................................................................9

*Calderon v. Moore*,
518 U.S. 149 (1996).................................................................................7

*CyberSource Corp. v. Retail Decisions, Inc.*,
620 F. Supp. 2d 1068 (N.D. Cal. 2009)..................................................10

*Exergen Corp. v. Thermomedics, Inc.*,
132 F. Supp. 3d 200 (D. Mass. 2015).....................................................10

*FEC v. Wis. Right To Life, Inc.*,
551 U.S. 449 (2007)............................................................................7, 16

*In re Katz Interactive Call Processing Patent Litig.*,
639 F.3d 1303 (Fed. Cir. 2011) ..............................................................11

*Lewis v. Cont'l Bank Corp.*,
494 U.S. 472 (1990).................................................................................7

*Momenta Pharm., Inc. v. Bristol-Myers Squibb Co.*,
915 F.3d 764 (Fed. Cir. 2019) ............................................................7, 9

*Preiser v. Newkirk*,
422 U.S. 395 (1975)................................................................................10

# TABLE OF AUTHORITIES
(continued)

Page(s)

*Return Mail, Inc. v. U.S. Postal Serv.*,
   868 F.3d 1350 (Fed. Cir. 2017) ...........................................................9

*SimpleAir, Inc. v. Google LLC*,
   884 F.3d 1160 (Fed. Cir. 2018) .........................................................11

*Smartflash LLC v. Apple Inc.*,
   680 F. App'x 977 (Fed. Cir. 2017) ...................................................10

*Stone v. FDIC*,
   179 F.3d 1368 (Fed. Cir. 1999) ...........................................................4

*Synopsys, Inc. v. Lee*,
   812 F.3d 1076 (Fed. Cir. 2016) ....................................................7, 14

*United States v. Munsingwear, Inc.*,
   340 U.S. 36 (1950)..........................................................................2, 14

*Valspar Sourcing, Inc. v. PPG Indus., Inc.*,
   780 F. App'x 917 (Fed. Cir. 2019) ...........................................14, 15

*Voip-Pal.com, Inc. v. Apple Inc.*,
   375 F. Supp. 3d 1110 (N.D. Cal. 2019)........................................1, 5

*Voip-Pal.com, Inc. v. Twitter, Inc.*,
   798 F. App'x 644 (Fed. Cir. 2020) .........................................5, 6, 9

## Regulations

37 C.F.R. § 42.12(b) ...................................................................................4

## INTRODUCTION

A recent decision in a related appeal deprives the Court of Article III jurisdiction to decide these consolidated appeals, which are scheduled for argument on July 8, 2020. *See Bd. of License Comm'rs of Town of Tiverton v. Pastore*, 469 U.S. 238, 240 (1985) ("When a development . . . could have the effect of depriving the Court of jurisdiction due to the absence of a continuing case or controversy, that development should be called to the attention of the Court without delay.") (emphasis omitted).

In these appeals, Apple Inc. challenges the Patent Trial and Appeal Board's final written decisions concluding that certain claims of two patents owned by Voip-Pal.com, Inc. are not invalid as obvious, as well as related orders regarding sanctions for Voip-Pal's misconduct during the Board proceedings. Separately, this Court recently affirmed a district court's determination that representative claims of the same patents are ineligible for patenting under 35 U.S.C. § 101. *See Voip-Pal.com, Inc. v. Apple Inc.*, 375 F. Supp. 3d 1110 (N.D. Cal. 2019), *aff'd sub nom. Voip-Pal.com, Inc. v. Twitter, Inc.*, 798 F. App'x 644 (Fed. Cir. 2020). Voip-Pal's petition for rehearing was denied on May 18, 2020.

As Apple predicted in its merits briefing, this Court's affirmance of the ineligibility determination in the parallel litigation renders moot these appeals from the PTAB's patentability and sanctions determinations. *See* BB44 n.4; YB1 n.1.

Because the claims asserted by Voip-Pal against Apple are not drawn to patent-eligible subject matter, deciding whether the purported invention is also invalid as obvious would require this Court to issue an advisory opinion in derogation of Article III. Accordingly, the final written decisions and associated sanctions orders should be vacated because appellate review has been precluded by intervening events. *See United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950).

## BACKGROUND

Voip-Pal owns U.S. Patent Nos. 8,542,815 and 9,179,005 ("the Asserted Patents"), both of which are titled "Producing Routing Messages For Voice Over IP Communications." The '005 patent issued from a continuation of the application that issued as the '815 patent, and both patents share a common specification. The Asserted Patents describe the field of the invention as "voice over IP communications and methods and apparatus for routing and billing" (Appx124 at 1:12–13), and the purported invention involves routing communications between two different types of networks—*i.e.*, public and private networks—based on information about the participants. *Id.* at 1:15–21.

In February 2016, Voip-Pal sued Apple in Nevada district court for allegedly infringing 34 claims of the Asserted Patents. *Voip-Pal.com, Inc. v. Apple Inc.*, No. 2:16-cv-260 (D. Nev.). In June 2016, Apple petitioned for *inter partes* review of those claims, and the Nevada litigation was stayed.

In its *inter partes review* ("IPR") petition, Apple argued that all claims asserted by Voip-Pal in litigation were unpatentable under 35 U.S.C. § 103(a) as obvious over the combination of two prior-art references:  U.S. Patent Nos. 7,486,684 B2 ("Chu '684") and 8,036,366 B2 ("Chu '366").  The Board instituted IPR, finding that it was more likely than not that all challenged claims were unpatentable as obvious.  Appx274–338.  The Board also determined that claim 1 of the '005 patent and claim 1 of the '815 patent were "illustrative" of the challenged claims.  Appx6, Appx35.

In November 2017, a different panel of the Board issued final written decisions ("FWDs") finding that Apple had not met its burden of proving that the challenged claims are unpatentable.  Appx2, Appx31.  First, the Board concluded that a skilled artisan would not have "regarded Chu '684 as deficient and ripe for improvement."  Appx20.  Second, the Board concluded that, even if Chu '684 were deficient, a skilled artisan would not combine it with Chu '366—invoking a step-ordering theory that the previous panel had rejected and even Voip-Pal had abandoned by that point in the proceedings.  Appx21–24.

After the Board issued its FWDs, Apple discovered that Voip-Pal had sent at least six *ex parte* letters to the Board and other government officials accusing the Board of bias and seeking judgment in Voip-Pal's favor.  Appx1610.  As an authorized sanction for this misconduct, Apple sought entry of judgment.

3

Appx1616; *see* 37 C.F.R. § 42.12(b). Apple moved in the alternative for new, constitutionally correct proceedings pursuant to this Court's decision in *Stone v. FDIC*, 179 F.3d 1368 (Fed. Cir. 1999). Appx1616.

In December 2018, the Board issued an order finding that Voip-Pal had engaged in "troublesome," sanctionable conduct. Appx65, Appx68. But instead of granting Apple its requested sanction (or any other sanction authorized by regulation), the Board allowed Apple to petition for rehearing of the FWDs. Appx73–74. A third panel of the Board, applying deferential review, then determined that the panel that entered the FWDs had not "misapprehended or overlooked" any matters. Appx81, Appx85, Appx86.

Apple appealed the Board's FWDs and associated sanctions-related orders, and the Patent and Trademark Office ("PTO") intervened in support of the Board. These consolidated appeals are now fully briefed and are scheduled for oral argument on July 8, 2020.

Following the FWDs, the parties agreed that the stay of the Nevada litigation regarding the Asserted Patents should be lifted. *Voip-Pal.com, Inc. v. Apple Inc.*, No. 2:16-cv-260, Dkt. 37 (D. Nev. Jan. 26, 2018). In October 2018, that litigation was transferred to the Northern District of California and related to three other cases where Voip-Pal had filed similar complaints alleging infringement of the Asserted Patents. *Voip-Pal.com, Inc. v. Apple Inc.*, No. 5:18-cv-6217 (N.D. Cal.); *see Voip-*

*Pal.com, Inc. v. Twitter, Inc.*, 5:18-cv-4523 (N.D. Cal.); *Voip-Pal.com, Inc. v. Verizon Wireless Servs., LLC*, No. 5:18-cv-6054 (N.D. Cal.); and *Voip-Pal.com, Inc. v. AT&T Corp.*, No. 5:18-cv-6177 (N.D. Cal.).

In January 2019, after Voip-Pal had narrowed to 20 the claims asserted against all parties in the district court litigation (No. 5:18-cv-6217, Dkt. 68), Apple and the other defendants filed a consolidated motion to dismiss, arguing that the asserted claims were not eligible for patenting under 35 U.S.C. § 101. In March 2019, the district court identified two representative claims (claim 1 of the '815 patent and claim 74 of the '005 patent) and granted the motion to dismiss because it found each claim to be patent-ineligible. *See Voip-Pal.com, Inc. v. Apple Inc.*, 375 F. Supp. 3d 1110, 1118 (N.D. Cal. 2019). In March 2020, this Court affirmed the district court's judgment that the asserted claims are patent-ineligible. *Voip-Pal.com, Inc. v. Twitter, Inc.*, 798 F. App'x 644 (Fed. Cir. 2020). Voip-Pal's rehearing request was denied on May 18, 2020.

The following timeline shows significant events across the Board and district court proceedings:



## ARGUMENT

In its principal brief in these consolidated appeals, Apple put the Court and Voip-Pal on notice of the potential mootness issue presented by the then-pending parallel appeal involving patent-eligibility: "If . . . the Court affirms the district court's ineligibility decision in the related *Twitter* appeal, [then] . . . this appeal would become moot." BB44 n.4. Voip-Pal did not dispute this point in its responsive brief. Nor did the PTO, which filed a brief as an intervenor. Apple pointed this out in its reply brief: "Neither Voip-Pal nor the government disputes that this appeal would become moot if the Court affirms the district court's determination that the claims at issue are patent-ineligible in [*Twitter*]." YB1 n.1.

The course of events foreseen in Apple's merits briefing has now come to pass: This Court affirmed the district court's determination that the representative claims are ineligible (*Twitter*, 798 F. App'x 644), rendering this appeal moot. Because Article III precludes appellate review, the Board's decisions and orders should be vacated.

6

# I.     The Court Lacks Article III Jurisdiction To Decide Obviousness

"Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990).  "It is well settled that the 'case-or-controversy requirement,' including mootness, 'subsists through all stages of federal judicial proceedings, trial and appellate.'"  *Synopsys, Inc. v. Lee*, 812 F.3d 1076, 1078 (mem.) (Fed. Cir. 2016) (quoting *FEC v. Wis. Right To Life, Inc.*, 551 U.S. 449, 461 (2007)).  The Court should dismiss an appeal "when, by virtue of an intervening event, [it] cannot grant 'any effectual relief whatever' in favor of the appellant" (*id.*), because "federal courts may not give opinions upon moot questions or abstract propositions" (*Calderon v. Moore*, 518 U.S. 149, 150 (1996) (per curiam) (quotation marks omitted)); *see also Momenta Pharm., Inc. v. Bristol-Myers Squibb Co.*, 915 F.3d 764, 770 (Fed. Cir. 2019) ("[W]hen the potential for injury has been mooted by events, the federal courts are deprived of jurisdiction.").

The Board and district court proceedings involved largely but not entirely overlapping claims:

7

| Board Proceedings (Obviousness Under § 103) | | N.D. Cal. Proceedings (Ineligibility Under § 101) | |
|---|---|---|---|
| '815 Patent | '005 Patent | '815 Patent | '005 Patent |
| 1, 7, 27–28, 34, 54, 72–74, 92–93, 111 | 1, 24–26, 49–50, 73–79, 83–84, 88–89, 92, 94–96, 98, 99 | 1, 7, 12, 27, 28, 72, 73, 92, 111 | 49, 73, 74, 75, 77, 78, 83, 84, 94, 96, 99 |

The procedural history explains the minor difference in challenged claims. Apple requested (and the Board instituted) IPR on the 34 claims that Voip-Pal initially asserted against Apple in the Nevada district court. After the Board ruled against Apple in the IPRs and the case was transferred to the Northern District of California, that court required Voip-Pal to narrow its asserted claims to 20 as to all four defendants. Apple requested (and received) dismissal on the grounds that each of the 20 asserted claims was ineligible under Section 101. Every step of the way, Apple has challenged every claim asserted against it.

The question of obviousness is clearly moot as to the 19 "overlapping" claims that were actually declared ineligible in the district court litigation and were also considered by the Board. The 14 "non-overlapping" claims present a closer question; but because Voip-Pal can no longer assert them against Apple in judicial proceedings, the obviousness question appears to be moot. Apple addresses both categories of claims below.

## A.    As To The Overlapping Claims, The Question Of Obviousness Is Clearly Moot

The following claims were asserted in both the district court litigation and before the Board:  claims 1, 7, 27, 28, 72, 73, 92, and 111 of the '815 patent and claims 49, 73, 74, 75, 77, 78, 83, 84, 94, 96, and 99 of the '005 patent.  As to these overlapping claims, there is no longer a case or controversy for this Court to adjudicate regarding obviousness because this Court has affirmed the district court's determination that the representative claims of the Asserted Patents are ineligible for patenting under Section 101.  *Twitter*, 798 F. App'x 644.  Section 101 presents a "'threshold test' that typically precedes the novelty or obviousness inquiry." *Return Mail, Inc. v. U.S. Postal Serv.*, 868 F.3d 1350, 1370 (Fed. Cir. 2017) (quoting *Bilski v. Kappos*, 561 U.S. 593, 602 (2010)), *rev'd on other grounds*, 139 S. Ct. 1853 (2019); *accord Berkheimer v. HP Inc.*, 890 F.3d 1369, 1378 (mem.) (Fed. Cir. 2018) (Reyna, J., dissenting from denial of reh'g en banc) ("The Supreme Court has characterized the § 101 patent-eligibility inquiry as a threshold test that precedes the requirements described in §§ 102, 103, and 112.").

Because this Court has already held that the claims asserted in the district court litigation fail at the threshold Section 101 inquiry, it makes no matter whether they satisfy the non-obviousness requirement of Section 103.  In other words, Apple "no longer has the potential for injury, thereby mooting the [obviousness] inquiry." *Momenta*, 915 F.3d at 770.  Courts regularly recognize that dismissal of an

9

infringement suit based on ineligibility grounds moots any overlapping obviousness challenge. *See, e.g.*, *Smartflash LLC v. Apple Inc.*, 680 F. App'x 977, 984 (Fed. Cir. 2017) (holding asserted claims to be ineligible and thus not considering obviousness issues on appeal); *Exergen Corp. v. Thermomedics, Inc.*, 132 F. Supp. 3d 200, 201–02 (D. Mass. 2015) (granting summary judgment on ineligibility and thus "den[ying] as moot Defendants' remaining arguments for invalidity under 35 U.S.C. § 102 and/or § 103" (emphasis omitted)); *CyberSource Corp. v. Retail Decisions, Inc.*, 620 F. Supp. 2d 1068, 1080 n.14 (N.D. Cal. 2009) ("Defendant's motions pertaining to novelty and non-obviousness under sections 102 and 103 are mooted by the disposition of this motion [regarding ineligibility].").

Indeed, any opinion from this Court regarding whether claims adjudicated as ineligible also are invalid as obvious would be impermissibly advisory in nature. *See Preiser v. Newkirk*, 422 U.S. 395, 401 (1975) ("[A] federal court has neither the power to render advisory opinions nor to decide questions that cannot affect the rights of litigants in the case before them." (internal citation and quotation marks omitted)). Having already ruled that the claims asserted in the district court litigation are not drawn to eligible subject matter, the Court has no authority under Article III to determine whether or not those claims would have been obvious to a person of skill in the art at the time of the application.

### B.    The Question Of Obviousness As To The Non-Overlapping Claims Also Appears To Be Moot

As noted above, there is not perfect overlap between the 20 claims asserted by Voip-Pal in the district court litigation and the 34 claims on which the Board instituted IPR.  The following claims were determined to be non-obvious by the Board but were not ruled ineligible in the parallel litigation: claims 34, 54, 74, and 93 of the '815 patent and claims 1, 24–26, 50, 76, 79, 88–89, 95, and 98 of the '005 patent.  But Apple faces no liability for infringing those claims because, although Voip-Pal initially asserted them in litigation against Apple, Voip-Pal dropped them when required by the district court to narrow its set of asserted claims.  *See In re Katz Interactive Call Processing Patent Litig.*, 639 F.3d 1303, 1311 (Fed. Cir. 2011) (affirming authority of district courts to require patentees to limit asserted claims).

Basic principles of claim preclusion (res judicata) preclude Voip-Pal from accusing Apple of infringing patent claims that it abandoned during the now-concluded district court litigation, particularly since all the claims are essentially the same.  *See SimpleAir, Inc. v. Google LLC*, 884 F.3d 1160, 1166 (Fed. Cir. 2018) (reinforcing "transactional approach" to application of claim preclusion to groups of related patents).  Certainly, Voip-Pal has never argued that the 14 non-overlapping claims differ from the 19 overlapping claims in any way that would make a difference for patent-eligibility.  The question of obviousness as to those claims thus

appears to be moot, and Voip-Pal did not argue otherwise in its responsive brief even after Apple raised the specter of mootness.

Moreover, both the Board and the district court identified certain claims as representative. With respect to the '815 patent, both the district court and the Board selected claim 1 as representative. As to the '005 patent, the district court selected claim 74 while the Board selected claim 1, but there is no substantive difference between these two claims:

| '005 patent claim 1 | '005 patent claim 74 |
|---|---|
| 1. A process for producing a routing message for routing communications between a caller and a callee in a communication system, the process comprising: | 74. A method of routing communications in a packet switched network in which a first participant identifier is associated with a first participant and a second participant identifier is associated with a second participant in a communication, the method comprising: |
| using a caller identifier associated with the caller to locate a caller dialing profile comprising a plurality of calling attributes associated with the caller; | after the first participant has accessed the packet switched network to initiate the communication, using the first participant identifier to locate a first participant profile comprising a plurality of attributes associated with the first participant; |
| when at least one of said calling attributes and at least a portion of a callee identifier associated with the callee meet private network classification criteria, producing a private network routing message for receipt by a call controller, said private | when at least one of the first participant attributes and at least a portion of the second participant identifier meet a first network classification criterion, producing a first network routing message for receipt by a controller, the first network routing |

12

| network routing message identifying an address, on the private network, associated with the callee; and | message identifying an address in a first portion of the packet switched network, the address being associated with the second participant, the first portion being controlled by an entity; and |
|---|---|
|    when at least one of said calling attributes and at least a portion of said callee identifier meet a public network classification criterion, producing a public network routing message for receipt by the call controller, said public network routing message identifying a gateway to the public network. |    when at least one of the first participant attributes and at least a portion of the second participant identifier meet a second network classification criterion, producing a second network routing message for receipt by the controller, the second network routing message identifying an address in a second portion of the packet switched network, the second portion not controlled by the entity. |

Given this Court's affirmance of the district court's conclusion that the *representative* claims are ineligible, the question of obviousness as to all claims—including the non-overlapping claims—appears to be moot. To avoid mootness, Voip-Pal would have to show that there is some material difference between those claims and the claims resolved by the Board but not the district court, such that the latter could be patentable even though the former have been adjudicated ineligible. Apple respectfully submits that Voip-Pal will be unable to establish any such difference; if so, then the ineligibility determination moots the question of obviousness for all claims asserted by Voip-Pal against Apple at any stage of the litigation.

## II. Lack Of Jurisdiction To Decide Obviousness Requires Vacatur Of The FWDs And Related Sanctions Orders

The Supreme Court's decision in *United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950), "set forth the proper protocol for dealing with cases that are mooted while on appeal." *Valspar Sourcing, Inc. v. PPG Indus., Inc.*, 780 F. App'x 917, 920 (Fed. Cir. 2019). *Munsingwear* held that "'the duty of the appellate court' is to 'reverse or vacate the judgment below and remand with a direction to dismiss' when a civil case becomes moot while pending appellate review of the merits." *Id.* (quoting *Munsingwear*, 340 U.S. at 39–40).

"The Supreme Court has confirmed that the *Munsingwear* approach also applies to unreviewed administrative orders." *Valspar*, 780 F. App'x at 921. In *A.L. Mechling Barge Lines, Inc. v. United States*, 368 U.S. 324, 328–31 (1961), for example, the Supreme Court modified the district court's dismissal to include a remand to the agency with instructions to vacate the challenged order where changed circumstances deprived the challenged order of any practical effect. "The Supreme Court has since repeatedly vacated decisions of appellate courts and given instructions for vacatur of the underlying administrative action." *Valspar*, 780 F. App'x at 921 (collecting cases).

The propriety of vacatur is clear with respect to the Board's obviousness determinations. *See Synopsys*, 812 F.3d at 1078 ("Where a party challenges agency action alternatively in two separate suits, and a decision in one case resolves the

issues presented in the companion case, the companion case becomes moot").  As Apple explained in its merits briefing, the Board committed legal errors in its FWDs regarding obviousness.  Apple is confident that it would prevail on the merits of its challenges to those orders, but it is precluded from doing so because this Court lacks Article III jurisdiction to decide the question of obviousness.  It would be unfair to allow the Board's unchallenged decisions to stand and be cited in the future by Voip-Pal, other litigants, or the Board itself.

That is why "*Munsingwear* and its progeny instruct [courts] to prevent appellants from being forced to acquiesce in a judgment that they can no longer challenge on the merits," and "to protect all parties from the collateral effects of a case that is mooted before an appellate determination on the merits."  *Valspar*, 780 F. App'x at 921.  This Court has a "duty" to "use [its] vacatur powers to dispose of the *whole* case, wiping the slate clean for future relitigation of the issues without prejudice to either party."  *Id.*  It should exercise that duty here by vacating the Board's FWDs.

Under the same principles, the Board's orders regarding the sanctions for Voip-Pal's misconduct should also be vacated.  Although the *Twitter* appeal did not involve the sanctions issues presented in this appeal, those issues are inextricably intertwined with the obviousness issues.  Voip-Pal's improper submission of several *ex parte* letters to the Board and other officials prejudiced Apple because the Board

failed to provide an adequate and authorized sanction for Voip-Pal's misconduct by either rendering judgment in Apple's favor or ordering a new, constitutionally correct proceeding under *Stone*. Either procedure would result in a de novo determination of obviousness.

If this Court agrees that the question of obviousness is moot, however, Apple could receive no "effectual relief" from this Court's review of the sanctions orders. *Wisconsin Right To Life*, 551 U.S. at 461. Even if the Court were to reverse the Board's sanctions orders, Apple already would have received (in the *Twitter* appeal) the relief it previously sought—a judgment that the asserted claims of the Asserted Patents cannot form the basis of an infringement action. On the issue of mootness, the sanctions orders rise and fall together with the obviousness issues.

## CONCLUSION

The Court should vacate the Board's final written decisions and sanctions orders in Case Nos. IPR2016-01198, -01201.

Dated:  June 4, 2020                          Respectfully submitted,

                                                      /s/ *Mark A. Perry*

Adam P. Seitz                               Mark A. Perry
Eric A. Buresh                                 *Principal Attorney*
ERISE IP, P.A.                              Brian M. Buroker
7015 College Blvd., Suite 700               Andrew J. Wilhelm
Overland Park, KS 66211                     GIBSON, DUNN & CRUTCHER LLP
Phone: 913.777.5600                         1050 Connecticut Avenue, N.W.
                                            Washington, DC 20036-5306
Paul R. Hart                                Phone: 202.887.3667
ERISE IP, P.A.
5600 Greenwood Plaza Blvd., Suite 200       Ryan Iwahashi
Greenwood Village, CO 80111                 GIBSON, DUNN & CRUTCHER LLP
Phone: 913.777.5600                         1881 Page Mill Road
                                            Palo Alto, CA 94304-1211
                                            Phone: 650.849.5300

                       *Counsel for Apple Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2020, I caused the foregoing to be filed with the Clerk of the Court and served on all counsel of record via this Court's CM/ECF system.

Dated:  June 4, 2020

/s/ *Mark A. Perry*

Mark A. Perry
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Phone: 202.887.3667