# EXHIBIT 4

Lewis E. Hudnell, III (CASBN 218736)
lewis@hudnelllaw.com
Nicolas S. Gikkas (CASBN 189452)
nick@hudnelllaw.com
HUDNELL LAW GROUP P.C.
800 W. El Camino Real Suite 180
Mountain View, California 94040
Telephone: 650.564.3698
Facsimile: 347.772.3034

Attorneys for Defendant
VOIP-PAL.COM, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE, INC.,<br><br>                Plaintiff,<br><br>        v.<br><br>VOIP-PAL.COM, INC,<br><br>                Defendant. | Case No. 5:20-CV-02460-LHK<br><br>DEFENDANT VOIP-PAL.COM, INC.'S NOTICE OF MOTION AND CONSOLIDATED MOTION TO DISMISS; MEMORAMDUM OF POINTS AND AUTHORITIES<br><br>Honorable Lucy H. Koh<br><br>Date: November 5, 2020<br>Time: 1:30 p.m.<br>Courtroom 8, 4th Floor |

DEFENDANT VOIP-PAL.COM, INC.'S NOTICE OF MOTION AND CONSOLIDATEDMOTIONTO DISMISS; MEMORAMDUM OF POINTS AND AUTHORITIES
Case Nos.: 5:20-CV-02460-LHK, 5:20-CV-02995-LHK, 5:20-CV-03092-LHK

i

| | |
|---|---|
| AT&T CORP., ET AL., | Case No. 5:20-CV-02995-LHK |
| Plaintiffs, | |
| v. | |
| VOIP-PAL.COM, INC, | |
| Defendant. | |
| CELLCO PARTNERSHIP DBA VERIZON WIRELESS, | Case No. 5:20-CV-03092-LHK |
| Plaintiff, | |
| v. | |
| VOIP-PAL.COM, INC, | |
| Defendant. | |

DEFENDANT VOIP-PAL.COM, INC.'S NOTICE OF MOTION AND CONSOLIDATED MOTION TO DISMISS; MEMORAMDUM OF POINTS AND AUTHORITIES
Case Nos.: 5:20-CV-02460-LHK, 5:20-CV-02995-LHK, 5:20-CV-03092-LHK

ii

# TABLE OF CONTENTS

I. INTRODUCTION ..................................................................................................... 2

II. STATEMENT OF RELEVANT FACTS........................................................................ 3

III. ARGUMENT .......................................................................................................... 5

  A. The Second-Filed Declaratory Judgment Actions Should Be Dismissed Under The First-to-File Rule. ......................................................................................................................... 5

    1. Legal Standard ............................................................................................... 5

    2. All of the relevant factors weigh in favor of applying the first-to-file rule in favor of the WDTX cases. ......................................................................................................... 7

    3. The Consolidated Plaintiffs' motion to stay the WDTX cases should not lead the Court to believe that it is the first-filed court. .................................................................... 9

  B. The Court Should Dismiss These Cases For Lack Of Personal Jurisdiction. ............................. 15

    1. Legal Standard ............................................................................................... 15

    2. The Court lacks personal jurisdiction because VoIP-Pal has never enforced the '606 patent in this District. ....................................................................................................... 16

  C. The Court Should Dismiss These Cases For Improper Venue.................................................... 17

  D. The Court Should Dismiss The '872 Patent For Lack Of Subject Matter Jurisdiction............... 18

IV. CONCLUSION...................................................................................................... 21

DEFENDANT VOIP-PAL.COM, INC.'S NOTICE OF MOTION AND CONSOLIDATEDMOTIONTO DISMISS; MEMORAMDUM OF POINTS AND AUTHORITIES
Case Nos.: 5:20-CV-02460-LHK, 5:20-CV-02995-LHK, 5:20-CV-03092-LHK

iii

# TABLE OF AUTHORITIES

**Cases**

*3M Co. v. Avery Dennison Corp.*, 673 F.3d 1372, 1377 (Fed. Cir. 2012) ........................................... 21

*AAB Inc. v. Cooper Indus., LLC*, 635 F.3d 1345, 1346-47 (Fed. Cir. 2011) ....................................... 19

*ActiveVideo Networks, Inc. v. Trans Video Electronics, Ltd.*, 975 F. Supp. 2d 1083, 1086 (N.D. Cal.

Sept. 30, 2013) ............................................................................................................................. 18, 20

*Activision Blizzard Inc. v. Acceleration Bay LLC*, No. 16-cv-03375-RS, 2016 U.S. Dist. LEXIS

119289, at *5 (N.D. Cal. Sep. 1, 2016) ............................................................................................. 5

*Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 625 (9th Cir. 1991).......................... 6, 7, 8, 11

*Applera Corp. v. Michigan Diagnostics*, LLC, 594 F. Supp. 2d 150, 158-60 (D. Mass. 2009) .......... 20

*Association for Molecular Pathology v. U.S. Patent & Trademark Office*, 689 F.3d 1303, 1318 (Fed.

Cir. 2012) ...................................................................................................................................... 18, 19

*Autogenomics, Inc. v. Oxford Gene Technology Ltd.*, 566 F.3d 1012, 1024 (Fed. Cir. 2009) ............ 17

*Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1332 (Fed. Cir. 2009)............................ 16

*Breckenridge Pharm., Inc. v. Metabolite Labs, Inc.*, 444 F.3d 1356, 1362 (Fed. Cir. 2006) .............. 16

*Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942) ............................................................. 6

*Cepheid v. Roche Molecular Sys., Inc.*, No. C-12-4411 EMC, 2013 U.S. Dist. LEXIS 7446 (N.D. Cal.

Jan. 17, 2013) ................................................................................................................................ 19, 20

*Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010). .......................... 18

*Daimler AG v. Bauman*, 134 S. Ct. 746, 761 (2014) .......................................................................... 15

*Dex Products, Inc. v. Barbara Houghteling*, No. C 05-05126 SI, 2006 U.S. Dist. LEXIS 45237, at *4

(N.D. Cal. June 23, 2006) ................................................................................................................. 17

*Elecs. for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1347 (Fed. Cir. 2005).............................................. 6

DEFENDANT VOIP-PAL.COM, INC.'S NOTICE OF MOTION AND CONSOLIDATED MOTION TO DISMISS;
MEMORAMDUM OF POINTS AND AUTHORITIES
Case Nos.: 5:20-CV-02460-LHK, 5:20-CV-02995-LHK, 5:20-CV-03092-LHK

iv

*Futurewei Techs., Inc. v. Acacia Research Corp.*, SACV 12-0511 AG (JPRx), 2012 U.S. Dist. LEXIS 189582, at *6 (C.D. Cal. Oct. 22, 2012) ................................................................. 10

*Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993) .......................................... 6, 8

*Hewlett-Packard Co. v. Acceleron LLC*, 587 F.3d 1358, 1362-63 (Fed. Cir. 2009) .......................... 19

*Hill v. Robert's Am. Gourmet Food, LLC*, Case No. 13-cv-00696-YGR, 2013 U.S. Dist. LEXIS 96435, at *8 (N.D. Cal. July 10, 2013) ................................................................................. 8

*In re Burley*, 738 F.2d 981, 988 (9th Cir. 1984) .............................................................................. 5

*Innovative Therapies, Inc. v. Kinetic Concepts, Inc.*, 599 F.3d 1377, 1380 (Fed. Cir. 2010) ............ 20

*Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).................................................................. 15

*Interactive Fitness Holdings, LLC v. Icon Health & Fitness, Inc.*, No. 10-CV-04628-LHK, 2011 U.S. Dist. LEXIS 39636, at *5-6 (N.D. Cal. Apr. 5, 2011) .................................................... 6

*Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc.*, 544 F. Supp. 2d 949, 957 (N.D. Cal. 2008) .... 7

*Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015) .................. 7

*Lab. Corp. of Am. Holdings v. Chiron Corp.*, 384 F.3d 1326, 1330 (Fed. Cir. 2004)......................... 10

*Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 407 (5th Cir. 1971)................................................... 10

*Maxchief Invs. Ltd. v. Wok & Pan, Ind., Inc.*, 909 F.3d 1134, 1138 (Fed. Cir. 2018 ......................... 16

*MedImmune, Inc. v. Genentech*, 549 U.S. 118 (2007) ..................................................................... 18

*Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1299 (Fed. Cir. 2012) ....................................................... 6

*Micron Tech., Inc. v. Mosaid Techs., Inc.*, 518 F.3d 897, 900 (Fed. Cir. 2008).............................. 7, 19

*O2 Micro Int'l, Ltd. v. Monolithic Power Sys.*, Civil Action No. 2:04-CV-359, 2006 U.S. Dist. LEXIS 21870 (E.D. Tex. Mar. 28, 2006) ............................................................................ 10, 11

*OneBeacon Ins. Co. v. Trackwell*, No. 09-361-K1, 2009 U.S. Dist. LEXIS 63823 (D. Or. July 24, 2009) .......................................................................................................................... 14

DEFENDANT VOIP-PAL.COM, INC.'S NOTICE OF MOTION AND CONSOLIDATED MOTION TO DISMISS; MEMORAMDUM OF POINTS AND AUTHORITIES
Case Nos.: 5:20-CV-02460-LHK, 5:20-CV-02995-LHK, 5:20-CV-03092-LHK

v

*Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982) ............................... 2, 5, 8

*Petzilla, Inc. v. Anser Innovation LLC*, 2015 U.S. App. LEXIS 13623 (Fed. Cir., July 28, 2015) ..... 16

*Petzilla, Inc. v. Anser Innovation LLC*, No. C-14-1354 EMC, 2014 U.S. Dist. LEXIS 134115, at *9
   (N.D. Cal. Sep. 23, 2014) ............................................................................................................ 16

*Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1334 (Fed. Cir. 2008) ................................. 19

*Radio Sys. Corp. v. Accession, Inc.*, 638 F.3d 785, 789 (Fed. Cir. 2011) ........................................ 16

*Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015) ............................................................... 15

*SanDisk Corp. v. ST Microelecs., Inc.*, 480 F.3d 1372, 1378 (Fed. Cir. 2007) ................................. 18

*Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003) ............................... 18

*Z-Line Designs, Inc. v. Bell'O Int'l, LLC*, 218 F.R.D. 663, 665 (N.D. Cal. 2003) ......................... 6, 10

**Statutes**

28 U.S.C. § 1391 ............................................................................................................................. 17

28 U.S.C. § 1391(b)(1) .................................................................................................................... 18

28 U.S.C. § 1404(a) .......................................................................................................................... 8

28 U.S.C. § 2201(a) ........................................................................................................................ 18

35 U.S.C. § 101 ................................................................................................................................ 2

Cal. Code Civ. P. § 410.10 .............................................................................................................. 15

**Rules**

Fed. R. Civ. P. 12(b)(1) ............................................................................................................ 1, 18, 20

Fed. R. Civ. P. 12(b)(2) ............................................................................................................ 1, 15, 17

Fed. R. Civ. P. 12(b)(3) ................................................................................................................. 1, 17

DEFENDANT VOIP-PAL.COM, INC.'S NOTICE OF MOTION AND CONSOLIDATED MOTION TO DISMISS;
MEMORAMDUM OF POINTS AND AUTHORITIES
Case Nos.: 5:20-CV-02460-LHK, 5:20-CV-02995-LHK, 5:20-CV-03092-LHK

vi

**NOTICE OF MOTION AND CONSOLIDATED MOTION TO DISMISS**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on November 5, 2020 at 1:30 p.m., in Courtroom 8, 4th Floor before the Honorable Lucy H. Koh of the United States District Court for the Northern District of California, Defendant VoIP-Pal.com, Inc. ("VoIP-Pal") will move the Court, under the first-to-file comity doctrine and Rules 12(b)(1), 12(b)(2), and 12(b)(3) of the Federal Rules of Civil Procedure to dismiss this action. The grounds for this Motion, as set forth in detail below, are simply that these cases do not belong in this Court: by filing their Complaints, the Plaintiffs contravened the long-standing principle that the cases filed concerning the patent should proceed in the first-filed jurisdiction—the Western District of Texas. Further, the Court lacks personal jurisdiction over VoIP-Pal in all three cases, and venue is improper as to VoIP-Pal in all three cases. Moreover, this Court lacks subject-matter jurisdiction over U.S. Patent No. 9,935,872 ("the '872 patent") in Case No. 5:20-CV-02460-LHK. Accordingly, all three cases should be dismissed.

**ISSUES TO BE DECIDED**

1. Whether the Court should dismiss these declaratory judgement actions under the first-to-file comity doctrine because the Consolidated Plaintiffs filed these cases after VoIP-Pal filed suit for patent infringement on the same patent in the Western District of Texas?

2. Whether the Court should dismiss these declaratory judgment actions because the Court lacks personal jurisdiction over VoIP-Pal under Fed. R. Civ. P. 12(b)(2)?

3. Whether the Court should dismiss these declaratory judgment actions because venue is improper as to VoIP-Pal under Fed. R. Civ. P. 12(b)(3)?

4. Whether the Court should dismiss the Apple Complaint because it lacks subject-matter jurisdiction over the '872 patent under Fed. R. Civ. P. 12(b)(1)?

DEFENDANT VOIP-PAL.COM, INC.'S NOTICE OF MOTION AND CONSOLIDATED MOTION TO DISMISS;
MEMORAMDUM OF POINTS AND AUTHORITIES
Case Nos.: 5:20-CV-02460-LHK, 5:20-CV-02995-LHK, 5:20-CV-03092-LHK

1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Apple's, AT&T's, and Verizon's (the "Consolidated Plaintiffs") declaratory judgment complaints should be dismissed because the Consolidated Plaintiffs filed their complaints well after VoIP-Pal filed suit against the Consolidated Plaintiffs on the same patent—U.S. Patent No. 10,218,606 ("the '606 patent")—in the Western District of Texas (WDTX). The Consolidated Plaintiffs deliberately filed their declaratory judgment actions in this District in an effort to manipulate VoIP-Pal's choice of venue in blatant violation of the first-to-file rule. *See Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982) (describing the first-to-file rule as a "generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district."). The Consolidated Plaintiffs ostensibly chose to file their declaratory judgment actions so that they could try to get VoIP-Pal's WDTX action, which are currently pending before Judge Alan D. Albright, transferred to this Court and have this Court apply its previous decisions invalidating six VoIP-Pal patents to yet another VoIP-Pal patent with materially different claims. *See, e.g.,* Case No. 5:20-cv-02460-LHK, Dkt. No. 1, ¶41; Case No. 5:20-cv-02995-LHK, Dkt. No. 1, ¶41; Case No. 5:20-cv-03092-LHK, Dkt. No. 1, ¶45 ("Like those already-invalidated claims [of six other VoIP-Pal patents], the claims of the '606 patent are invalid under 35 U.S.C. § 101.").

The impropriety of the Consolidated Plaintiffs' declaratory judgment actions is underscored by their serious jurisdictional infirmities. The Court lacks personal jurisdiction over VoIP-Pal in all three actions because VoIP-Pal has not directed enforcement activities regarding the '606 patent against the Consolidated Plaintiffs in this District. Consequently, venue is also improper as to VoIP-Pal in all three actions because VoIP-Pal does not reside in California and the Court does not

DEFENDANT VOIP-PAL.COM, INC.'S NOTICE OF MOTION AND CONSOLIDATED MOTION TO DISMISS; MEMORAMDUM OF POINTS AND AUTHORITIES
Case Nos.: 5:20-CV-02460-LHK, 5:20-CV-02995-LHK, 5:20-CV-03092-LHK

2

otherwise have personal jurisdiction over VoIP-Pal.  Apple's declaratory judgement complaint is further deficient because there is no case or controversy between Apple and VoIP-Pal as to the '872 patent, which Apple amended its original complaint to challenge.  VoIP-Pal has never attempted to assert the '872 patent against Apple.  Accordingly, the Court should dismiss these actions because they were improvidently filed, lack a proper jurisdictional basis, and, in truth, are nothing more than a thinly veiled example of improper forum shopping.

## II. STATEMENT OF RELEVANT FACTS

On April 7, 2020, VoIP-Pal sued Plaintiff Apple, Inc. ("Apple") in the WDTX for infringing United States Patent No. 10,218,606 ("the '606 patent"), entitled "Producing Routing Messages for Voice Over IP Communications." *See VoIP-Pal.Com, Inc. v. Apple, Inc.*, No. 6:20-cv-00275-ADA, Dkt. No. 1 (W.D. Tex. April 7, 2020) (Ex. 1).  VoIP-Pal served Apple on April 13, 2020.  *See id.* at Dkt No. 7.

On April 24, 2020, VoIP-Pal filed suit against AT&T, Inc., AT&T Corporation, AT&T Communications of Texas, LLC, and AT&T Services, Inc. also in the Western District of Texas, for infringement of the '606 patent.  *See VoIP-Pal.Com, Inc. v. AT&T, Inc.*, No. 6:20-cv-325-ADA, Dkt. No. 1 (W.D. Tex. April 24, 2020) (Ex. 2).  VoIP-Pal served its complaint against these AT&T entities on May 1, 2020.  *See id.* at Dkt. Nos. 10-13.  VoIP-Pal has since voluntarily dismissed its WDTX complaint against AT&T, Inc. and AT&T Communications of Texas, LLC.  *See id.* at Dkt. No. 18.

On April 24, 2020, VoIP-Pal also filed suit against Verizon Communications, Inc., Cellco Partnership dba Verizon Wireless, Verizon Services, Corp., and Verizon Business Network Services, Inc. in the Western District of Texas for infringement of the '606 patent.  *VoIP-Pal.Com, Inc. v. Verizon Communications, Inc. et al.*, No. 6:20-cv-00327-ADA, Dkt. No. 1 (W.D. Tex. April 24, 2020) (Ex. 3).  VoIP-Pal served its complaint against Cellco Partnership dba Verizon Wireless, Verizon Services, Corp., and Verizon Business Network Services on May 1, 2020.  *See id.* at Dkt.

DEFENDANT VOIP-PAL.COM, INC.'S NOTICE OF MOTION AND CONSOLIDATEDMOTIONTO DISMISS; MEMORAMDUM OF POINTS AND AUTHORITIES
Case Nos.: 5:20-CV-02460-LHK, 5:20-CV-02995-LHK, 5:20-CV-03092-LHK

3

Nos. 10, 12-13. VoIP-Pal served its complaint against Verizon Communication, Inc. on May 4, 2020. *See id.* at Dkt. No. 11.

In a deliberate attempt to manipulate VoIP-Pal's choice of venue in the WDTX, after VoIP-Pal's WDTX complaints were filed, the Consolidated Plaintiffs all chose to file declaratory judgment actions in this Court seeking declaration of non-infringement and/or invalidity of the '606 patent. Apple filed its declaratory judgment action on April 10, 2020—three days after VoIP-Pal filed its complaint against Apple in the WDTX. *See Apple, Inc. v. VoIP-Pal.com, Inc.*, Case No. 20-CV-02460-LHK, Dkt. No. 1 (N.D. Cal.). Four days later, Apple amended its complaint to seek a declaration of non-infringement and invalidity of the '872 patent. *See id.* at Dkt No. 10. Subsequently, Apple moved to relate this case to Case No. 5:18-cv-06217-LHK, which involved two materially different VoIP-Pal patents—U.S. Patent Nos. 8,542,815 ("the '815 patent") and U.S. Patent No. 9,179,005 ("the '005 patent")—and had been closed for over a year. *See VoIP-Pal.com, Inc. v. Apple, Inc.*, Case No. 5:18-cv-06217-LHK, Dkt No. 103 (N.D. Cal.). Without articulating any bases, the Court granted Apple's motion to relate the next business day and even before VoIP-Pal's opposition was due. *See id.* at Dkt No. 104. Thus, VoIP-Pal had no opportunity to articulate the bases of its opposition to Apple's motion to relate.

AT&T Corp., AT&T Services, Inc., and AT&T Mobility LLC (collectively "AT&T") filed their declaratory judgment action on April 30, 2020—six days after VoIP-Pal filed its complaint against AT&T Corp. and AT&T Services, Inc. in the WDTX. *See AT&T Corp., et al. v. VoIP-Pal.com., Inc.*, Case No. 5:20-CV-02995-LHK, Dkt. No. 1 (N.D. Cal.). Subsequently, AT&T moved to relate this case to Case No. 5:18-cv-06177-LHK, which also involved the '815 and the '005 patents and had been closed for over a year. *See VoIP-Pal.com, Inc. v. AT&T Corp.*, Case No. 5:18-cv-06177, Dkt. No. 83 (N.D. Cal.). The Court granted AT&T's motion without articulating any bases. *See id.* at Dkt. No. 85.

Cellco Partnership d/b/a Verizon Wireless ("Verizon") filed its declaratory judgment action on May 5, 2020—11 days after VoIP-Pal filed its complaint against Verizon in the WDTX. *See*

DEFENDANT VOIP-PAL.COM, INC.'S NOTICE OF MOTION AND CONSOLIDATED MOTION TO DISMISS; MEMORAMDUM OF POINTS AND AUTHORITIES
Case Nos.: 5:20-CV-02460-LHK, 5:20-CV-02995-LHK, 5:20-CV-03092-LHK

4

*Cellco Partnership d/b/a Verizon Wireless v. VoIP-Pal.com., Inc.*, Case No. 20-CV-03092-LHK (N.D. Cal.). Subsequently, Verizon moved to relate this case to Case No. 5:18-cv-06054-LHK, which also involved the '815 and the '005 patents and had been closed for over a year. *See VoIP-Pal.com, Inc. v. Cellco Partnership dba Verizon Wireless Services, LLC et al.*, Case No. 5:18-cv-06054, Dkt. No. 140 (N.D. Cal.). The Court granted Verizon's motion without articulating any bases. *See id.* at Dkt. No. 142.

The Consolidated Plaintiffs' attempt to upset VoIP-Pal's choice to litigate issues related to the '606 patent in the WDTX and divert litigation about the '606 patent to this District—risking conflicting outcomes from two different courts—is improper on multiple grounds under well-settled law. As such, VoIP-Pal respectfully requests that the Court dismiss these three declaratory judgment actions in their entirety.

## III. ARGUMENT

### A. The Second-Filed Declaratory Judgment Actions Should Be Dismissed Under The First-to-File Rule.

#### 1. Legal standard

Under the Declaratory Judgment Act, courts have the discretion to decline jurisdiction over declaratory judgment claims. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995); 28 U.S.C. § 2201; *accord Activision Blizzard Inc. v. Acceleration Bay LLC*, No. 16-cv-03375-RS, 2016 U.S. Dist. LEXIS 119289, at *5 (N.D. Cal. Sep. 1, 2016). Courts frequently decline to exercise jurisdiction over certain declaratory judgment claims under the first-to-file rule, i.e., the "'generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district.'" *See Activision*, 2016 U.S. Dist. LEXIS 119289, at *5 (quoting *Pacesetter*, 678 F.2d at 94-95); *see also In re Burley*, 738 F.2d 981, 988 (9th Cir. 1984) (first-filed rule applies "[w]here identical suits are

DEFENDANT VOIP-PAL.COM, INC.'S NOTICE OF MOTION AND CONSOLIDATED MOTION TO DISMISS; MEMORAMDUM OF POINTS AND AUTHORITIES
Case Nos.: 5:20-CV-02460-LHK, 5:20-CV-02995-LHK, 5:20-CV-03092-LHK

5

pending in two courts"). The general rule that the first-filed case is favored over the second-filed action may be even stronger where the second-filed action is a declaratory judgment. *See Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942); *Z-Line Designs, Inc. v. Bell'O Int'l, LLC*, 218 F.R.D. 663, 665 (N.D. Cal. 2003) ("[t]he Declaratory Judgment Act is not to be invoked to deprive a plaintiff of his conventional choice of forum.") (citations and quotations omitted).

In the service of promoting judicial efficiency and preventing the risk of inconsistent decisions, the rule "favors the form of the first-filed action, whether or not it is a declaratory action." *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993); *see also Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1299 (Fed. Cir. 2012) ("[t]he 'first-to-file' rule…generally favors pursuing only the first filed action when multiple lawsuits involving the same claims are filed in different jurisdictions"); *Elecs. for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1347 (Fed. Cir. 2005) (same); *Interactive Fitness Holdings, LLC v. Icon Health & Fitness, Inc.*, No. 10-CV-04628-LHK, 2011 U.S. Dist. LEXIS 39636, at *5-6 (N.D. Cal. Apr. 5, 2011). The first-to-file rule should not be disregarded lightly. *See Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 625 (9th Cir. 1991). Accordingly, a court should enforce the first-to-file rule unless there are "circumstances making it 'unjust or inefficient' to permit a first-filed action to proceed to judgment." *See Elecs. for Imaging*, 394 F.3d at 1348. For a court to override the first-to-file rule, "[t]here must…be sound reason that would make it unjust or inefficient to continue the first-filed action." *See Genentech*, 998 F.2d at 938. Thus, exceptions to the first-to-file rule are justified only in limited circumstances, such as "considerations of judicial and litigant economy, and the just and effective disposition of disputes." *See Elecs. for Imaging, Inc. v. Coyle*, 394 F.3d at 1347.

DEFENDANT VOIP-PAL.COM, INC.'S NOTICE OF MOTION AND CONSOLIDATED MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES
Case Nos.: 5:20-CV-02460-LHK, 5:20-CV-02995-LHK, 5:20-CV-03092-LHK

6

**2. All of the relevant factors weigh in favor of applying the first-to-file rule in favor of the WDTX cases.**

In order to apply the rule, courts look to the chronology of the filings, the identity of the parties, and whether the issues presented in the successive actions substantially overlap. *See Alltrade*, 946 F.2d at 625; *Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc.*, 544 F. Supp. 2d 949, 957 (N.D. Cal. 2008). In these cases, all of the established factors weigh in favor of applying the first-to-file rule and dismissing all three second-filed declaratory judgment actions in this District so that the controversy between the parties may proceed in the WDTX. *See Alltrade,* 946 F.2d at 625. There is no legitimate dispute that VoIP-Pal filed the WDTX cases first. *Compare* Ex. 1 *with* Case No. 5:20-CV-02460-LHK, Dkt. No. 1; *compare* Ex. 2 *with* Case No. 5:20-CV-02995-LHK, Dkt. No. 1; *compare* Ex. 3 *with* Case No. 5:20-CV-03092-LHK, Dkt. No. 1. Except for AT&T Mobility, each of the parties in the WDTX cases are parties to the corresponding declaratory judgment action. *Id.*; *see also Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015) ("the first-to-file rule does not require exact identity of the parties."). The '606 patent is the same and the issues in the WDTX cases and the declaratory judgment action in this District are the same—infringement of the '606 patent by the Consolidated Plaintiffs. *Compare* Ex. 1, ¶¶46-53 *with* Case No. 5:20-CV-02460-LHK, Dkt. No.1, ¶35; *compare* Ex. 2, ¶¶46-54 *with* Case No. 5:20-CV-02995-LHK, Dkt. No. 1, ¶¶33-37; *compare* Ex. 3, ¶¶47-54 *with* Case No. 5:20-CV-02460-LHK, Dkt. No. 1, ¶¶38-41. Thus, all of the relevant factors of the first-to-file rule are satisfied.

Further, it should not concern the Court that the Apple declaratory judgment action contains an additional patent that is not involved in the Apple WDTX case. In *Micron Tech., Inc. v. Mosaid Techs., Inc.*, the Federal Circuit considered a case that involved two districts and also involved additional patents in the second-filed case. *See Micron Tech., Inc. v. Mosaid Techs., Inc.*, 518 F.3d 897, 900 (Fed. Cir. 2008). In that case, Micron Tech filed a declaratory judgment action in this District. *Id.* Mosaid subsequently filed a complaint for patent infringement in the Eastern District of Texas, alleging infringement of the same patents as the California case, but adding both additional

DEFENDANT VOIP-PAL.COM, INC.'S NOTICE OF MOTION AND CONSOLIDATED MOTION TO DISMISS; MEMORAMDUM OF POINTS AND AUTHORITIES
Case Nos.: 5:20-CV-02460-LHK, 5:20-CV-02995-LHK, 5:20-CV-03092-LHK

patents and additional defendants. *Id*. The Federal Circuit explained that the California district court erred when it later transferred the case to Texas, explaining that the concern about an additional patent and/or defendant "carries little weight because a patent holder may often easily file an artificially broader infringement suit to avoid declaratory judgment jurisdiction." *Id*. at 903.

In this case, the Apple WDTX case was already pending for a week when Apple amended its declaratory judgment complaint to challenge the '872 patent. *Compare* Ex. 1 *with* Case No. 5-20-cv-02460, Dkt. No. 10. The WDTX should be the court to decide whether to adjudicate Apple's declaratory judgment claims. As the Federal Circuit has explained, "[a]lthough district courts can, in the exercise of discretion, dispense with the first-to-file rule, there must 'be sound reason that would make it unjust or inefficient to continue the first-filed action.'" *See Commns. Test Design v. Contec, LLC*, 952 F.3d 1356, 1364 (Fed. Cir. Mar. 13, 2020) (quoting *Genentech*, 998 F.2d at 938). Apple has not and cannot show that it would be "unjust or inefficient to continue the first-filed action." *See id*.

Finally, the factors set forth in the transfer statute also strongly counsel dismissing these cases. *See* 28 U.S.C. § 1404(a). In particular, judicial economy strongly counsels dismissing the second-filed declaratory judgment actions in favor of the first-filed WDTX cases. Without a dismissal, judicial resources will be inefficiently spent because "the same issues addressed by the [Texas] court will be needlessly reconsidered" by this Court, or vice versa. *See Third Dimension Semiconductor, Inc. v. Fairchild Semiconductor Intern., Inc.*, Case No. 6:08-CV-200, 2008 U.S. Dist. LEXIS 75511, at *4 (E.D. Tex. Sept. 4, 2008); *see also Catch Curve, Inc. v. Venali*, 2006 U.S. Dist. LEXIS, at *9 (C.D. Cal. Feb. 27, 2006). In complex patent cases, matters of judicial economy "may be determinative to a particular transfer motion, even if the convenience of the parties and witnesses might call for a different result." *Regents of the Univ. of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559, 1565 (Fed. Cir. 1997). Indeed, the Ninth Circuit has cautioned that relaxing the first-to-file rule on the basis of convenience is a determination best left to the court in the first-filed action—the WDTX. *See Alltrade*, 946 F.2d at 628 (quoting *Pacesetter*, 678 F.2d at 96); *Hill v. Robert's Am.*

DEFENDANT VOIP-PAL.COM, INC.'S NOTICE OF MOTION AND CONSOLIDATED MOTION TO DISMISS; MEMORAMDUM OF POINTS AND AUTHORITIES
Case Nos.: 5:20-CV-02460-LHK, 5:20-CV-02995-LHK, 5:20-CV-03092-LHK

8

*Gourmet Food, LLC*, Case No. 13-cv-00696-YGR, 2013 U.S. Dist. LEXIS 96435, at *8 (N.D. Cal. July 10, 2013). Thus, the Consolidated Plaintiff's second-filed declaratory judgment actions should be dismissed in favor of the first-filed WDTX actions and any arguments of convenience should be decided by the WDTX.

### 3. The Consolidated Plaintiffs' motion to stay the WDTX cases should not lead the Court to believe that it is the first-filed court.

As further evidence of the Consolidated Plaintiffs' efforts to manipulate VoIP-Pal's choice of forum to litigate the '606 patent, in coordinated fashion, the Consolidated Plaintiffs filed motions to stay the first-filed WDTX cases. *See* Case 5:20-cv-02460-LHK, Dkt. No. 30; Case 5:20-cv-02995-LHK, Dkt. No. 30; Case 5:20-cv-03092-LHK, Dkt. No. 29. Inexplicably, the Consolidated Plaintiffs are trying to convince Judge Albright that his court is not where suit on the '606 patent was first filed. The Consolidated Plaintiffs make the tenuous argument that this Court is the first-filed court because it previously considered controversies relating to different VoIP-Pal patents related to the '606 patent that were either transferred or filed in this District in 2018. *See* Case 5:20-cv-02995-LHK, Dkt. No. 30-2, p. 7. As such, the Consolidated Plaintiffs argue that the first-filed WDTX cases should be stayed until this Court determines whether it will retain the second-filed declaratory judgment actions. *Id.*, pp. 9-10. The Consolidated Plaintiffs' argument is as baffling as it is meritless.

First, although the second-filed declaratory judgment actions and the 2018 VoIP-Pal's cases in this Court are patent cases, they are not patents. The second-filed declaratory judgment actions cannot claim priority to the 2018 VoIP-Pal cases in order to antedate the first-filed WDTX cases. Not surprisingly, the Consolidated Plaintiffs cite no support for this proposition in their motions to stay. Effectively, the Consolidated Plaintiffs try to create new law that VoIP-Pal can assert its family of patents related to the '606 patent against the Consolidated Plaintiffs only in this District.

DEFENDANT VOIP-PAL.COM, INC.'S NOTICE OF MOTION AND CONSOLIDATED MOTION TO DISMISS; MEMORAMDUM OF POINTS AND AUTHORITIES
Case Nos.: 5:20-CV-02460-LHK, 5:20-CV-02995-LHK, 5:20-CV-03092-LHK

*See id.* at p. 2. Such a ruling improperly uses the declaratory judgment statute to transmute VoIP-Pal's choice of forum into the Consolidated Plaintiffs' choice of forum. *See Norwood v. Kirkpatrick*, 349 U.S. 29, 31 (1955) ("[p]laintiffs are generally afforded the privilege of bringing an action where he chooses."). Accordingly, attempts to use the declaratory judgment statute in such a manner in this District have been rejected. *See Z-Line Designs*, 218 F.R.D. at 665 ("[t]he Declaratory Judgment Act is not to be invoked to deprive a plaintiff of his conventional choice of forum.").

Second, the Consolidated Plaintiffs' principal authority for their far-fetched-first-filed theory is *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 407 (5th Cir. 1971)—a nearly 50-year-old Fifth Circuit decision. Not only is Fifth Circuit law inapplicable in this Court, which sits in the Ninth Circuit, it is also inapplicable in the WDTX cases. The Federal Circuit has established that "injunctions arbitrating between co-pending patent declaratory judgment and infringement cases in different district courts are reviewed under the law of the Federal Circuit." *See Lab. Corp. of Am. Holdings v. Chiron Corp.*, 384 F.3d 1326, 1330 (Fed. Cir. 2004); *Futurewei Techs., Inc. v. Acacia Research Corp.*, SACV 12-0511 AG (JPRx), 2012 U.S. Dist. LEXIS 189582, at *6 (C.D. Cal. Oct. 22, 2012) ("Case law of the Federal Circuit governs the first-to-file rule in patent cases."). Thus, *Mann* does not apply to this Court's or the WDTX's analysis.

Moreover, unlike the present situation, the first-filed determination in *Mann* concerned two actual controversies. *See Mann*, 439 F.2d at 406. No controversy exists in this District as to the 2018 VoIP-Pal cases because the Court invalidated all of the asserted claims in those cases. *See* Case No. 5:18-cv-06217, Dkt. No. 97; Case No. 5:18-cv-06054, Dkt. No. 133; Case No. 5:18-cv-06177-LHK, Dkt. No. 75; Case No. 5:18-cv-06216, Dkt. No. 114. Those cases are closed. *See* Case No. 5:18-cv-06217, Dkt. No. 98; Case No. 5:18-cv-06054, Dkt. No. 135; Case No. 5:18-cv-06177-LHK, Dkt. No. 77; Case No. 5:18-cv-06216, Dkt. No. 115.

DEFENDANT VOIP-PAL.COM, INC.'S NOTICE OF MOTION AND CONSOLIDATEDMOTIONTO DISMISS;
MEMORAMDUM OF POINTS AND AUTHORITIES
Case Nos.: 5:20-CV-02460-LHK, 5:20-CV-02995-LHK, 5:20-CV-03092-LHK

10

The Consolidated Plaintiffs' only other authority for asserting that the first-filed WDTX cases are not the first-filed cases is *O2 Micro Int'l, Ltd. v. Monolithic Power Sys.*, Civil Action No. 2:04-CV-359, 2006 U.S. Dist. LEXIS 21870 (E.D. Tex. Mar. 28, 2006). *See* Ex. 4, p. 9. But like *Mann* and unlike the present situation, *O2 Micro* concerned two actual controversies, and therefore like *Mann* is inapposite. *See O2 Micro Int'l, Ltd. v. Monolithic Power Sys.*, Civ. No. 2:04-cv-359, 2006 U.S. Dist. LEXIS 21870, at *6 (E.D. Tex. Mar. 28, 2006). Thus, the Court should not allow the Consolidated Plaintiffs to mislead it into thinking that it has the right to determine whether it will retain the second-filed declaratory judgment actions. Rather, as the second-filed court, the Court should dismiss these second-filed declaratory judgment actions.

Even if the Court were to think that it is the first-filed court, which it is not, the Court should still dismiss the declaratory judgment actions because the Consolidated Plaintiffs have engaged in blatant forum shopping. The Ninth Circuit has recognized exceptions to the first-to-file rule under various circumstances, such as bad faith, anticipatory suit, and forum shopping. *See Alltrade*, 946 F.2d at 628. As discussed above, the Consolidated Plaintiffs deliberately filed these declaratory judgment actions several days after VoIP-Pal filed its infringement suits in the WDTX. The Consolidated Plaintiffs are represented by the same law firms as they were in the 2018 VoIP-Pal case. The Consolidated Plaintiffs expressly allege in the declaratory judgment complaints that they seek to invalidate the '606 patent for the same reasons that the Court has invalidated six other VoIP-Pal patents. *See, e.g.*, Case No. 5:20-cv-02460-LHK, Dkt. No. 1, ¶41, Dkt. No. 10, ¶41; Case No. 5:20-cv-02995-LHK, Dkt. No. 1, ¶41; Case No. 5:20-cv-03092-LHK, Dkt. No. 1, ¶45. Thus, the Consolidated Plaintiffs cannot dispute that they filed these actions in an effort to litigate the '606 patent in a venue that they perceived to be more favorable to them. The Consolidated Plaintiffs filed these declaratory judgment actions fully knowing that VoIP-Pal had already filed suit against them

DEFENDANT VOIP-PAL.COM, INC.'S NOTICE OF MOTION AND CONSOLIDATED MOTION TO DISMISS; MEMORAMDUM OF POINTS AND AUTHORITIES
Case Nos.: 5:20-CV-02460-LHK, 5:20-CV-02995-LHK, 5:20-CV-03092-LHK

11

in the WDTX. The Consolidated Plaintiffs' gamesmanship is precisely the type of conduct that the Ninth Circuit has admonished. *See Alltrade*, 946 F.2d at 628. Thus, even under the Consolidated Plaintiffs' tortured first-filed theory, the Court should dismiss the second-filed declaratory judgment actions for improper forum shopping.

Finally, if *Mann* were applicable, which it is not, there is not substantial overlap between the first-filed WDTX cases and the 2018 VoIP-Pal cases. AT&T and Verizon repeatedly allege that the '606 patent claims are "very similar" to the claims of different patents reviewed by this Court. *See* Case No. 5:20-cv-02995, Dkt. No. 1, ¶3, ¶14, ¶27, ¶30; Case No. 5:20-cv-03092, Dkt. No. 1, ¶¶3-4, ¶12, ¶31, ¶32, ¶35. Apple's First Amended Complaint alleges that both the '606 and '872 patents contain "very similar" claims to those previously asserted in litigation against Apple in this District. *See* Case No. 5:20-cv-02460 ¶3, ¶12, ¶27, ¶28, ¶31. Despite copious allegations that the claims are "very similar," tellingly, none of the Consolidated Plaintiffs attempt to even characterize the similarity, let alone to provide a detailed comparison between the '606 and '872 patent claims and the allegedly "very similar" claims previously asserted against them. The lack of particularity in the pleadings is striking. Indeed, it is apparent that the actual claim language is irrelevant to the Consolidated Plaintiffs. AT&T and Verizon implausibly assert that a single claim of the '606 patent is "very similar" to a large number of diverse claims taken from *six* different patents—again, without providing any explanation whatsoever of the alleged similarity, let alone a claim-to-claim comparison. Case No. 5:20-cv-02995, Dkt. No. 1, ¶27 ("[the] 'exemplary' claim of the '606 patent is very similar to the claims of the six related patents that VoIP-Pal asserted against AT&T Corp. and the other defendants in litigations in this District"); see also Case No. 5:20-cv-03092, Dkt. No. 1, ¶32; Case No. 5:20-c-v02460, Dkt. No. 10, ¶12. However, the claims previously asserted are extremely varied; they cannot all be "very similar" to the '606 claims and the '872 claims. Apple

DEFENDANT VOIP-PAL.COM, INC.'S NOTICE OF MOTION AND CONSOLIDATED MOTION TO DISMISS; MEMORAMDUM OF POINTS AND AUTHORITIES
Case Nos.: 5:20-CV-02460-LHK, 5:20-CV-02995-LHK, 5:20-CV-03092-LHK

similarly asserts that the '606 patent claims and the '872 patent claims are "very similar to the claims of the six related patents that VoIP-Pal asserted against Apple [in this District]". *See* Case No. 5:20-cv-02460, ¶¶12, 27-28. Again, Apple's First Amended Complaint makes vague assertions of similarity without providing any particulars. Accordingly, each of the declaratory judgment complaints provide no support for the proposition that the '606 patent claims substantially overlap with claims of different VoIP-Pal patents previously litigated in this District.

When the actual claim language is considered, it is apparent that the '606 patent claims are distinct from the asserted claims previously reviewed by this Court. The technology claimed in the '606 patent involves, *inter alia*, determining whether the called party was associated with the same node or network element as the calling party (*e.g.*, the same cluster, server, etc.). In contrast, the previously asserted claims involved applying criteria for classifying destinations as between a private network (or system network) and a public network (or external network beyond control of the system). These determinations are distinct. The '606 patent can be infringed by products that lack a public network routing option, such as Apple's Facetime product when used without PSTN connectivity. *See* Ex. 1, ¶42. As such, the '606 patent claims put at issue features of the internal cloud architecture of the accused systems that were irrelevant in the previous cases. Defendants simply ignore the numerous significant differences embodied in the '606 patent claims including those mentioned above. Moreover, each of the Consolidated Plaintiffs identically and falsely alleges that the infringement allegations made with respect to the '606 patent claims "track [the] infringement allegations against [the Defendant] in the earlier actions in this District." *See* Case No. 5:20-cv-02460, Dkt. No. 10, ¶29; Case No. 5:20-cv-02995, Dkt. No. 1, ¶28; Case No. 5:20-cv-03092, Dkt. No. 1, ¶33. They do not. While some of the same products were accused (*e.g.*, Wi-Fi

DEFENDANT VOIP-PAL.COM, INC.'S NOTICE OF MOTION AND CONSOLIDATED MOTION TO DISMISS; MEMORAMDUM OF POINTS AND AUTHORITIES
Case Nos.: 5:20-CV-02460-LHK, 5:20-CV-02995-LHK, 5:20-CV-03092-LHK

13

1  calling), the particular *features* of the products that are being accused in the WDTX are distinct, and,

2  moreover, so is how the claim elements are being read to apply to the accused products.

3          Verizon makes the argument that the Examiner made the determination that the '606 patent

4  was not patentably distinct based on non-statutory double patenting.  *See* Case No. 5:20-cv-03092,

5  Dkt. No. 1, ¶32.  The Examiner's determination, however, was improper.  First, it appears that the

6  Examiner's opinion on double-patenting was conditioned on the premise that U.S. Patent No.

7  9,948,549 B2 ("Turner") anticipated the pending '606 patent claims.  In the Office action dated July

8  17, 2018, the Examiner expressly referenced Turner as informing the Examiner's analysis of double

9  patenting and then immediately issued an anticipating rejection based on Turner.  *See* Ex. 4, pp. 2-5.

10 However, following an interview with the Applicant, the Examiner expressly admitted in a paper

11 dated September 25, 2018 that his anticipation analysis of Turner was incorrect.  *See* Ex. 5.  In a

12 paper dated October 17, 2018, Applicant confirmed the Examiner's view that the Office action was

13 incorrect in the inferences it drew about Turner.  *See* Ex. 6.  Applicant also made further

14 amendments to the claims, although they were unnecessary to overcome Turner.  Thus, the

15 Examiner's previous conclusion on double-patenting was inapplicable.  Furthermore, the Examiner's

16 conclusory statement of double patenting provided no analysis of the differences between the then-

17 pending '606 patent claims and the previously asserted patents.  Verizon, in effect, relies on a double

18 patenting rejection that is improper, inapplicable, and/or unsupported.  Thus, even if it were

19 appropriate for the WDTX to consider whether there is substantial overlap between the first-filed

20 WDTX cases and the 2018 VoIP-Pal cases in this District, the Consolidated Plaintiffs will not be

21 able to prove as much.

22         At bottom, dismissing these second-filed declaratory judgment actions would be in keeping

23 with the doctrine of federal comity.  When the first-to-file rule is implicated, other district courts in

DEFENDANT VOIP-PAL.COM, INC.'S NOTICE OF MOTION AND CONSOLIDATED MOTION TO DISMISS;
MEMORAMDUM OF POINTS AND AUTHORITIES
Case Nos.: 5:20-CV-02460-LHK, 5:20-CV-02995-LHK, 5:20-CV-03092-LHK

14

the Ninth Circuit have been "unwilling to tell another federal judge that he or she must transfer a case to this court." *See OneBeacon Ins. Co. v. Trackwell*, No. 09-361-K1, 2009 U.S. Dist. LEXIS 63823, *4 (D. Or. July 24, 2009). As the second-filed court, this Court should follow the well-settled doctrine of federal comity and either dismiss these second-filed declaratory judgement actions or, at most, stay these actions until Judge Albright determines whether he will retain the WDTX cases, unless the Court decides that these actions should be dismissed on the other grounds raised below.

**B. The Court Should Dismiss These Cases For Lack Of Personal Jurisdiction.**

**1. Legal standard**

These second-filed declaratory judgment actions should also be dismissed because this Court does not have personal jurisdiction over VoIP-Pal. Federal Rule of Civil Procedure 12(b)(2) authorizes a defendant to seek dismissal of an action for lack of personal jurisdiction. *See* Fed. R. Civ. P. 12(b)(2). Faced with a challenge to a court's personal jurisdiction over a defendant, the plaintiff bears the burden of establishing that jurisdiction is proper. *See Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015). When no federal statute governs personal jurisdiction, a district court applies the long-arm statute of the state in which it sits. *Id*. California's long-arm statute permits a court to exercise personal jurisdiction consistent with constitutional due process. *See* Cal. Code Civ. P. § 410.10. Due process, in turn, requires that a non-resident defendant have minimum contacts with the forum "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks and citations omitted). Minimum contacts may be satisfied in two ways: general jurisdiction or specific jurisdiction. General jurisdiction applies where a nonresident defendant's "affiliations with the State are so 'continuous and systematic' as to render it essentially at home in the forum state." *See Daimler AG v. Bauman*, 134 S. Ct. 746, 761 (2014) (internal citations and quotation

DEFENDANT VOIP-PAL.COM, INC.'S NOTICE OF MOTION AND CONSOLIDATED MOTION TO DISMISS; MEMORAMDUM OF POINTS AND AUTHORITIES
Case Nos.: 5:20-CV-02460-LHK, 5:20-CV-02995-LHK, 5:20-CV-03092-LHK

15

marks omitted).  In contrast, specific jurisdiction exists when the defendant's contacts with the forum state are more limited, but the plaintiff's claims arise out of or relate to those contacts.  *Id.* at 754.

In a declaratory judgment action for patent infringement or non-infringement and validity or invalidity, "[t]he relevant inquiry for specific personal jurisdiction purposes then becomes to what extent has the defendant patentee 'purposefully directed [such enforcement activities] at residents of the forum,' and the extent to which the declaratory judgment claim 'arises out of or relates to those activities.'"  *See Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1332 (Fed. Cir. 2009) (quoting *Breckenridge Pharm., Inc. v. Metabolite Labs, Inc.*, 444 F.3d 1356, 1362 (Fed. Cir. 2006)). In other words, the relevant inquiry is whether the declaratory judgment claim "arises out of or relates to the activities of the defendant patentee in enforcing the patent or patents in suit" in this District. *Id.* at 1332; *see also Radio Sys. Corp. v. Accession, Inc.*, 638 F.3d 785, 789 (Fed. Cir. 2011) ("[O]nly those activities of the patentee that relate to the enforcement or defense of *the patent* can give rise to specific personal jurisdiction for such an action.") (emphases added); *Petzilla, Inc. v. Anser Innovation LLC*, No. C-14-1354 EMC, 2014 U.S. Dist. LEXIS 134115, at *9 (N.D. Cal. Sep. 23, 2014), *aff'd by Petzilla, Inc. v. Anser Innovation LLC*, 2015 U.S. App. LEXIS 13623 (Fed. Cir., July 28, 2015).  A declaratory judgment claim arises out of the patentee's contacts with the forum state only if those contacts "relate in some material way to the enforcement or the defense of the patent." *See Maxchief Invs. Ltd. v. Wok & Pan, Ind., Inc.*, 909 F.3d 1134, 1138 (Fed. Cir. 2018) (quoting *Avocent*, 552 F.3d at 1336).

### 2. The Court lacks personal jurisdiction because VoIP-Pal has never enforced the '606 patent in this District.

None of the Consolidated Plaintiffs makes an allegation of general jurisdiction here, and so the only question is whether the Court may exercise specific personal jurisdiction. *See* Case No. 5:20-cv-02460, Dkt. Nos. 1, 10, ¶¶13-15; Case No. 5:20-cv-02995, Dkt. No. 1, ¶¶15-17; Case No. 5:20-cv-03092, Dkt. No. 1, ¶14.  The Consolidated Plaintiffs, however, allege that the Court has personal jurisdiction because VoIP-Pal has "purposefully directed allegations of infringement of the '606

DEFENDANT VOIP-PAL.COM, INC.'S NOTICE OF MOTION AND CONSOLIDATED MOTION TO DISMISS; MEMORAMDUM OF POINTS AND AUTHORITIES
Case Nos.: 5:20-CV-02460-LHK, 5:20-CV-02995-LHK, 5:20-CV-03092-LHK

16

patent" at them.  *See* Case No. 5:20-cv-02460, Dkt. Nos. 1, 10, ¶14; Case No. 5:20-cv-02995, Dkt. No. 1, ¶16; Case No. 5:20-cv-03092, Dkt. No. 1, ¶16.  But the Consolidated Plaintiffs misapprehend the law: specific jurisdiction, in the context of patent declaratory judgment actions, must arise out of or relate to the activities that gave rise to the subject claim.  *See, e.g.*, *Breckenridge*, 444 F.3d at 1362. To the extent that the Consolidated Plaintiffs claim that VoIP-Pal purposefully directed allegations of infringement of the '606 patent against them in this District, they are wrong: VoIP-Pal has never enforced the '606 patent against the Consolidated Plaintiffs in this District.  VoIP-Pal has only asserted the '606 patent against the Consolidated Plaintiffs in the WDTX.  Further, as explained below, VoIP-Pal has directed no claims of infringement of the '872 patent toward Apple whatsoever. *See infra* §III.  Although the Consolidated Plaintiffs note that VoIP-Pal consented to the transfer of different cases involving different patents from the District of Nevada to this District, there can be no legitimate claim that VoIP-Pal consented to personal jurisdiction over it and the '606 patent in the instant case.  *See* Case No. 5:20-cv-02460, Dkt. Nos. 1, 10, ¶19; Case No. 5:20-cv-02995, Dkt No. 1, ¶18; Case No. 5:20-cv-03092, Dkt. No. 1, ¶18.  The Consolidated Plaintiffs' assertion of personal jurisdiction fails, and the declaratory judgment actions should be dismissed.  *See* Fed. R. Civ. P. 12(b)(2); *see, e.g.*, *Autogenomics, Inc. v. Oxford Gene Technology Ltd.*, 566 F.3d 1012, 1024 (Fed. Cir. 2009) (affirming district court decision finding no specific personal jurisdiction in a declaratory judgment action).

### C. The Court Should Dismiss These Cases For Improper Venue.

Finally, these cases should also be dismissed for improper venue.  *See* Fed. R. Civ. P. 12(b)(3).  Under Federal Circuit and Ninth Circuit law, venue in declaratory judgment actions for patent matters is determined by the general venue statute, 28 U.S.C. § 1391.  *See, e.g.*, *Dex Products, Inc. v. Barbara Houghteling*, No. C 05-05126 SI, 2006 U.S. Dist. LEXIS 45237, at *4 (N.D. Cal. June 23, 2006).  The Consolidated Plaintiffs assert that venue is proper in this District only under §1391(b)(1).  *See* Case No. 5:20-cv-02460, Dkt. Nos. 1, 10, ¶17; Case No. 5:20-cv-02995, Dkt No. 1,

DEFENDANT VOIP-PAL.COM, INC.'S NOTICE OF MOTION AND CONSOLIDATED MOTION TO DISMISS; MEMORAMDUM OF POINTS AND AUTHORITIES
Case Nos.: 5:20-CV-02460-LHK, 5:20-CV-02995-LHK, 5:20-CV-03092-LHK

17

¶19; Case No. 5:20-cv-03092, Dkt. No. 1, ¶19. Under § 1391(b)(1), venue is proper in any judicial district where the defendant resides. *See* 28 U.S.C. § 1391(b)(1). VoIP-Pal, however, does not reside in this District. Under § 1391(c)(2), an entity resides where it is subject to the Court's personal jurisdiction. *See* 28 U.S.C. § 1391(c)(2). As explained above, there is not personal jurisdiction over VoIP-Pal in these cases, and so venue is not proper under 28 U.S.C. § 1391(b)(1). Thus, these cases should be dismissed under Fed. R. Civ. P. 12(b)(3) for improper venue.

### D. The Court Should Dismiss The '872 Patent For Lack Of Subject Matter Jurisdiction.

Further, Apple's claims related to the '872 patent must also be dismissed because this Court does not have subject-matter jurisdiction over them. *See* Fed. R. Civ. P. 12(b)(1); *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). Apple bears the burden of establishing jurisdiction. *See Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010). The Declaratory Judgment Act provides, "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." *See* 28 U.S.C. § 2201(a). "The phrase 'a case of actual controversy' in the Act refers to the types of 'cases' and 'controversies' that are justiciable under Article III of the Constitution." *See Association for Molecular Pathology v. U.S. Patent & Trademark Office*, 689 F.3d 1303, 1318 (Fed. Cir. 2012), *rev'd in part on other grounds by Association for Molecular Pathology v. Myriad Genetics, Inc.*, 133 S. Ct. 2107 (2013). Thus, in a declaratory judgment case, if there is no case or controversy, there can be neither a claim for declaratory relief nor Article III subject-matter jurisdiction. *See ActiveVideo Networks, Inc. v. Trans Video Electronics, Ltd.*, 975 F. Supp. 2d 1083, 1086 (N.D. Cal. Sept. 30, 2013) (citing *SanDisk Corp. v. ST Microelecs., Inc.*, 480 F.3d 1372, 1378 (Fed. Cir. 2007)).

A controversy must be "definite and concrete, touching the legal relations of parties having adverse legal interests." *Id.* (quoting *MedImmune, Inc. v. Genentech*, 549 U.S. 118 (2007)). It is no longer sufficient for a declaratory judgment plaintiff to have a "reasonable apprehension of imminent

DEFENDANT VOIP-PAL.COM, INC.'S NOTICE OF MOTION AND CONSOLIDATED MOTION TO DISMISS;
MEMORAMDUM OF POINTS AND AUTHORITIES
Case Nos.: 5:20-CV-02460-LHK, 5:20-CV-02995-LHK, 5:20-CV-03092-LHK

18

suit"; rather, an actual controversy requires "an injury in fact traceable to the patentee," which exists only if the plaintiff alleges "both (1) an affirmative act by the patentee related to the enforcement of his patent rights and (2) meaningful preparation to conduct potentially infringing activity." *See Association for Molecular Pathology*, 689 F.3d at 1318.

Courts in this District have identified 13 factors to examine to determine whether an affirmative act has taken place, including "the depth and extent of infringement analysis conducted by the patent holder," and "whether the patent holder imposed a deadline to respond." *See Cepheid v. Roche Molecular Sys., Inc.*, No. C-12-4411 EMC, 2013 U.S. Dist. LEXIS 7446 (N.D. Cal. Jan. 17, 2013). Apple's Complaints do not specifically address any of the factors, alleging only that a case and controversy exists because "Apple does not infringe and has not infringed any claims of the . . . '872 patent[]" that VoIP-Pal "previously filed lawsuits" against Apple alleging infringement of related patents. *See* Case No. 5:20-cv-2460, Dkt. Nos. 1, 10, ¶12. But if that were enough to establish subject-matter jurisdiction in a declaratory judgment action, courts would be rife with lawsuits filed by potential infringers creating a surplus of burdensome, expensive, and unnecessary actions. Indeed, each of this Court's 13 factors indicates that no affirmative act has taken place: (1) VoIP-Pal has not provided Apple an infringement analysis of the '872 patent at all, let alone an in-depth one. *See Cepheid*, 2013 U.S. Dist. LEXIS 7446, at *9; *see also SanDisk*, 480 F.3d at 1374-76; (2)-(3) VoIP-Pal has not sent Apple any threatening language about the '872 patent, and has had no reason to impose a deadline to respond. *See Cepheid*, 2013 U.S. Dist. LEXIS 7446, at *9; *see also AAB Inc. v. Cooper Indus., LLC*, 635 F.3d 1345, 1346-47 (Fed. Cir. 2011); *Hewlett-Packard Co. v. Acceleron LLC*, 587 F.3d 1358, 1362-63 (Fed. Cir. 2009); (4)-(5) There has been prior litigation between the parties, but none related to the '872 patent, and VoIP-Pal has not sued to enforce it. *See id.*; *Micron*, 518 F.3d at 899; (6) As VoIP-Pal has made no threats, there is no reason to think that Apple would have changed its behavior to avoid infringing the '872 patent. *See Cepheid*, 2013 U.S. Dist. LEXIS 7446, at *9; *Association for Molecular Pathology*, 689 F.3d at 1318; (7) While VoIP-Pal has contacted Apple prior to this lawsuit, VoIP-Pal has had no reason to contact Apple about the '872

DEFENDANT VOIP-PAL.COM, INC.'S NOTICE OF MOTION AND CONSOLIDATED MOTION TO DISMISS; MEMORAMDUM OF POINTS AND AUTHORITIES
Case Nos.: 5:20-CV-02460-LHK, 5:20-CV-02995-LHK, 5:20-CV-03092-LHK

patent.  *See Cepheid*, 2013 U.S. Dist. LEXIS 7446, at *9-*10; *Hewlett-Packard*, 587 F.3d at 1364;
(8)-(9) VoIP-Pal is not "simply a holding company with no sources of income other than enforcing
patent rights," and has had no reason to give assurance that it would not enforce its patent.  *See
Cepheid*, 2013 U.S. Dist. LEXIS 7446, at *10; *see also Hewlett-Packard*, 587 F.3d at 1364; *Prasco,
LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1334 (Fed. Cir. 2008); (10) VoIP-Pal has not identified
the '872 patent to Apple nor identified any Apple products that allegedly infringe it.  *See Cepheid*,
2013 U.S. Dist. LEXIS 7446, at *10; *Applera Corp. v. Michigan Diagnostics*, LLC, 594 F. Supp. 2d
150, 158-60 (D. Mass. 2009); (11) There is no identified Apple product that infringes the '872 patent
with which VoIP-Pal would be familiar at this time.  *See Cepheid*, 2013 U.S. Dist. LEXIS 7446, at
*10; *Prasco*, 537 F.3d at 1334; and (12)-(13) No time has transpired after VoIP-Pal asserted
infringement of the '872 patent, as VoIP-Pal has made no such assertion, and aside from
communications between Apple and VoIP-Pal related to other lawsuits, there are no communications
from Apple to VoIP-Pal that would appear to attempt to create a controversy in anticipation of filing
a lawsuit based on the '872 patent.  *See Cepheid*, 2013 U.S. Dist. LEXIS 7446, at *10; *Innovative
Therapies, Inc. v. Kinetic Concepts, Inc.*, 599 F.3d 1377, 1380 (Fed. Cir. 2010), *cert. denied*, 131 S.
Ct. 424 (U.S. 2010).

Here, the Apple Complaints indicate that there has not been a specific, substantive threat from
VoIP-Pal to Apple about the '872 patent, and there can be neither a genuine concern nor an actual
case or controversy under Article III and for the purposes of Fed. R. Civ. P. 12(b)(1).  *See, e.g.,
Applera*, 594 F. Supp. 2d at 160 (finding no subject-matter jurisdiction in a declaratory judgment
action even where the patent holder had sent a letter to the defendant mentioning a dispute over the
patent in question).  The only evidence of an alleged affirmative act that Apple points to is a VoIP-
Pal press release regarding the outcome of the appeal of Case No. 5:18-cv-06217-LHK.  *See* Case
No. 5:20-cv-02460-LHK, Dkt. Nos. 1, 10, ¶12; *Id.* at Dkt. No. 1-8, Dkt. No. 10-9.  The press release,
however, did not mention the '872 patent, did not identify any Apple products or services that
infringe the '872 patent, did not provide Apple any infringement analysis of the '872 patent, and did

DEFENDANT VOIP-PAL.COM, INC.'S NOTICE OF MOTION AND CONSOLIDATED MOTION TO DISMISS;
MEMORAMDUM OF POINTS AND AUTHORITIES
Case Nos.: 5:20-CV-02460-LHK, 5:20-CV-02995-LHK, 5:20-CV-03092-LHK

20

not threaten Apple, or any entity, with litigation. *Id.* In fact, the portion of the press release that Apple cites in its complaints is plainly referring to moves that VoIP-Pal intended to take with respect to the appeal in Case No. 5:18-cv-06217-LHK, not Apple: "Our legal team is assessing our next moves *regarding this Alice decision* and we expect to announce our intentions soon." *Id.* (emphasis added). *See* Case No. 5:20-cv-02460-LHK, Dkt. No. 1-7, Dkt. No. 10-9. That move became evident on April 15, 2020, when VoIP-Pal filed its Combined Petition for Panel Rehearing and Rehearing *En Banc*. *See VoIP-Pal.com v. Twitter, Inc.*, Case No. 19-1808, Dkt. No. 89. The Federal Circuit has held that a declaratory judgment plaintiff must allege an affirmative act by the patentee relating to the enforcement of his patent rights. *See 3M Co. v. Avery Dennison Corp.*, 673 F.3d 1372, 1377 (Fed. Cir. 2012). Under the circumstances of the Apple case, Apple cannot show that VoIP-Pal took affirmative steps to enforce the '872 patent against Apple such that a concrete case or controversy exists between the parties. Thus, there is no subject-matter jurisdiction over Apple's declaratory judgment claims related to the '872 patent and they should be dismissed.

# IV. CONCLUSION

In conclusion, VoIP-Pal respectfully asks the Court to dismiss the complaints filed by the Consolidated Defendants to the first-to-file rule and Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(3).

Dated: July 10, 2020        Respectfully submitted,

*/s/ Lewis E. Hudnell, III*
Lewis E. Hudnell, III (CASBN 218736)
lewis@hudnelllaw.com
Nicolas S. Gikkas (CASBN 189452)
nick@hudnelllaw.com
HUDNELL LAW GROUP P.C.
800 W. El Camino Real Suite 180
Mountain View, California 94040
T: 650.564.3698
F: 347.772.3034

DEFENDANT VOIP-PAL.COM, INC.'S NOTICE OF MOTION AND CONSOLIDATED MOTION TO DISMISS; MEMORAMDUM OF POINTS AND AUTHORITIES
Case Nos.: 5:20-CV-02460-LHK, 5:20-CV-02995-LHK, 5:20-CV-03092-LHK

21

1

2    Attorneys for Defendant
     VOIP-PAL.COM, INC.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT VOIP-PAL.COM, INC.'S NOTICE OF MOTION AND CONSOLIDATED MOTION TO DISMISS;
MEMORAMDUM OF POINTS AND AUTHORITIES
Case Nos.: 5:20-CV-02460-LHK, 5:20-CV-02995-LHK, 5:20-CV-03092-LHK

22

**CERTIFICATE OF SERVICE**

The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the forgoing NOTICE OF MOTION AND CONSOLIDATED MOTION TO DIMISS; MEMORANDUM OF POINTS AND AUTHORIRIES via the Court's CM/ECF system pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5(b)(1) this 10th day of July, 2020.

By: */s/Lewis E. Hudnell, III*
    Lewis E. Hudnell, III
    Hudnell Law Group P.C.
    800 W. El Camino Real Suite 180
    Mountain View, California 94040
    T: 650.564.3698
    F: 347.772.3034
    lewis@hudnelllaw.com

DEFENDANT VOIP-PAL.COM, INC.'S NOTICE OF MOTION AND CONSOLIDATEDMOTIONTO DISMISS; MEMORAMDUM OF POINTS AND AUTHORITIES
Case Nos.: 5:20-CV-02460-LHK, 5:20-CV-02995-LHK, 5:20-CV-03092-LHK

23