# EXHIBIT 5

Lewis E. Hudnell, III (CASBN 218736)
lewis@hudnelllaw.com
Nicolas S. Gikkas (CASBN 189425)
nick@hudnelllaw.com
HUDNELL LAW GROUP P.C.
800 W. El Camino Real Suite 180
Mountain View, California 94040
Telephone: 650.564.3698
Facsimile: 347.772.3034

Attorneys for Defendant
VOIP-PAL.COM, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TWITTER, INC.,<br><br>   Plaintiff,<br><br>v.<br><br>VOIP-PAL.COM, INC,<br><br>   Defendant. | Case No. 5:20-CV-02397-LHK<br><br>DEFENDANT VOIP-PAL'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES<br><br>Honorable Lucy H. Koh<br><br>Date: November 5, 2020<br>Time: 1:30 p.m.<br>Courtroom 8, 4th Floor |

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................... 2

II. STATEMENT OF RELEVANT FACTS........................................................................ 2

   A. Prior Litigation ........................................................................................................... 2

   B. The Instant Case ......................................................................................................... 3

III. ARGUMENT ................................................................................................................. 3

   A. This Court Should Dismiss This Case For Lack Of Subject Matter Jurisdiction. ........ 4

   B. This Court Should Dismiss This Case For Lack Of Personal Jurisdiction. ................. 7

      1. Legal Standard ....................................................................................................... 7

      2. The Court lacks personal jurisdiction because VoIP-Pal has never enforced the '606 patent in this District. ......................................................................................... 9

   C. This Case Should Be Dismissed For Improper Venue.................................................. 9

IV. CONCLUSION............................................................................................................ 10

# TABLE OF AUTHORITIES

**Cases**

*3M Co. v. Avery Dennison Corp.*, 673 F.3d 1372, 1377 (Fed. Cir. 2012) ............................................. 7

*AAB Inc. v. Cooper Indus., LLC*, 635 F.3d 1345, 1346-47 (Fed. Cir. 2011) ......................................... 5

*ActiveVideo Networks, Inc. v. Trans Video Electronics, Ltd.*, 975 F. Supp. 2d 1083, 1086 (N.D. Cal. Sept. 30, 2013) ............................................................................................................................ 4

*Applera Corp. v. Michigan Diagnostics, LLC,* 594 F. Supp. 2d 150, 158-60 (D. Mass. 2009) ............ 6

*Association for Molecular Pathology v. Myriad Genetics, Inc.*, 133 S. Ct. 2107 (2013) ...................... 4

*Association for Molecular Pathology v. U.S. Patent & Trademark Office*, 689 F.3d 1303, 1318 (Fed. Cir. 2012) ................................................................................................................................... 4, 5

*Autogenomics, Inc. v. Oxford Gene Technology Ltd.*, 566 F.3d 1012, 1024 (Fed. Cir. 2009) .............. 9

*Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1332 (Fed. Cir. 2009) ............................... 8

*Barnes & Noble, Inc. v. LSI Corp.*, 823 F. Supp. 2d 980, 984 (N.D. Cal. 2011) ................................... 5

*Breckenridge Pharm., Inc. v. Metabolite Labs, Inc.*, 444 F.3d 1356, 1362 (Fed. Cir. 2006) ................ 8

*Cepheid v. Roche Molecular Sys., Inc.*, No. C-12-4411 EMC, 2013 U.S. Dist. LEXIS 7446 (N.D. Cal. Jan. 17, 2013) .................................................................................................................... 5, 6

*Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010) .............................. 4

*Daimler AG v. Bauman*, 134 S. Ct. 746, 761 (2014) ........................................................................... 8

*Dex Products, Inc. v. Barbara Houghteling*, No. C 05-05126 SI, 2006 U.S. Dist. LEXIS 45237, at *4 (N.D. Cal. June 23, 2006) ........................................................................................................ 10

*Hewlett-Packard Co. v. Acceleron LLC*, 587 F.3d 1358, 1362-63 (Fed. Cir. 2009) ............................. 5

*In re Qualcomm Litig.*, Case No. 17-cv-00108-GPC-MDD, 2017 U.S. Dist. LEXIS 185481, at *36 (S.D. Cal. Nov. 8, 2017) .............................................................................................................. 6

*Innovative Therapies, Inc. v. Kinetic Concepts, Inc.*, 599 F.3d 1377, 1380 (Fed. Cir. 2010) ............... 6

Case 5:20-cv-02397-LHK Document 25 Filed 07/13/20 Page 5 of 17

*Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) .................................................................. 8

*Maxchief Invs. Ltd. v. Wok & Pan, Ind., Inc.*, 909 F.3d 1134, 1138 (Fed. Cir. 2018) ..................... 8, 10

*MedImmune, Inc. v. Genentech*, 549 U.S. 118 (2007) ...................................................................... 4

*Micron*, 518 F.3d at 899 ..................................................................................................................... 5

*Petzilla, Inc. v. Anser Innovation LLC*, 2015 U.S. App. LEXIS 13623 (Fed. Cir., July 28, 2015) ....... 8

*Petzilla, Inc. v. Anser Innovation LLC*, No. C-14-1354 EMC, 2014 U.S. Dist. LEXIS 134115, at *9
   (N.D. Cal. Sep. 23, 2014) ............................................................................................................. 8

*Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1334 (Fed. Cir. 2008) ............................... 5, 6

*Radio Sys. Corp. v. Accession, Inc.*, 638 F.3d 785, 789 (Fed. Cir. 2011) ............................................ 8

*Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015) .................................................................. 7

*SanDisk Corp. v. ST Microelecs., Inc.*, 480 F.3d 1372, 1378 (Fed. Cir. 2007) ................................... 4

*Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003) ................................ 4

*Voip-Pal.com, Inc. v. Twitter, Inc.*, 798 Fed. Appx. 644 (Fed. Cir. Mar. 16, 2020) ............................ 3

*Webb v. Onizuka*, CV. No. 08-00487 DAE-BMK, 2009 U.S. Dist. LEXIS 30075, at *7 (D. Haw. Apr.
   8, 2009) ......................................................................................................................................... 6

**Statutes**

28 U.S.C. § 1391 ................................................................................................................................ 10

28 U.S.C. § 1391(b) ........................................................................................................................... 10

28 U.S.C. § 1391(b)(1) ....................................................................................................................... 10

28 U.S.C. § 1391(c)(2) ....................................................................................................................... 10

Cal. Code Civ. P. § 410.10 .................................................................................................................. 7

**Rules**

Fed. R. Civ. P. 12(b)(1) ............................................................................................................ 1, 3, 4, 6

| | |
|---|---|
| Fed. R. Civ. P. 12(b)(2) | 1, 3, 7, 9 |
| Fed. R. Civ. P. 12(b)(3) | 1, 3, 9 |

v
DEFENDANT VOIP-PAL'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 5:20-CV-02397-LHK

# NOTICE OF MOTION AND MOTION TO DISMISS

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on November 5, 2020 at 1:30 p.m. in Courtroom 8, 4th Floor before the Honorable Lucy H. Koh of the United States District Court for the Northern District of California, Defendant VoIP-Pal.com, Inc. ("VoIP-Pal") will move the Court, under Rules 12(b)(1), 12(b)(2), and 12(b)(3) of the Federal Rules of Civil Procedure, to dismiss this action. The grounds for this motion, as set forth in detail below, are simply that this case does not belong in this Court: the Court lacks personal jurisdiction over VoIP-Pal, venue is improper as to VoIP-Pal, and the Court lacks subject matter jurisdiction over U.S. Patent No. 10,218,606 ("the '606 patent"). Accordingly, this case should be dismissed.

## ISSUES TO BE DECIDED

1. Whether the Court should dismiss this declaratory judgment action because the Court lacks subject matter jurisdiction over this case under Fed. R. Civ. P. 12(b)(1)?

2. Whether the Court should dismiss this declaratory judgment action because the Court lacks personal jurisdiction over VoIP-Pal under Fed. R. Civ. P. 12(b)(2)?

3. Whether the Court should dismiss this declaratory judgment action because venue is improper as to VoIP-Pal under Fed. R. Civ. P. 12(b)(3)?

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Twitter, Inc.'s ("Twitter's") declaratory judgment complaint should be dismissed because it suffers from serious jurisdictional infirmities. The Court lacks subject matter jurisdiction because there is no case or controversy between Twitter and VoIP-Pal, despite Twitter's attempts to manufacture a superficial dispute over the '606 patent. VoIP-Pal has never attempted to assert the '606 patent against Twitter. The Court also lacks personal jurisdiction over VoIP-Pal because VoIP-Pal has not directed enforcement activities regarding the '606 patent against Twitter in this District. Consequently, venue is also improper as to VoIP-Pal in all three actions because VoIP-Pal does not reside in California and the Court does not otherwise have personal jurisdiction over VoIP-Pal. Accordingly, the Court should dismiss this action because it lacks a proper jurisdictional basis.

### II. STATEMENT OF RELEVANT FACTS

**A. Prior Litigation**

In 2016, Defendant VoIP-Pal.com, Inc. ("VoIP-Pal") filed lawsuits in the District of Nevada against Twitter, Apple, Inc. ("Apple"), AT&T Corp., ("AT&T"), and Cellco Partnership dba Verizon Wireless ("Verizon "), alleging infringement of United States Patent Nos. 8,542,815 and 9,179,005 (the "'815 patent" and "'005 patent," respectively). Between August and November of 2018, all four of those actions were transferred to this Court and consolidated for pretrial purposes: Twitter (Case No. 5:18-cv-04523-LHK), Verizon (Case No. 18-cv-06054-LHK), AT&T (Case No. 3:18-cv-06177-LHK), and Apple (Case No. 3:18-cv-06217-LHK). The Twitter action was transferred to this District as a result of an opposed motion to transfer venue that Twitter filed in the District of Nevada. *See* Case No. 5:18-cv-04523-LHK, Dkt. Nos. 41-42.

In this District, Twitter and the other defendants in those cases filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6) that the asserted claims of the '815 and '005 patents are invalid under 35 U.S.C. § 101. On March 25, 2019, this Court granted the motion to dismiss and found all asserted claims of the '815 and '005 patents to be invalid. *See* Case No. 5:18-cv-04523-LHK, Dkt. No. 84.

VoIP-Pal appealed. On March 16, 2020, the Federal Circuit affirmed this Court's judgment of invalidity. *See VoIP-Pal.com, Inc. v. Twitter, Inc.*, 798 Fed. Appx. 644 (Fed. Cir. Mar. 16, 2020).

### B. The Instant Case

Twitter filed this declaratory judgment action on April 8, 2020 seeking a declaration of non-infringement of the '606 patent. *See* Dkt No. 1. At the time Twitter filed the original complaint, VoIP-Pal had not sued Twitter over the '606 patent. Nor had VoIP-Pal threatened to sue Twitter, taken any other steps toward enforcing the '606 patent against Twitter, or even mentioned the '606 patent to Twitter. Subsequently, Twitter moved to relate this case to Case No. 5:18-cv-04523-LHK, which involved two materially different VoIP-Pal patents—the '815 patent and the '005 patent—and had been closed for over a year. *See VoIP-Pal.com, Inc. v. Twitter, Inc.*, Case No. 5:18-cv-04523-LHK, Dkt No. 90 (N.D. Cal.). Without articulating any bases, the Court granted Twitter's motion to relate. *See id.* at Dkt. No. 92.

On June 26, 2020—over two months after filing the original complaint—Twitter filed a First Amended Complaint for Declaratory Judgment ("FAC"). *See* Dkt. No. 29. The FAC alleges that in early June, counsel for Twitter had asked counsel for VoIP-Pal for a covenant not to sue on the '606 patent, and VoIP-Pal's counsel declined, citing the fact that this case was already pending and therefore such a covenant did not need to be discussed under the circumstances. *See id.,* ¶17. Because Twitter's complaints fail to allege any facts that establish jurisdiction at the time Twitter filed its Original Complaint, this Court lacks subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), personal jurisdiction over VoIP-Pal under Fed. R. Civ. P. 12(b)(2), and venue here is improper under Fed. R. Civ. P. 12(b)(3). Accordingly, Twitter's Complaint should be dismissed.

### III. ARGUMENT

**A. This Court Should Dismiss This Case For Lack Of Subject Matter Jurisdiction.**

If there is not subject matter jurisdiction over a case, it must be dismissed. *See* Fed. R. Civ. P. 12(b)(1); *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). Twitter bears the burden of establishing jurisdiction. *See Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010). The Declaratory Judgment Act provides, "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." *See* 28 U.S.C. § 2201(a). "The phrase 'a case of actual controversy' in the Act refers to the types of 'cases' and 'controversies' that are justiciable under Article III of the Constitution." *See Association for Molecular Pathology v. U.S. Patent & Trademark Office*, 689 F.3d 1303, 1318 (Fed. Cir. 2012), *rev'd in part on other grounds by Association for Molecular Pathology v. Myriad Genetics, Inc.*, 133 S. Ct. 2107 (2013). Thus, in a declaratory judgment case, if there is no case or controversy, there can be neither a claim for declaratory relief nor Article III subject matter jurisdiction. *See ActiveVideo Networks, Inc. v. Trans Video Electronics, Ltd.*, 975 F. Supp. 2d 1083, 1086 (N.D. Cal. Sept. 30, 2013) (citing *SanDisk Corp. v. ST Microelecs., Inc.*, 480 F.3d 1372, 1378 (Fed. Cir. 2007)).

A controversy must be "definite and concrete, touching the legal relations of parties having adverse legal interests." *Id.* (quoting *MedImmune, Inc. v. Genentech*, 549 U.S. 118 (2007)). It is no longer sufficient for a declaratory judgment plaintiff to have a "reasonable apprehension of imminent suit"; rather, an actual controversy requires "an injury in fact traceable to the patentee," which exists only if the plaintiff alleges "both (1) an affirmative act by the patentee related to the enforcement of his patent rights and (2) meaningful preparation to conduct potentially infringing activity." *See Association for Molecular Pathology*, 689 F.3d at 1318.

Courts in this District have identified 13 factors to examine to determine whether an affirmative act has taken place, including "the depth and extent of infringement analysis conducted by the patent holder," and "whether the patent holder imposed a deadline to respond." *See Cepheid v. Roche Molecular Sys., Inc.*, No. C-12-4411 EMC, 2013 U.S. Dist. LEXIS 7446 (N.D. Cal. Jan. 17,

2013). Twitter's complaint merely alleges that VoIP-Pal has sued Twitter in the past, related to infringement of different patents, and that VoIP-Pal issued a press release about enforcement of the '606 patent in another jurisdiction, over other parties. *See* Dkt. No. 29, ¶¶ 4, 16, 18, 34. However, an examination of the relevant factors shows that none of these actions is sufficient independently, and they are not enough together, to constitute an affirmative act under Ninth Circuit law. (1) VoIP-Pal has not provided an infringement analysis of the '606 patent to Twitter at all, let alone an in-depth one. *See Cepheid*, 2013 U.S. Dist. LEXIS 7446, at *9; *see also SanDisk*, 480 F.3d at 1374-76; (2)-(3) VoIP-Pal has not sent Twitter any threatening language about the '606 patent, and has had no reason to impose a deadline to respond. *See Cepheid*, 2013 U.S. Dist. LEXIS 7446, at *9; *see also AAB Inc. v. Cooper Indus., LLC*, 635 F.3d 1345, 1346-47 (Fed. Cir. 2011); *Hewlett-Packard Co. v. Acceleron LLC*, 587 F.3d 1358, 1362-63 (Fed. Cir. 2009); (4)-(5) There has been prior litigation between the parties, but none related to the '606 patent, and VoIP-Pal has never sued Twitter to enforce the '606 patent. *See id.*; *Micron*, 518 F.3d at 899; (6) As VoIP-Pal has made no explicit threats, there is no reason to think that Twitter would have changed its behavior to avoid infringing the '606 patent. A simple press release about other lawsuits involving the '606 patent that does not identify Twitter but merely states "we are not finished" is not enough. *See Cepheid*, 2013 U.S. Dist. LEXIS 7446, at *9; *Association for Molecular Pathology*, 689 F.3d at 1318; (7) While VoIP-Pal has contacted Twitter prior to this lawsuit, VoIP-Pal has not contacted Twitter about the '606 patent. *See Cepheid*, 2013 U.S. Dist. LEXIS 7446, at *9-*10; *Hewlett-Packard*, 587 F.3d at 1364; (8)-(9) VoIP-Pal is not "simply a holding company with no sources of income other than enforcing patent rights," and has had no reason to give assurance that it would not enforce its patent. *See Cepheid*, 2013 U.S. Dist. LEXIS 7446, at *10; *see also Hewlett-Packard*, 587 F.3d at 1364; *Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1334 (Fed. Cir. 2008). While Twitter approached VoIP-Pal after this lawsuit was filed to ask for a covenant not to sue, post-suit negotiations are not relevant to whether affirmative acts took place that gave rise to subject matter jurisdiction at the time of filing of the Original Complaint. *See* Dkt. No. 29, ¶17; *Barnes & Noble, Inc. v. LSI Corp.*, 823 F. Supp. 2d 980, 984 (N.D. Cal. 2011); *Webb v. Onizuka*, CV. No. 08-00487 DAE-BMK, 2009 U.S. Dist. LEXIS

30075, at *7 (D. Haw. Apr. 8, 2009) ("Federal courts are courts of limited subject matter jurisdiction and there is no presumption that a court has jurisdiction in any particular case. *See* U.S. Const. art. III. Hence, in order to properly sue in federal court, a plaintiff must affirmatively establish at the outset that subject matter jurisdiction existed at the time of filing."). If anything, Twitter initiated the discussion regarding a covenant not to sue in an attempt to create a controversy, which weighs against finding jurisdiction. *See Cepheid v. Roche Molecular Sys., Inc.*, 2013 U.S. Dist. LEXIS 7446, at *20 (citing *Innovative Therapies, Inc. v. Kinetic Concepts, Inc.*, 599 F.3d 1377, 1380 (Fed. Cir. 2010))*.*; (10) VoIP-Pal did not identify the '606 patent to Twitter nor identify any Twitter products that allegedly infringe it. *See Cepheid*, 2013 U.S. Dist. LEXIS 7446, at *10; *Applera Corp. v. Michigan Diagnostics, LLC*, 594 F. Supp. 2d 150, 158-60 (D. Mass. 2009) *see also In re Qualcomm Litig.*, Case No.: 17-cv-00108-GPC-MDD, 2017 U.S. Dist. LEXIS 185481, at *36 (S.D. Cal. Nov. 8, 2017) (rejecting contention that discussion of an entire portfolio, without identifying the specific patents-in-suit, gave rise to subject matter jurisdiction); (11) There is no identified product with which VoIP-Pal would be familiar. *See Cepheid*, 2013 U.S. Dist. LEXIS 7446, at *10; *Prasco*, 537 F.3d at 1334; and (12)-(13) No time has transpired after VoIP-Pal asserted infringement of the '606 patent, as VoIP-Pal has made no such assertion against Twitter, and aside from communications between Twitter and VoIP-Pal related to other lawsuits, there are no communications from Twitter to VoIP-Pal that would appear to attempt to create a controversy in anticipation of filing this lawsuit. *See Cepheid*, 2013 U.S. Dist. LEXIS 7446, at *10; *Innovative Therapies*, 599 F.3d at 1380, *cert. denied*, 131 S. Ct. 424 (U.S. 2010).

Here, the face of the Twitter complaint indicates that there has not been a specific, substantive threat from VoIP-Pal to Twitter about the '606 patent, and there can be neither a genuine concern nor an actual case or controversy under Article III and for the purposes of Fed. R. Civ. P. 12(b)(1). *See, e.g.*, *Applera*, 594 F. Supp. 2d at 160 (finding no subject matter jurisdiction in a declarative judgment action even where the patent holder had sent a letter to the defendant mentioning a dispute over the patent in question). The only evidence of an alleged affirmative act that Twitter points to is a VoIP-Pal press release regarding the outcome of the appeal of Case No. 5:18-cv-04523. *See* Case No.

5:20-cv-02397-LHK, Dkt. No. 29, ¶34. The press release, however, did not mention Twitter, did not identify any Twitter products or services that infringe the '606 patent, did not provide Twitter any infringement analysis of the '606 patent, and did not threaten Twitter, or any entity, with litigation. *Id.*; Dkt. No. 29-9. In fact, the portion of the press release that Twitter cites in its Motion is plainly referring to moves that VoIP-Pal intended to take with respect to the appeal in this case, not Twitter: "Our legal team is assessing our next moves *regarding this Alice decision* and we expect to announce our intentions soon." *Id.* (emphasis added). That move became evident on April 15, 2020, when Twitter filed its Combined Petition for Panel Rehearing and Rehearing *En Banc*. *See VoIP-Pal.com v. Twitter, Inc.*, Case No. 19-1808, Dkt. No. 89. The Federal Circuit has held that a declaratory judgment plaintiff must allege an affirmative act by the patentee relating to the enforcement of his patent rights. *See 3M Co. v. Avery Dennison Corp.*, 673 F.3d 1372, 1377 (Fed. Cir. 2012). Under the circumstances of the Twitter case, Twitter cannot show that VoIP-Pal took affirmative steps to enforce the '606 patent against Twitter such that a concrete case or controversy exists between the parties. Thus, there is no subject matter jurisdiction over Twitter's claims related to the '606 patent and they should be dismissed.

### B. This Court Should Dismiss This Case For Lack Of Personal Jurisdiction.

#### 1. Legal standard

This case should also be dismissed because this Court does not have personal jurisdiction over VoIP-Pal. Federal Rule of Civil Procedure 12(b)(2) authorizes a defendant to seek dismissal of an action for lack of personal jurisdiction. *See* Fed. R. Civ. P. 12(b)(2). Faced with a challenge to a court's personal jurisdiction over a defendant, the plaintiff bears the burden of establishing that jurisdiction is proper. *See Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015). When no federal statute governs personal jurisdiction, a district court applies the long-arm statute of the state in which it sits. *See id*. California's long-arm statute permits a court to exercise personal jurisdiction consistent with constitutional due process. *See* Cal. Code Civ. P. § 410.10. Due process, in turn, requires that a non-resident defendant have minimum contacts with the forum "such that the

maintenance of the suit does not offend traditional notions of fair play and substantial justice." *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal citations and quotation marks omitted). Minimum contacts may be satisfied in two ways: general jurisdiction or specific jurisdiction. General jurisdiction applies where a nonresident defendant's "affiliations with the State are so 'continuous and systematic' as to render it essentially at home in the forum state." *See Daimler AG v. Bauman*, 134 S. Ct. 746, 761 (2014) (internal citations and quotation marks omitted). In contrast, specific jurisdiction exists when the defendant's contacts with the forum state are more limited, but the plaintiff's claims arise out of or relate to those contacts. *Id.* at 754.

In a declaratory judgment action for patent infringement or non-infringement and validity or invalidity, "The relevant inquiry for specific personal jurisdiction purposes then becomes to what extent has the defendant patentee 'purposefully directed [such enforcement activities] at residents of the forum,' and the extent to which the declaratory judgment claim 'arises out of or relates to those activities.'" *See Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1332 (Fed. Cir. 2009) (quoting *Breckenridge Pharm., Inc. v. Metabolite Labs, Inc.*, 444 F.3d 1356, 1362 (Fed. Cir. 2006)). In other words, the relevant inquiry is whether the declaratory judgment claim "arises out of or relates to the activities of the defendant patentee in enforcing the patent or patents in suit" in this District. *Id.* at 1332; *see also Radio Sys. Corp. v. Accession, Inc.*, 638 F.3d 785, 789 (Fed. Cir. 2011) ("[O]nly those activities of the patentee that relate to the enforcement or defense of *the patent* can give rise to specific personal jurisdiction for such an action.") (emphases added); *Petzilla, Inc. v. Anser Innovation LLC*, No. C-14-1354 EMC, 2014 U.S. Dist. LEXIS 134115, at *9 (N.D. Cal. Sep. 23, 2014), *aff'd by Petzilla, Inc. v. Anser Innovation LLC*, 2015 U.S. App. LEXIS 13623 (Fed. Cir., July 28, 2015). A declaratory judgment claim arises out of the patentee's contacts with the forum state only if those contacts "relate in some material way to the enforcement or the defense of the patent." *See Maxchief Invs. Ltd. v. Wok & Pan, Ind., Inc.*, 909 F.3d 1134, 1138 (Fed. Cir. 2018) (quoting *Avocent*, 552 F.3d at 1336).

### 2. The Court lacks personal jurisdiction because VoIP-Pal has never enforced the '606 patent in this District.

Twitter makes no allegation of general jurisdiction here, and so the only question is whether the Court may exercise specific personal jurisdiction. *See* Dkt. No. 29, ¶¶15-17. Twitter alleges that the Court has personal jurisdiction because VoIP-Pal has engaged in "prosecuting a prior patent infringement lawsuit involving the [a different] patent against Twitter in this District," has voluntarily transferred to this District another lawsuit against Twitter, and has "consciously and purposely directed allegations of infringement of the '606 patent at Twitter." *Id.* ¶¶18-19. But Twitter misapprehends the law: specific jurisdiction, in the context of patent declaratory judgment actions, must arise out of or relate to the activities that gave rise to the subject claim. *See, e.g.*, *Breckenridge*, 444 F.3d at 1362. To the extent that Twitter claims that VoIP-Pal purposefully directed allegations of infringement of the '606 patent against Twitter in this District, Twitter is wrong: VoIP-Pal has never accused Twitter of infringing the '606 patent, in this jurisdiction or any other jurisdiction. *See supra* § II.B. Further, litigating other cases against other parties in this District, or even other cases against Twitter in this District, is not enough to establish specific personal jurisdiction in this particular case, as VoIP-Pal has done nothing that might give rise to the subject claims. *See, e.g.*, *Breckenridge*, 444 F.3d at 1362. Although Twitter claims that VoIP-Pal consented to the transfer of a different case from Nevada to this District, and filed other actions in this District, there can be no legitimate claim that VoIP-Pal consented to personal jurisdiction over it and the '606 patent in the instant case. *See* Dkt. No. 29, ¶¶ 24-29. Twitter's assertion of personal jurisdiction fails, and the case should be dismissed for that reason. *See* Fed. R. Civ. P. 12(b)(2); *see, e.g.*, *Autogenomics, Inc. v. Oxford Gene Technology Ltd.*, 566 F.3d 1012, 1024 (Fed. Cir. 2009) (affirming district court decision finding no specific personal jurisdiction in a declaratory judgment action).

### C. This Case Should Be Dismissed For Improper Venue.

Finally, this case should also be dismissed for improper venue. *See* Fed. R. Civ. P. 12(b)(3). Under Federal Circuit and Ninth Circuit law, venue in declaratory judgment actions for patent matters is determined by the general venue statute, 28 U.S.C. § 1391. *See, e.g.*, *Dex Products, Inc. v.*

*Barbara Houghteling*, No. C 05-05126 SI, 2006 U.S. Dist. LEXIS 45237, at *4 (N.D. Cal. June 23, 2006). Twitter asserts that venue is proper in this District only under 28 U.S.C. § 1391(b)(1). Under § 1391(b)(1), venue is proper in any judicial district where the defendant resides. *See* 28 U.S.C. § 1391(b)(1). VoIP-Pal, however, does not reside in this District. Under § 1391(c)(2), an entity resides where it is subject to the court's personal jurisdiction. *See* 28 U.S.C. § 1391(c)(2). As explained above, there is not personal jurisdiction over VoIP-Pal in this case, and so venue is not proper under 28 U.S.C. § 1391(b)(1). As the Federal Circuit has consistently held, contacts from a defendant to a plaintiff in a patent declaratory judgment action must be highly targeted and specific, and none of that took place here. *See, e.g.*, *Maxchief Invs. Ltd. v. Wok & Pan, Ind., Inc.*, 909 F.3d 1134, 1139 (Fed. Cir. 2018). Thus, the case should be dismissed under Fed. R. Civ. P. 12(b)(3) for improper venue.

### IV. CONCLUSION

In conclusion, VoIP-Pal respectfully asks the Court to dismiss Twitter's complaint under Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(3).

Dated: July 10, 2020                     Respectfully submitted,

                                         */s/ Lewis E. Hudnell, III*
                                         Lewis E. Hudnell, III (CASBN 218746)
                                         lewis@hudnelllaw.com
                                         Nicolas S. Gikkas (CASBN 189425)
                                         nick@hudnelllaw.com
                                         HUDNELL LAW GROUP P.C.
                                         800 W. El Camino Real Suite 180
                                         Mountain View, California 94040
                                         T: 650.564.7720
                                         F: 347.772.3034

                                         Attorneys for Defendant
                                         VOIP-PAL.COM, INC.

### CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the forgoing NOTICE OF MOTION AND MOTION TO DIMISS; MEMORANDUM OF POINTS AND AUTHORIRIES via the Court's

CM/ECF system pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5(b)(1) this 10th day of July, 2020.

By: */s/Lewis E. Hudnell, III*
Lewis E. Hudnell, III
Hudnell Law Group P.C.
800 W. El Camino Real Suite 180
Mountain View, California 94040
T: 650.564.3698
F: 347.772.3034
lewis@hudnelllaw.com

11
DEFENDANT VOIP-PAL'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 5:20-CV-02397-LHK