# EXHIBIT 6

Nos. 2020-1241, 2020-1244

IN THE
# United States Court of Appeals
# for the Federal Circuit

VOIP-PAL.COM, INC.,

*Plaintiff-Appellant*,

v.

APPLE, INC.,

*Defendant-Appellee*.

_____

VOIP-PAL.COM, INC.,

*Plaintiff-Appellant*,

v.

AMAZON.COM, INC., AMAZON TECHNOLOGIES, INC.,

*Defendants-Appellees*.

Appeals from the U.S. District Court for the Northern District of California
in Case Nos. 5:18-cv-06216-LHK and 5:18-cv-07020-LHK

**JOINT RESPONSE BRIEF FOR APPELLEES**

| | |
|---|---|
| Mark A. Perry | Daniel T. Shvodian |
| *Principal Attorney* | *Principal Attorney* |
| GIBSON, DUNN & CRUTCHER LLP | PERKINS COIE, LLP |
| 1050 Connecticut Avenue, N.W. | 3150 Porter Drive |
| Washington, D.C. 20036 | Palo Alto, CA 94304 |
| (202) 887-3667 | (650) 838-4300 |
| MPerry@gibsondunn.com | DShvodian@perkinscoie.com |
| | |
| *Counsel for Apple Inc.* | *Counsel for Amazon.com, Inc. and Amazon Technologies, Inc.* |

*Additional Counsel Listed on Inside Cover*

construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). But the Court is not required to "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (quotation omitted).

Subject-matter eligibility under section 101 is a question of law reviewed de novo. *Berkheimer*, 881 F.3d at 1365. Sometimes eligibility may turn on underlying facts, such as whether a claim element or combination is well-understood, routine, and conventional under *Alice* step two. *Id*. at 1368. However, "not every § 101 determination contains genuine disputes over the underlying facts material to the § 101 inquiry." *Id*. Dismissal on section 101 grounds remains appropriate where there are no disputed facts material to patent eligibility. *See, e.g.*, *Interval Licensing LLC v. AOL, Inc.*, 896 F.3d 1335, 1342 n.4 (Fed. Cir. 2018).

## ARGUMENT

The district court correctly determined that all of the asserted claims are directed to patent ineligible subject matter under section 101. Appx9-76. For purposes of analysis, the district court selected four representative claims that require the same basic steps:

    1.    receiving identifiers associated with the caller and/or callee;

22

2. searching a database or memory for information about the caller and/or callee;

3. processing the information of the caller and/or callee;

4. classifying the communication between the caller and callee as a system or external communication; and

5. (a) producing a routing message to establish the communication; or (b) not routing the communication (i.e., producing an error message or blocking the communication).

*See* Appx27-39.

The district court determined that the asserted claims are directed to the abstract "idea of routing a communication based on characteristics of the participants." Appx40. Not coincidentally, the same court had previously determined that the representative claims asserted by VoIP-Pal in the first wave cases are drawn to the same abstract idea. First Wave Order at 21 ("The Court finds that claim 1 of the '815 Patent is directed to the abstract idea of routing a call based on characteristics of the caller and callee"); *id*. at 35 (same for claim 74 of the '005 patent). VoIP-Pal appealed that decision, and specifically challenged the step one determination.

While the First Wave Appeal was pending, the district court issued its dismissal order in the second wave cases. VoIP-Pal appealed that order as well, but made

23

no effort to coordinate the two appeals. Nor did VoIP-Pal identify the cases as "related" in its briefs filed in either appeal—notwithstanding its obligation to identify "any case ... that will directly affect or be directly affected by this court's decision in the pending appeal." Fed. Cir. R. 47.5(b). Indeed, the Second Wave Order expressly identifies the first wave cases as "related" (Appx16); yet, other than a single citation to the First Wave Order (BB45), VoIP-Pal's principal brief in this second wave appeal says nothing about the previous case and does not even note the then-pending appeal.

The two appeals are obviously related: they were brought by the same patentee, asserting claims from the same family of patents with nearly identical specifications and similar issued claims, against (in the case of Apple) the same defendant; they were resolved by the same district court on the same ground; and VoIP-Pal's arguments are similar, and in many instances identical, in each appeal. VoIP-Pal, however, does not even attempt to explain in its principal brief how the claims asserted in this second wave cases are *different* from the claims previously asserted in a way that matters to patent-eligibility, and it should not be permitted to do so for the first time in its reply brief.

The Court has already decided (in the First Wave Appeal) that the representative claims previously selected by VoIP-Pal are not eligible for patenting; accordingly, this Court's inquiry should be what, if anything, about the claims asserted in

24

these second wave cases could (or should) lead to a *different* outcome under section 101. Appellees respectfully submit that there is no meaningful difference when it comes to eligibility. VoIP-Pal does not contend otherwise in its principal brief; nor has it given this Court any basis on which it could reach a different result here.

Even if this Court were to ignore the previous appeal as assiduously as VoIP-Pal does, the district court correctly determined that the claims asserted in these cases are ineligible—as Appellees explain in the remainder of this brief.

## I. The District Court Correctly Concluded That The Asserted Claims Are Not Patent Eligible

Under the established framework for patent-eligibility, the Court "must first determine whether the claims at issue are directed to a patent-ineligible concept," such as an abstract idea. *Alice*, 573 U.S. at 218. This Court has described the step one inquiry "as looking at the 'focus' of the claims, their 'character as a whole.'" *Elec. Power Grp.,* 830 F.3d at 1353 (quoting *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1335-36 (Fed. Cir. 2016)); *see also Internet Patents Corp. v. Active Network, Inc.*, 790 F.3d 1343, 1346 (Fed. Cir. 2015).

If the claims are directed to an abstract idea, they are ineligible unless the Court finds that the claims recite an "inventive concept" at step two. *Alice*, 573 U.S. at 217. The inventive-concept requirement asks whether the claims contain "significantly more than a patent upon the ineligible concept itself." *Id*. at 218 (emphasis added) (alteration and quotation omitted).

25