# EXHIBIT 7



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 15/942,282 | 03/30/2018 | Clay Perreault | 4278-001.PCT.US.CON11 | 2064 |

20551        7590        07/17/2018
THORPE NORTH & WESTERN, LLP.
P.O. Box 1219
SANDY, UT 84091-1219

| EXAMINER |
|---|
| ACOLATSE, KODZOVI |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2478 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 07/17/2018 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

patentdocket@tnw.com
rich@tnw.com
annette.fields@tnw.com

PTOL-90A (Rev. 04/07)

| *Office Action Summary* | Application No. 15/942,282 | Applicant(s) PERREAULT ET AL. |
|---|---|---|
| | Examiner KODZOVI ACOLATSE | Art Unit 2478 | AIA (First Inventor to File) Status No |

| -- The MAILING DATE of this communication appears on the cover sheet with the correspondence address -- |
|---|

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE **3** MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.

- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) months from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☒ Responsive to communication(s) filed on *4/2/18*.
   ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____ .
2a) ☐ This action is **FINAL.**   2b) ☒ This action is non-final.
3) ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____ ; the restriction requirement and election have been incorporated into this action.
4) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims***

5) ☒ Claim(s) *1-30* is/are pending in the application.
   5a) Of the above claim(s) _____ is/are withdrawn from consideration.
6) ☐ Claim(s) _____ is/are allowed.
7) ☒ Claim(s) *1-5,7-13,19-21,23-27,29 and 30* is/are rejected.
8) ☒ Claim(s) *6,14-18,22 and 28* is/are objected to.
9) ☐ Claim(s) _____ are subject to restriction and/or election requirement.
* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to PPHfeedback@uspto.gov.

**Application Papers**

10) ☐ The specification is objected to by the Examiner.
11) ☒ The drawing(s) filed on *3/30/18* is/are: a) ☒ accepted or b) ☐ objected to by the Examiner.
   Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
   Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

**Priority under 35 U.S.C. § 119**

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
   **Certified copies:**
   a) ☐ All   b) ☐ Some**  c) ☐ None of the:
   1. ☐ Certified copies of the priority documents have been received.
   2. ☐ Certified copies of the priority documents have been received in Application No. _____ .
   3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
** See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☒ Notice of References Cited (PTO-892)
2) ☐ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b) Paper No(s)/Mail Date _____ .
3) ☐ Interview Summary (PTO-413) Paper No(s)/Mail Date. _____ .
4) ☐ Other: _____ .

Application/Control Number: 15/942,282                                    Page 2
Art Unit: 2478

## DETAILED ACTION

1.      The present application is being examined under the pre-AIA first to invent

provisions.

2.      This is responsive to Application 15/942,282 filed 3/30/18 in which claims 1-30

are presented for examination.

### *Allowable Subject Matter*

3.      **Claims 6, 14-18, 22 and 28** are objected to as being dependent upon a rejected

base claim, but would be allowable if rewritten in independent form including all of the

limitations of the base claim and any intervening claims.

### *Double Patenting*

4.      The nonstatutory double patenting rejection is based on a judicially created

doctrine grounded in public policy (a policy reflected in the statute) so as to prevent the

unjustified or improper timewise extension of the "right to exclude" granted by a patent

and to prevent possible harassment by multiple assignees. A nonstatutory double

patenting rejection is appropriate where the conflicting claims are not identical, but at

least one examined application claim is not patentably distinct from the reference

claim(s) because the examined application claim is either anticipated by, or would have

been obvious over, the reference claim(s). See, e.g., *In re Berg*, 140 F.3d 1428, 46

USPQ2d 1226 (Fed. Cir. 1998); *In re Goodman*, 11 F.3d 1046, 29 USPQ2d 2010 (Fed.

Cir. 1993); *In re Longi*, 759 F.2d 887, 225 USPQ 645 (Fed. Cir. 1985); *In re Van Ornum*,

686 F.2d 937, 214 USPQ 761 (CCPA 1982); *In re Vogel*, 422 F.2d 438, 164 USPQ 619

(CCPA 1970); *In re Thorington*, 418 F.2d 528, 163 USPQ 644 (CCPA 1969).

A timely filed terminal disclaimer in compliance with 37 CFR 1.321(c) or 1.321(d)

may be used to overcome an actual or provisional rejection based on nonstatutory

double patenting provided the reference application or patent either is shown to be

commonly owned with the examined application, or claims an invention made as a

result of activities undertaken within the scope of a joint research agreement. See

MPEP § 717.02 for applications subject to examination under the first inventor to file

provisions of the AIA as explained in MPEP § 2159.  See MPEP §§ 706.02(l)(1) -

706.02(l)(3) for applications not subject to examination under the first inventor to file

provisions of the AIA. A terminal disclaimer must be signed in compliance with 37 CFR

1.321(b).

The USPTO Internet website contains terminal disclaimer forms which may be

used. Please visit www.uspto.gov/patent/patents-forms. The filing date of the application

in which the form is filed determines what form (e.g., PTO/SB/25, PTO/SB/26,

PTO/AIA/25, or PTO/AIA/26) should be used. A web-based eTerminal Disclaimer may

be filled out completely online using web-screens. An eTerminal Disclaimer that meets

all requirements is auto-processed and approved immediately upon submission. For

more information about eTerminal Disclaimers, refer to

www.uspto.gov/patents/process/file/efs/guidance/eTD-info-I.jsp.

Application/Control Number: 15/942,282                                   Page 4
Art Unit: 2478

5.      **Claims 1, 21 and 30** are rejected on the ground of nonstatutory double patenting

as being unpatentable over **claims 1, 17 and 30** of U.S. Patent No. 9,948,549 B2 in

view of  *Turner et al (US 2007/0121590 A1).* See Table below.

| Current Application 15/942282 | Patent  9,948,549 B2 |
|---|---|
| Claim 1 | Claim 1 |
| Claim 21 | Claim 17 |
| Claim 30 | Claim 30 |

**Patent 9,948,549 B2** does not explicitly disclose processing the new second participant

identifier, using at least one processor, to determine whether the second network

element is the same as the first network element.

Turner teaches processing the new second participant identifier, using at least

one processor, to determine whether the second network element is the same as the

first network element (*Turner: Figs. 1 and 4A:4C; [0050]-[0055]; [0061], comparing

users A and B identifiers to determine if they belong to the same gateway or not*).

It would have been obvious to a person having an ordinary skill in the art at the time of

the invention to modify the system of 9,948,549 B2 by processing the new second

participant identifier, using at least one processor, to determine whether the second

network element is the same as the first network element as disclosed by Turner in

order tom provide a system for providing call management services in a virtual private

network using voice or video over internet protocol (Turner: Abstract).

Application/Control Number: 15/942,282                                    Page 5
Art Unit: 2478

6.    **Claims 1, 7 and 21** are rejected on the ground of nonstatutory double patenting

as being unpatentable over **claims 1, 12 and 26** of U.S. Patent No. 9,826,002 B2.

Although the claims at issue are not identical, they are not patentably distinct from each

other. See Table below.

| Current Application 15/942,282 | Patent 9,826,002 B2 |
|---|---|
| Claim 1 | Claim 1 |
| Claim 7 | Claim 26 |
| Claim 21 | Claim 12 |

## Claim Rejections - 35 USC § 102

7.    The following is a quotation of the appropriate paragraphs of pre-AIA 35 U.S.C.

102 that form the basis for the rejections under this section made in this Office action:

> A person shall be entitled to a patent unless –
>
> (e) the invention was described in (1) an application for patent, published under section 122(b), by another filed in the United States before the invention by the applicant for patent or (2) a patent granted on an application for patent by another filed in the United States before the invention by the applicant for patent, except that an international application filed under the treaty defined in section 351(a) shall have the effects for purposes of this subsection of an application filed in the United States only if the international application designated the United States and was published under Article 21(2) of such treaty in the English language.

8.    **Claims 1-5, 7-13, 20, 21, 23, 25-27, 29 and 30** are rejected under pre-AIA 35

U.S.C. 102(e) as being anticipated by ***Turner et al (US 2007/0121590 A1)***.

**Regarding claim 1**, Turner teaches a method for routing communications in a packet

switched communication system between a first participant device associated with a

first participant and a second participant device associated with a second participant,

the first and second participant devices being associated with first and second network

elements of the communication system, respectively, the method comprising:

receiving, by at least one processor, a second participant identifier associated

with the second participant device, in response to initiation of a communication from the

first participant device to the second participant device, the first participant device being

associated with a first participant identifier; causing the at least one processor to access

at least one memory storing a first participant profile identifying at least one first

participant attribute (***Turner: Fig. 1 and 4A; [0049]-[0051], Figs. 1 and 4A:162;
[0049]-[0051], gateway X receives call request from user A/first participant via the
endpoint (EP) 40; EP is an internet protocol device, the request is from user A
identified by CA (2001) to reach user B/second participant identified by CA (2002);
the gateway X accesses directory server (database) to get users' preferences and
privileges (profile)***);

processing the second participant identifier and the at least one first participant

attribute, using the at least one processor, to produce a new second participant

identifier (***Fig. 2B and 3, [0040]-[0043], performing translation between CA and NA***);

processing the new second participant identifier, using the at least one

processor, to determine whether the second network element is the same as the first

network element (***Turner: Figs. 1 and 4A:4C; [0050]-[0055]; [0061], comparing users
A and B identifiers to determine if they belong to the same gateway or not***);

Application/Control Number: 15/942,282                                          Page 7
Art Unit: 2478

when the second network element is determined to be the same as the first

network element, producing a routing message identifying a first network address

associated with the first network element, using the at least one processor (*Turner:*

***Figs. 1, 4A-4B; [0049]-[0054] if communication is internal, translate to IP address***

***(Fig. 4B:186) and communication with user B (Fig. 4B:190)***); and

when the second network element is determined not to be the same as the first

network element, producing a routing message identifying a second network address

associated with the second network element, using the at least one processor (*Turner:*

***Figs. 1, Fig. 4A, 5A-5C, [0055], if call is external route call to gateway Y via IP***

***communication, see Fig. 5A:202; gateway X and gateway Y connected via the***

***PSTN/circuit switched network***).


<u>Regarding claim 21</u>, Turner teaches an apparatus for routing communications in an

Internet Protocol (IP) based communication system between a first participant device

associated with a first participant and a second participant device associated with a

second participant, the communication system comprising a plurality of network

elements, the first participant device being associated with a first network element and

the second participant device being associated with a second network element of the

communication system, the apparatus comprising:

a controller comprising at least one processor in communication with at least one

memory storing processor readable instructions, the at least one processor being

operably configured by the processor readable instructions to: in response to initiation of

Application/Control Number: 15/942,282                                   Page 8
Art Unit: 2478

a communication to the second participant device, receive a second participant identifier; access at least one first participant profile in the at least one memory to locate at least one first participant attribute associated with the first participant (*Turner: Fig. 1 and 4A; [0049]-[0051], Figs. 1 and 4A:162; [0049]-[0051], gateway X receives call request from user A/first participant via the endpoint (EP) 40; EP is an internet protocol device, the request is from user A identified by CA (2001) to reach user B/second participant identified by CA (2002); the gateway X accesses directory server (database) to get users' preferences and privileges (profile)*);

process the second participant identifier and the at least one first participant attribute to produce a new second participant identifier (*Fig. 2B and 3, [0040]-[0043], performing translation between CA and NA*);

process the new second participant identifier to determine whether the second network element is the same as the first network element (*Turner: Figs. 1 and 4A:4C; [0050]-[0055]; [0061], comparing users A and B identifiers to determine if they belong to the same gateway or not*);

when the second network element is determined to be the same as the first network element, produce a routing message identifying a first Internet Protocol (IP) network address associated with the first network element (*Turner: Figs. 1, 4A-4B; [0049]-[0054] if communication is internal, translate to IP address (Fig. 4B:186) and communication with user B (Fig. 4B:190)*); and

when the second network element is determined to be not the same as the first network element, produce a routing message identifying a second Internet Protocol (IP)

Application/Control Number: 15/942,282                                          Page 9
Art Unit: 2478

network address associated with the second network element (***Turner: Figs. 1, Fig. 4A,
5A-5C, [0055], if call is external route call to gateway Y via IP communication, see
Fig. 5A:202; gateway X and gateway Y connected via the PSTN/circuit switched
network***); and

      causing the communication to be established to a destination communication
device using one of the first network element and the second network element (***Turner:
Figs. 1, Fig. 4A, 5A-5C, [0055], communication with destination using gateway X
or gateway Y***).


<u>Regarding claim 2</u>, Turner teaches wherein processing the new second participant
identifier comprises comparing at least a portion of the second participant identifier with
an identifier associated with the first network element (***Turner: Figs. 1 and 4A:4C;
[0050]-[0055]; [0061], comparing users A and B identifiers to determine if they
belong to the same gateway or not***).


<u>Regarding claim 3</u>, Turner teaches processing a user-specific attribute associated with
the first participant profile, using the at least one processor, to determine whether the
communication is allowed to proceed (***Turner: [0046]; [0051], determining whether
call is permitted/blocked or not***).


<u>Regarding claim 4</u>, Turner teaches causing the at least one processor to access a
database to locate communication forwarding information associated with the second

Application/Control Number: 15/942,282                                      Page 10
Art Unit: 2478

participant; and processing the communication forwarding information, using the at least

one processor, to determine whether the forwarding information identifies a

communication device associated with a node that is the same as the first network

element (**Turner: Figs. 1 and 4A:4C; [0049]-[0055]; [0061], comparing users A and**

**B identifiers to determine if they belong to the same gateway or not**).


<u>Regarding claim 5</u>, Turner teaches wherein the communication forwarding information

associated with the second participant comprises a plurality of communication

destination identifiers (**Turner: Figs. 1 and 4A:162; [0049]-[0051]; gateway access**

**directory server/database to get user's preferences and privileges**

**(progfiles)/identifiers**).


<u>Regarding claim 7</u>, Turner teaches wherein processing the second participant identifier

further comprises: causing the at least one processor to access a database to locate

communication blocking information associated with the second participant (**Turner:**

**[0046] and [0051]; determining whether call is permitted/blocked or not based on**

**identifiers and profiloes of the calling and called devices**).


<u>Regarding claim 8</u>, Turner teaches updating a database to cause at least one user-

specific first participant attribute to be modified, wherein the second participant identifier

identifies a device on the public switched telephone network (PSTN) (**Turner: Figs. 1,**

**Fig. 4A, 5A-5C, [0055], if call is external route call to gateway Y via IP**

Application/Control Number: 15/942,282                                    Page 11
Art Unit: 2478

*communication, see Fig. 5A:202; gateway X and gateway Y connected via the*

*PSTN/circuit switched network; performing translation between CA and NA*

*(updating), see [0040]-[0043]*}.

Regarding claim 9, Turner teaches wherein processing the new second participant

identifier comprises determining whether a location associated with the first participant

device is the same as a location associated with the new second participant identifier

{*Turner: Figs. 1 and 4A:4C; [0050]-[0054]; [0061], comparing users A and B*

*identifiers to determine if they belong to the same gateway or not, classifying the*

*communication as internal/system communication (intra-gateway, [0049]) or*

*external/external network communication (inter-gateway, [0055]])*}.

Regarding claim 10, Turner teaches wherein the new second participant identifier is

associated with a second participant profile identifying a domain name or IP address of

a communication system node comprising the second network element (*Figs. 1 and*

*4A:162 [0049]-[0051], gateway access directory server/database to get users'*

*preferences and privileges (profiles) and performing translation between CA and*

*NA, performing translation between CA and NA*).

Regarding claim 11, Turner teaches wherein processing the second participant

identifier comprises locating the new second participant identifier in a database based

on the second participant identifier (*Figs. 1 and 4A:162 [0049]-[0051], gateway*

*access directory server/database to get users' preferences and privileges*

*(profiles) and performing translation between CA and NA, performing translation*

*between CA and NA*).


Regarding claim 12, Turner teaches locating the second network address associated

with the second network element in a database based on the second participant

identifier (***Figs. 1 and 4A:162 [0049]-[0051], gateway access directory***

***server/database to get users' preferences and privileges (profiles) and performing***

***translation between CA and NA, performing translation between CA and NA***).


Regarding claim 13, Turner teaches wherein processing the second participant

identifier comprises modifying the second participant identifier based on the first

participant profile (***Fig. 2B and 3, [0040]-[0043], performing translation between CA***

***and NA***).


Regarding claim 23, Turner teaches wherein the at least one processor is further

operably configured to cause the communication to be established to the destination

communication device: (a) using the first IP network address, if the second network

element is determined to be the same as the first network element (***Turner: Figs. 1,***

***4A-4B; [0049]-[0054] if communication is internal, translate to IP address (Fig.***

***4B:186) and communication with user B (Fig. 4B:190)***)); and (b) using the second IP

network address, if the second network element is determined to be not the same as

Application/Control Number: 15/942,282                                    Page 13
Art Unit: 2478

the first network element (*Turner:* **Figs. 1, Fig. 4A, 5A-5C, [0055], if call is external**
**route call to gateway Y via IP communication, see Fig. 5A:202; gateway X and**
**gateway Y connected via the PSTN/circuit switched network**).


<u>Regarding claim 25</u>, Turner teaches wherein the at least one processor is further
operably configured to: (a) process an attribute associated with the first participant
profile to determine whether the communication is allowed to proceed; and (b) if the
communication is allowed to proceed, cause at least one attribute associated with the
first participant profile to be modified (*Turner: [0046]; [0051], **determining whether**
**call is permitted/blocked or not**).


<u>Regarding claim 26</u>, Turner teaches wherein the at least one processor is further
operably configured to cause a routing message identifying a gateway to a public
network to be produced, to cause at least one communication to be routed through the
gateway over the public network (*Turner:* **Figs. 1, Fig. 4A, 5A-5C, [0055], if call is**
**external route call to gateway Y via IP communication, see Fig. 5A:202; gateway X**
**and gateway Y connected via the PSTN/circuit switched network**).


<u>Regarding claim 27</u>, Turner teaches wherein the at least one processor is further
operably configured to determine a network element with which the second participant
device is associated based on a geographical area associated with the second
participant identifier and to identify the network element with which the second

Application/Control Number: 15/942,282                                    Page 14
Art Unit: 2478

participant device is associated in the routing message (*Turner: Figs. 1, Fig. 4A, 5A-5C, [0055], if call is external route call to gateway Y via IP communication, see Fig. 5A:202; gateway X and gateway Y connected via the PSTN/circuit switched network*).

Regarding claim 29. Turner teaches wherein the at least one processor is further operably configured to cause a message to be sent through at least one Internet-connected server to an IP address of the second participant device (*Turner: Figs. 1, Fig. 4A, 5A-5C, [0055], if call is external route call to gateway Y via IP communication, see Fig. 5A:202; gateway X and gateway Y connected via the PSTN/circuit switched network*).

Regarding claim 30. Turner teaches a non-transitory computer readable medium storing instructions for directing the at least one processor to execute the method of claim 1 (*See rejection of claim 1*).

## Claim Rejections - 35 USC § 103

9.       The following is a quotation of pre-AIA 35 U.S.C. 103(a) which forms the basis for all obviousness rejections set forth in this Office action:

(a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

10.     **Claims 19, 20 and 24** are rejected under pre-AIA 35 U.S.C. 103(a) as being

unpatentable over **Turner et al (US 2007/0121590 A1)** in view of **Westphal (US**

**2004/0202160 A1**).


**Regarding claim 19**, Turner teaches a method for routing communications in an

Internet Protocol (IP) based communication system between a first participant device

associated with a first participant and a second participant device associated with a

second participant, the first and second participant devices being associated with

first and second network elements of the communication system, respectively, first and

second network elements being operably configured to provide communication services

to users associated with first and second geographical areas, respectively, the method

comprising:

        receiving, by at least one processor, a second participant identifier associated

with the second participant device, in response to initiation of a communication from the

first participant device to the second participant device, the first participant device being

associated with a first participant identifier; causing the at least one processor to access

at least one memory storing a first participant profile identifying at least one first

participant attribute (**Turner: Fig. 1 and 4A; [0049]-[0051]**, **Figs. 1 and 4A:162;**

**[0049]-[0051], gateway X receives call request from user A/first participant via the**

**endpoint (EP) 40; EP is an internet protocol device, the request is from user A**

**identified by CA (2001) to reach user B/second participant identified by CA (2002);**

**the gateway X accesses directory server (database) to get users' preferences and**

**privileges (profile)**);

processing the second participant identifier and the at least one first participant

attribute, using the at least one processor, to produce a new second participant

identifier (**Fig. 2B and 3, [0040]-[0043], performing translation between CA and NA**);

processing the new second participant identifier, using the at least one

processor, to determine whether the second network element is the same as the first

network element (**Turner: Figs. 1 and 4A:4C; [0050]-[0055]; [0061], comparing users**

**A and B identifiers to determine if they belong to the same gateway or not**);

when the second network element is determined to be the same as the first

network element, producing a routing message identifying a first network address

associated with the first network element, using the at least one processor (**Turner:**

**Figs. 1, 4A-4B; [0049]-[0054] if communication is internal, translate to IP address**

**(Fig. 4B:186) and communication with user B (Fig. 4B:190)**); and

when the second network element is determined not to be the same as the first

network element, producing a routing message identifying a second network address

associated with the second network element, using the at least one processor (**Turner:**

**Figs. 1, Fig. 4A, 5A-5C, [0055], if call is external route call to gateway Y via IP**

**communication, see Fig. 5A:202; gateway X and gateway Y connected via the**

**PSTN/circuit switched network**).

Turner does not explicitly disclose wherein at least one network node is provided

in geographical proximity to at least one of the first and second network elements to

provide load sharing of the communication services provided to users associated with at least one of the first and second geographical areas.

Westphal teaches wherein at least one network node is provided in geographical proximity to at least one of the first and second network elements to provide load sharing of the communication services provided to users associated with at least one of the first and second geographical areas (***Westphal: Figs. 1 and 3; [0025]***).

It would have been obvious to a person having an ordinary skill in the art at the time of the invention to modify the system of Turner wherein at least one network node is provided in geographical proximity to at least one of the first and second network elements to provide load sharing of the communication services provided to users associated with at least one of the first and second geographical areas as disclosed by Westphal in order to provide a system fir using mobile routing tunneling protocol to locate functionality in a distributed architecture (Westphal: Abstract).

**Regarding claim 20**, Turner teaches wherein the communication system comprises a database for storing user profiles including the first participant profile, each user profile identifying a respective address associated with a 62 network element at which the respective user of the communication system is registered to access communication services (***Turner: Fig. 1; [0040]-0050], network comprising gateways (network elements) and gateways accessing directory servers (databases) to communicate with each other***).

Application/Control Number: 15/942,282                                      Page 18
Art Unit: 2478

**Regarding claim 24**, Turner in view of Westphal teaches (a) wherein the
communication system comprises a plurality of nodes including at least a first
communication node and a second communication node in communication with each
other, the first and second communication nodes comprising the first and second
network elements, respectively; (b) wherein the first and second communication nodes
are operably configured to provide communications services to communication devices
associated with first and second geographical areas, respectively; and (c) wherein at
least one communication node is provided in geographical proximity to at least one of
the first and second communication nodes to provide load sharing of the communication
services provided by the at least one of the first and second communication nodes
(*Westphal: Figs. 1 and 3; [0025]*).

### Conclusion

Any inquiry concerning this communication or earlier communications from the
examiner should be directed to KODZOVI ACOLATSE whose telephone number is
(571)270-1999.  The examiner can normally be reached on Monday- Friday 9:30a.m-
6:00p.m ET.

Examiner interviews are available via telephone, in-person, and video
conferencing using a USPTO supplied web-based collaboration tool. To schedule an
interview, applicant is encouraged to use the USPTO Automated Interview Request
(AIR) at http://www.uspto.gov/interviewpractice.

Application/Control Number: 15/942,282                                    Page 19
Art Unit: 2478

    If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Derrick Ferris can be reached on 571-272-3123.  The fax phone number for

the organization where this application or proceeding is assigned is 571-273-8300.

    Information regarding the status of an application may be obtained from the

Patent Application Information Retrieval (PAIR) system.  Status information for

published applications may be obtained from either Private PAIR or Public PAIR.

Status information for unpublished applications is available through Private PAIR only.

For more information about the PAIR system, see http://pair-direct.uspto.gov. Should

you have questions on access to the Private PAIR system, contact the Electronic

Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a

USPTO Customer Service Representative or access to the automated information

system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.


/KODZOVI ACOLATSE/
Primary Examiner, Art Unit 2478

| | | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|---|
| **Notice of References Cited** | | 15/942,282 | PERREAULT ET AL. |
| | | Examiner | Art Unit | |
| | | KODZOVI ACOLATSE | 2478 | Page 1 of 1 |

**U.S. PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Name | CPC Classification | US Classification |
|---|---|---|---|---|---|---|
| * | A | US-2007/0121590 A1 | 05-2007 | Turner; George W. | H04L12/66 | 370/352 |
| * | B | US-2002/0150080 A1 | 10-2002 | Bhattacharya, Saswata | H04L29/06027 | 370/351 |
| * | C | US-2007/0121602 A1 | 05-2007 | SIN; Sam K. | H04L12/6418 | 370/356 |
| * | D | US-7,477,843 B1 | 01-2009 | Peeters; Bram | H04Q11/0062 | 398/49 |
| * | E | US-2006/0195584 A1 | 08-2006 | Baumann; Thomas | H04M3/54 | 709/227 |
| * | F | US-2004/0202160 A1 | 10-2004 | Westphal, Cedric | H04L12/4633 | 370/389 |
| | G | US- | | | | |
| | H | US- | | | | |
| | I | US- | | | | |
| | J | US- | | | | |
| | K | US- | | | | |
| | L | US- | | | | |
| | M | US- | | | | |

**FOREIGN PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Country | Name | CPC Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

**NON-PATENT DOCUMENTS**

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.