IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| VOIP-PAL.COM, INC., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | CIVIL ACTION NO. 6:20-cv-00269-ADA |

**VOIP-PAL'S RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF GOOGLE LLC'S UPDATED MOTION TO TRANSFER**

Plaintiff VoIP-Pal.com, Inc., ("VoIP-Pal") respectfully submits this response to the Notice of Supplemental Authority in Support of Google LLC's Updated Motion to Transfer. *See* Dkt. No. 94. Google LLC ("Google") has a pending motion to transfer before the Court. *See* Dkt. No. 62. The case that Google brings to the Court's attention by way of its Notice is styled *In re: Google LLC*, Case No. 2022-140, 2022 WL 1613192 (Fed. Cir. May 23, 2022).

While Google informs the Court that *In re Google LLC* is non-precedential, Google fails to inform the Court of the implication of a Federal Circuit case designated as non-precedential. A nonprecedential opinion or order is "one determined by the panel issuing it as not adding significantly to the body of law." Federal Circuit Rule 32.1(b), U.S. Court of Appeals for the Federal Circuit, Rules of Practice (December 1, 2021). Therefore, while *In re Google LLC* may be controlling for the specific case in which it was decided, it is certainly not controlling authority in the pending action involving VoIP-Pal.

In addition, the facts in the instant action are distinguishable from *In re Google LLC*, including, but certainly not limited to, the fact that VoIP-Pal, unlike the plaintiff in *In re Google* LLC, identified a

1

party witness who works in the District (Dkt. No. 76 at 11), VoIP-Pal identified relevant third-party witnesses within the subpoena power of the Court (*Id.* at 8), Google failed to provide any specific information on the volume or location of its documents (*Id.* at 6), Google stacked the transfer analysis by cherry picking prior art (*Id.* at 6-7), and Google failed to establish that it designed and developed the Accused Instrumentality in the Northern District of California (*Id.* at 8-11). Further, *In re Google* concerned a transfer from the Eastern District of Texas, where Google has little if any presence, as opposed to a transfer from this District, where Google has a significant presence (*Id.* at 13-14). Accordingly, contrary to what Google claims, *In re Google* is not instructive for the purposes of deciding Google' Motion to Transfer.


Dated: May 27, 2022                     Respectfully submitted,


                                        By: /s/*Lewis E. Hudnell, III*
                                        Lewis E. Hudnell, III
                                        lewis@hudnelllaw.com
                                        Nicolas S. Gikkas
                                        nick@gikkaslaw.com
                                        Hudnell Law Group P.C.
                                        800 W. El Camino Real Suite 180
                                        Mountain View, California 94040
                                        T: 650.564.3698
                                        F: 347.772.3034

                                        **ATTORNEYS FOR PLAINTIFF**
                                        **VOIP-PAL.COM, INC.**

**CERTIFICATE OF SERVICE**

The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the forgoing VOIP-PAL'S RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF GOOGLE LLC'S UPDATED MOTION TO TRANSFER via the Court's CM/ECF system pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5(b)(1) this 27th day of May, 2022.

By: */s/Lewis E. Hudnell, III*
Lewis E. Hudnell, III